# United States District Court
# District of Utah

**D. Mark Jones**
Clerk of Court

**Louise S. York**
Chief Deputy Clerk

August 7, 2008

USDC, So District CA
Mr. Sam Hamrick, Clerk of Court
880 Front Street, Suite 4290
San Diego, CA 92101

'08 CV 1471 BTM BLM

FILED
AUG 12 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

RE: 1:06-CV-00129 TC
Rose v Winter
Change of Venue from Utah to So District CA

Dear Clerk:

An Order has been signed on 8/7/08 by the Honorable Tena Campbell transferring this case to the So District CA.

Documents not accessible via PACER are forwarded with this letter. All other documents may be accessed through our CM./ECF system https://ecf.utd.uscourts.gov/. If you do not have a Court PACER login and password, please contact Robert Janzen at 801-524-6105.

Please acknowledge receipt of these documents by signing a copy of this letter and returning it in the self-addressed envelope.

Sincerely,
D. Mark Jones, Clerk

By: /s/Aimee Trujillo
Aimee Trujillo

Enclosures
cc: Counsel of Record

**ACKNOWLEDGMENT OF RECEIPT:**

**Received by:** ______________________ **Date:** ____________________________

FILED
U.S. DISTRICT COURT

2008 AUG -7 A 10: 37

DISTRICT OF UTAH

BY: DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR G. ROSE, Plaintiff, vs. DONALD WINTER, Secretary, Department of the Navy, Defendant. | '08 CV 1471 BTM BLM<br>ORDER ADOPTING REPORT AND RECOMMENDATION<br>Case No. 1:06 CV 129 TC |

Before the court is Defendant's motion to dismiss this action for improper venue or alternatively, transfer this case to the proper judicial district.. The court referred this case to Magistrate Judge David O. Nuffer pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). On July 17, 2008, Judge Nuffer issued his report and recommendation recommending transfer of the case to the Southern District of California on the basis that all allegations contained in the Plaintiff's complaint took place while Plaintiff was employed by the Department of the Navy in San Diego, California.

The parties were given ten days to file objections to the Report and Recommendation and were cautioned that failure to file an objection could constitute waiver thereof upon subsequent review. No objections were filed.

The court, after thorough review of the Report and Recommendation, agrees that Judge

Nuffer's conclusions are correct in all respects, and hereby adopts the United States Magistrate Judge's Report and Recommendation as the order of the court. The clerk of the court is ordered to transfer this case to the Southern District of California.

DATED this 7th day of August, 2008.

BY THE COURT:

Tena Campbell

TENA CAMPBELL
Chief Judge

CLOSED, PROSE

**Electronic Case Filing System**
**District of Utah (Northern)**
**CIVIL DOCKET FOR CASE #: 1:06-cv-00129-TC**
**Internal Use Only**

Rose v. Winter
Assigned to: Judge Tena Campbell
Demand: $140,000
Cause: 42:1983 Civil Rights (Employment Discrimination)

Date Filed: 10/05/2006
Date Terminated: 08/07/2008
Jury Demand: None
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Arthur Rose**

represented by **Arthur Rose**
1884 E 7700 S
S WEBER, UT 84405
PRO SE

V.

**Defendant**

**Donald C. Winter**
*Secretary, Department of Navy and acting in his individual capacity acting within the course and scope of his authority at NAS Miramar San Diego (Marine Corps Air Station Miramar)*

represented by **Maggie H. Abuhaidar**
US ATTORNEY'S OFFICE (UT)
SALT LAKE CITY, UT 00000
(801)524-5682
Email: maggie.abuhaidar@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/05/2006 | 1 | COMPLAINT against Donald C. Winter (Filing fee $ 350, receipt number 4681013957), filed by Arthur Rose. Assigned to Judge J. Thomas Greene (rlr, ) (Entered: 10/05/2006) |
| 10/05/2006 | 2 | MOTION to Appoint Counsel filed by Plaintiff Arthur Rose. (rlr, ) (Entered: 10/05/2006) |
| 10/05/2006 | 3 | MOTION for Service of Process. Summons to be served on: all Defendants filed by Plaintiff Arthur Rose. (rlr, ) (Entered: 10/05/2006) |

| | | |
|---|---|---|
| 10/11/2006 | 4 | ORDER OF RECUSAL Judge J. Thomas Greene recused. Case reassigned to Judge Tena Campbell for all further proceedings. Signed by Judge J. Thomas Greene on 10/10/06. (asp, ) (Entered: 10/11/2006) |
| 10/13/2006 | 5 | ORDER REFERRING CASE to Magistrate Judge David Nuffer under 28:636 (b)(1)(B), Magistrate to handle case up to and including R&R on all dispositive matters. Signed by Judge Tena Campbell on 10/13/06 (alt) (Entered: 10/13/2006) |
| 10/18/2006 | 6 | ORDER denying 3 Motion for Service of Process, denying 2 Motion to Appoint Counsel. Signed by Judge David Nuffer on 10/18/06 (alt) (Entered: 10/18/2006) |
| 01/11/2007 | 7 | DOCUMENTS LODGED consisting of misc. papers submitted by plaintiff (alt) (Entered: 01/11/2007) |
| 09/27/2007 | 8 | ORDER TO SHOW CAUSE. Plaintiff is to show cause why this case should not be dismissed for failure to prosecute on or before 10/30/07. Failure to file a timely response will result in dismissal of the case. Signed by Judge David Nuffer on 9/27/07 (alt) (Entered: 09/27/2007) |
| 10/01/2007 | 9 | RESPONSE TO ORDER TO SHOW CAUSE re: 8 Order to Show Cause, filed by Plaintiff Arthur Rose (alt) (Entered: 10/01/2007) |
| 10/09/2007 | 10 | MEMORANDUM DECISION AND ORDER: Plaintiff must effect service of process pursuant to Rule 4(I) of the Federal Rules of Civil Procedure on or before 12/7/07, and must file proof of service of process on or before 12/21/07. If Plaintiff does not comply with this order, the court will dismiss the case for failure to prosecute. Signed by Judge David Nuffer on 10/5/07 (alt) (Entered: 10/09/2007) |
| 10/29/2007 | 11 | DOCUMENTS LODGED consisting of: proof of mailing of summons (no proof of receipt included) (alt) (Entered: 10/30/2007) |
| 01/15/2008 | 12 | ORDER TO SHOW CAUSE. Plaintiff is to show cause why this case should not bedismissed for failure to prosecute. Plaintiffs response shall be filed on or before 2/15/07. Failure to file a timely response will result in dismissal of the case. Signed by Judge David Nuffer on 1/15/08 (alt) (Entered: 01/15/2008) |
| 02/01/2008 | 13 | RESPONSE TO ORDER TO SHOW CAUSE re 12 Order to Show Cause, filed by Plaintiff Arthur Rose (alt) (Entered: 02/04/2008) |
| 02/04/2008 | 14 | ORDER granting Plaintiff additional time to submit proof of service of process upon all required parties. Plaintiff shall have until 3/15/08 to file proof of receipt of the summons and complaint upon all necessary parties. Signed by Magistrate Judge David Nuffer on 02/04/08. (lcl) (Entered: 02/04/2008) |
| 02/25/2008 | 15 | **RESTRICTED DOCUMENT** SUMMONS Returned Executed by Arthur Rose. Donald C. Winter served on 2/4/2008, answer due 4/4/2008 (alt) (Entered: 02/26/2008) |

| | | |
|---|---|---|
| 02/25/2008 | 16 | ****RESTRICTED DOCUMENT**** SUMMONS Returned Executed as served upon the US Atty General on 2/4/08 by Arthur Rose (alt) (Entered: 02/26/2008) |
| 03/26/2008 | 17 | MOTION for Extension of Time to File Response/Reply filed by Defendant Donald C. Winter. (Attachments: # 1 Text of Proposed Order) Motions referred to David Nuffer.(Abuhaidar, Maggie) (Entered: 03/26/2008) |
| 03/27/2008 | 18 | ORDER granting 17 Motion for Extension of Time to File Response/Reply. Signed by Magistrate Judge David Nuffer on 3/26/08 (alt) (Entered: 03/27/2008) |
| 05/19/2008 | 19 | DECLARATION of Marvin N. Powers filed by Donald C. Winter. (Abuhaidar, Maggie) (Entered: 05/19/2008) |
| 05/19/2008 | 20 | Re-filed as 22 MOTION - MOTION to Dismiss *for Improper Venue* filed by Defendant Donald C. Winter. Motions referred to David Nuffer.(Abuhaidar, Maggie) Modified on 5/20/2008: added re-filing info (alt) (Entered: 05/19/2008) |
| 05/19/2008 | 21 | MEMORANDUM in Support re 22 MOTION to Dismiss *for Improper Venue*, MOTION to Change Venue filed by Defendant Donald C. Winter. (Attachments: # 1 Exhibit A - Declaration of Marvin Powers)(Abuhaidar, Maggie) Modified on 5/20/2008: re-linked to corrected motion #22 (alt) (Entered: 05/19/2008) |
| 05/19/2008 | 22 | MOTION to Dismiss *for Improper Venue*, or alternatively, MOTION to Change Venue filed by Defendant Donald C. Winter. Motions referred to David Nuffer (alt) (Entered: 05/20/2008) |
| 05/19/2008 | 23 | Modification of Docket re 20 MOTION to Dismiss *for Improper Venue*. Error: Motion should have been filed with 2 motion reliefs selected. Correction: Motion has been re-filed as 22 Motion and the supporting memo is re-linked to the corrected motion (alt) (Entered: 05/20/2008) |
| 06/12/2008 | 24 | DOCKET TEXT ORDER taking under advisement 22 Motion to Dismiss ; taking under advisement 22 Motion to Change Venue. Plaintiff may have until June 23, 2008 to file any response to the motions. After that time, the court will enter a ruling on the motions.<br>Signed by Magistrate Judge David Nuffer on 06/12/08. No attached document. (lcl) (Entered: 06/12/2008) |
| 06/20/2008 | 25 | RESPONSE to Motion re 22 MOTION to Dismiss *for Improper Venue* MOTION to Change Venue filed by Plaintiff Arthur Rose (alt) (Entered: 06/23/2008) |
| 06/25/2008 | 26 | DOCKET TEXT ORDER taking under advisement 22 Motion to Dismiss ; taking under advisement 22 Motion to Change Venue. Plaintiff's Response 25 indicates that he did not receive the motion 22 or memordandum 21 . Therefore, the court will mail Plaintiff the motion 22 and memorandum 21 with this docket text order. Plaintiff may file a response to the motions 22 on or before July 10, 2008. The court will enter a ruling on the motions after that |

| | | |
|---|---|---|
| | | date. Signed by Magistrate Judge David Nuffer on 06/25/08. No attached document. (lcl) (Entered: 06/25/2008) |
| 07/09/2008 | 27 | RESPONSE to Motion re 22 MOTION to Dismiss *for Improper Venue* MOTION to Change Venue filed by Plaintiff Arthur Rose (alt) (Entered: 07/10/2008) |
| 07/16/2008 | 28 | REPLY to Response to Motion re 22 MOTION to Dismiss *for Improper Venue* MOTION to Change Venue filed by Defendant Donald C. Winter. (Abuhaidar, Maggie) (Entered: 07/16/2008) |
| 07/18/2008 | 29 | REPORT AND RECOMMENDATIONS re 1 Complaint, 22 MOTION to Dismiss *for Improper Venue* MOTION to Change Venue. Magistrate recommends case be transferred to the Southern Dist of CA. Objections to R&R due by 8/4/2008. Signed by Magistrate Judge David Nuffer on 7/17/08 (alt) (Entered: 07/18/2008) |
| 08/07/2008 | 30 | ORDER ADOPTING 29 REPORT AND RECOMMENDATIONS and granting Motion to Change Venue. Case is ordered transferred to So Dist. of CA - CASE CLOSED. Magistrate Judge David Nuffer no longer assigned to case. Signed by Judge Tena Campbell on 8/7/08 (alt) (Entered: 08/07/2008) |
| 08/07/2008 | 31 | NOTICE OF TRANSMITTAL that case has been transferred to USDC So Dist of CA. Notice and copies of returned summonses sent to CA via US Mail (alt) (Entered: 08/07/2008) |

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

NORTHERN DISTRICT DISTRICT OF UTAH

ARTHUR G. ROSE

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: 1:06-CV-129 TC

DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY

TO (Name and address of defendant)

DR. DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY
614 SICARD ST. SE # 100
WASHINGTON NAVY YARD, D.C. 20374-5072

FILED
U.S. DISTRICT COURT
2008 FEB 25 P 2:31
DISTRICT OF UTAH
BY: DEPUTY CLERK

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ARTHUR G. ROSE
1884 EAST 7700 SOUTH
SOUTH WEBER, UTAH
84405-9409

an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

D. MARK JONES
CLERK

Jan 29 2008
DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

NORTHER DISTRICT DISTRICT OF UTAH

ARTHUR G. ROSE

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: 1:06-CV-129 TC

DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY

TO: (Name and address of defendant)

STATE OF UTAH
OFFICE OF THE ATTORNEY GENERAL
UTAH STATE CAPITOL COMPLEX
EAST OFFICE BLDG., SUITE 320
SALT LAKE CITY, UT. 84114-2320

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ARTHUR G. ROSE
1884 EAST 7700 SOUTH
SOUTH WEBER, UT
84405-9409

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

D. MARK JONES
CLERK

Jan. 29, 2008
DATE

(BY) DEPUTY CLERK

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STATE OF UTAH
OFFICE OF THE ATTORNEY GENERAL
UTAH STATE CAPITOL COMPLEX
EAST OFFICE BLDG. SUITE 320
SALT LAKE CITY, UT.
84114-2320

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name) RECEIVED  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

JAN 3 2008
STATE MAIL

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☒ Yes

2. Article Number (Transfer from service label) 7007 1490 0004 4792 0525

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DR. DONALD C. WINTER
SECRETARY, DEPARTMENT
OF THE NAVY
614 SICARD St. SE #100
WASHINGTON NAVY YARD,
D.C. 20374-5072

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent ☐ Addressee

B. Received by (Printed Name) L. Braxton  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

U.S. NAVY FEB 4 2008 ANNEX, D.C. 20373-5883

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☒ Yes

2. Article Number (Transfer from service label) 7007 1490 0004 4792 0532

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

NORTHERN DISTRICT DISTRICT OF UTAH

ARTHUR G. ROSE

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: 1:06-CV-129 TC

DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY

FILED
U.S. DISTRICT COURT
2008 FEB 25 P 2:37
DISTRICT OF UTAH
BY: DEPUTY CLERK

TO: (Name and address of defendant)

U.S. ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVE. NW.
WASHINGTON, DC 20530-0001

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ARTHUR G. ROSE
1884 EAST 7700 SOUTH
SOUTH WEBER, UT
84405-9409

an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

D. MARK JONES
CLERK

Jan. 29, 2008
DATE

[signature]
(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

NORTHERN DISTRICT DISTRICT OF UTAH

ARTHUR G. ROSE

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: 1:06-CV-129 TC

DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY

TO (Name and address of defendant)

THE UNITED STATES ATTORNEY FOR
THE DISTRICT OF UTAH
185 SOUTH STATE ST. SUITE 300
SALT LAKE CITY, UTAH 84111

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ARTHUR G. ROSE
1884 EAST 7700 SOUTH
SOUTH WEBER, UT
84405 - 9409

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

D. MARK JONES
CLERK

Jan. 29, 2008
DATE

[signature]
(BY) DEPUTY CLERK

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

THE UNITED STATES ATTORNEY FOR THE DISTRICT OF UTAH.
185 SOUTH STATE ST. SUITE 300
SALT LAKE City, UTAH
84111

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (*Printed Name*)

C. Date of Delivery 1-31-08

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☒ Yes

2. Article Number (*Transfer from service label*) 7001 1490 0004 4792 0556

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVE. N.W.
WASHINGTON, D.C.
20530-0001

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) JAN 04 2008

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☒ Yes

2. Article Number (*Transfer from service label*) 7007 1490 0004 4792 0501

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

CLOSED, PROSE

**Electronic Case Filing System**
**District of Utah (Northern)**
**CIVIL DOCKET FOR CASE #: 1:06-cv-00129-TC**

Rose v. Winter
Assigned to: Judge Tena Campbell
Demand: $140,000
Cause: 42:1983 Civil Rights (Employment Discrimination)

Date Filed: 10/05/2006
Date Terminated: 08/07/2008
Jury Demand: None
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Arthur Rose**

represented by **Arthur Rose**
1884 E 7700 S
S WEBER, UT 84405
PRO SE

V.

**Defendant**

**Donald C. Winter**
*Secretary, Department of Navy and acting in his individual capacity acting within the course and scope of his authority at NAS Miramar San Diego (Marine Corps Air Station Miramar)*

represented by **Maggie H. Abuhaidar**
US ATTORNEY'S OFFICE (UT)
SALT LAKE CITY, UT 00000
(801)524-5682
Email: maggie.abuhaidar@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/05/2006 | 1 | COMPLAINT against Donald C. Winter (Filing fee $ 350, receipt number 4681013957), filed by Arthur Rose. Assigned to Judge J. Thomas Greene (rlr, ) (Entered: 10/05/2006) |
| 10/05/2006 | 2 | MOTION to Appoint Counsel filed by Plaintiff Arthur Rose. (rlr, ) (Entered: 10/05/2006) |
| 10/05/2006 | 3 | MOTION for Service of Process. Summons to be served on: all Defendants filed by Plaintiff Arthur Rose. (rlr, ) (Entered: 10/05/2006) |
| 10/11/2006 | 4 | ORDER OF RECUSAL Judge J. Thomas Greene recused. Case reassigned to Judge Tena Campbell for all further proceedings. Signed by Judge J. Thomas Greene on 10/10/06. (asp, ) (Entered: 10/11/2006) |

| | | |
|---|---|---|
| 10/13/2006 | 5 | ORDER REFERRING CASE to Magistrate Judge David Nuffer under 28:636 (b)(1)(B), Magistrate to handle case up to and including R&R on all dispositive matters. Signed by Judge Tena Campbell on 10/13/06 (alt) (Entered: 10/13/2006) |
| 10/18/2006 | 6 | ORDER denying 3 Motion for Service of Process, denying 2 Motion to Appoint Counsel. Signed by Judge David Nuffer on 10/18/06 (alt) (Entered: 10/18/2006) |
| 01/11/2007 | 7 | DOCUMENTS LODGED consisting of misc. papers submitted by plaintiff (alt) (Entered: 01/11/2007) |
| 09/27/2007 | 8 | ORDER TO SHOW CAUSE. Plaintiff is to show cause why this case should not be dismissed for failure to prosecute on or before 10/30/07. Failure to file a timely response will result in dismissal of the case. Signed by Judge David Nuffer on 9/27/07 (alt) (Entered: 09/27/2007) |
| 10/01/2007 | 9 | RESPONSE TO ORDER TO SHOW CAUSE re: 8 Order to Show Cause, filed by Plaintiff Arthur Rose (alt) (Entered: 10/01/2007) |
| 10/09/2007 | 10 | MEMORANDUM DECISION AND ORDER: Plaintiff must effect service of process pursuant to Rule 4(I) of the Federal Rules of Civil Procedure on or before 12/7/07, and must file proof of service of process on or before 12/21/07. If Plaintiff does not comply with this order, the court will dismiss the case for failure to prosecute. Signed by Judge David Nuffer on 10/5/07 (alt) (Entered: 10/09/2007) |
| 10/29/2007 | 11 | DOCUMENTS LODGED consisting of: proof of mailing of summons (no proof of receipt included) (alt) (Entered: 10/30/2007) |
| 01/15/2008 | 12 | ORDER TO SHOW CAUSE. Plaintiff is to show cause why this case should not bedismissed for failure to prosecute. Plaintiffs response shall be filed on or before 2/15/07. Failure to file a timely response will result in dismissal of the case. Signed by Judge David Nuffer on 1/15/08 (alt) (Entered: 01/15/2008) |
| 02/01/2008 | 13 | RESPONSE TO ORDER TO SHOW CAUSE re 12 Order to Show Cause, filed by Plaintiff Arthur Rose (alt) (Entered: 02/04/2008) |
| 02/04/2008 | 14 | ORDER granting Plaintiff additional time to submit proof of service of process upon all required parties. Plaintiff shall have until 3/15/08 to file proof of receipt of the summons and complaint upon all necessary parties. Signed by Magistrate Judge David Nuffer on 02/04/08. (lcl) (Entered: 02/04/2008) |
| 02/25/2008 | 15 | **RESTRICTED DOCUMENT** SUMMONS Returned Executed by Arthur Rose. Donald C. Winter served on 2/4/2008, answer due 4/4/2008 (alt) (Entered: 02/26/2008) |
| 02/25/2008 | 16 | **RESTRICTED DOCUMENT** SUMMONS Returned Executed as served upon the US Atty General on 2/4/08 by Arthur Rose (alt) (Entered: 02/26/2008) |
| 03/26/2008 | 17 | MOTION for Extension of Time to File Response/Reply filed by Defendant Donald C. Winter. (Attachments: # 1 Text of Proposed Order) Motions referred to David Nuffer.(Abuhaidar, Maggie) (Entered: 03/26/2008) |

| | | |
|---|---|---|
| 03/27/2008 | 18 | ORDER granting 17 Motion for Extension of Time to File Response/Reply. Signed by Magistrate Judge David Nuffer on 3/26/08 (alt) (Entered: 03/27/2008) |
| 05/19/2008 | 19 | DECLARATION of Marvin N. Powers filed by Donald C. Winter. (Abuhaidar, Maggie) (Entered: 05/19/2008) |
| 05/19/2008 | 20 | Re-filed as 22 MOTION - MOTION to Dismiss *for Improper Venue* filed by Defendant Donald C. Winter. Motions referred to David Nuffer.(Abuhaidar, Maggie) Modified on 5/20/2008: added re-filing info (alt) (Entered: 05/19/2008) |
| 05/19/2008 | 21 | MEMORANDUM in Support re 22 MOTION to Dismiss *for Improper Venue*, MOTION to Change Venue filed by Defendant Donald C. Winter. (Attachments: # 1 Exhibit A - Declaration of Marvin Powers)(Abuhaidar, Maggie) Modified on 5/20/2008: re-linked to corrected motion #22 (alt) (Entered: 05/19/2008) |
| 05/19/2008 | 22 | MOTION to Dismiss *for Improper Venue*, or alternatively, MOTION to Change Venue filed by Defendant Donald C. Winter. Motions referred to David Nuffer (alt) (Entered: 05/20/2008) |
| 05/19/2008 | 23 | Modification of Docket re 20 MOTION to Dismiss *for Improper Venue*. Error: Motion should have been filed with 2 motion reliefs selected. Correction: Motion has been re-filed as 22 Motion and the supporting memo is re-linked to the corrected motion (alt) (Entered: 05/20/2008) |
| 06/12/2008 | 24 | DOCKET TEXT ORDER taking under advisement 22 Motion to Dismiss ; taking under advisement 22 Motion to Change Venue. Plaintiff may have until June 23, 2008 to file any response to the motions. After that time, the court will enter a ruling on the motions.<br>Signed by Magistrate Judge David Nuffer on 06/12/08. No attached document. (lcl) (Entered: 06/12/2008) |
| 06/20/2008 | 25 | RESPONSE to Motion re 22 MOTION to Dismiss *for Improper Venue* MOTION to Change Venue filed by Plaintiff Arthur Rose (alt) (Entered: 06/23/2008) |
| 06/25/2008 | 26 | DOCKET TEXT ORDER taking under advisement 22 Motion to Dismiss ; taking under advisement 22 Motion to Change Venue. Plaintiff's Response 25 indicates that he did not receive the motion 22 or memordandum 21 . Therefore, the court will mail Plaintiff the motion 22 and memorandum 21 with this docket text order. Plaintiff may file a response to the motions 22 on or before July 10, 2008. The court will enter a ruling on the motions after that date.<br>Signed by Magistrate Judge David Nuffer on 06/25/08. No attached document. (lcl) (Entered: 06/25/2008) |
| 07/09/2008 | 27 | RESPONSE to Motion re 22 MOTION to Dismiss *for Improper Venue* MOTION to Change Venue filed by Plaintiff Arthur Rose (alt) (Entered: 07/10/2008) |
| 07/16/2008 | 28 | REPLY to Response to Motion re 22 MOTION to Dismiss *for Improper Venue* |

| | | |
|---|---|---|
| | | MOTION to Change Venue filed by Defendant Donald C. Winter. (Abuhaidar, Maggie) (Entered: 07/16/2008) |
| 07/18/2008 | 29 | REPORT AND RECOMMENDATIONS re 1 Complaint, 22 MOTION to Dismiss *for Improper Venue* MOTION to Change Venue. Magistrate recommends case be transferred to the Southern Dist of CA. Objections to R&R due by 8/4/2008. Signed by Magistrate Judge David Nuffer on 7/17/08 (alt) (Entered: 07/18/2008) |
| 08/07/2008 | 30 | ORDER ADOPTING 29 REPORT AND RECOMMENDATIONS and granting Motion to Change Venue. Case is ordered transferred to So Dist. of CA - CASE CLOSED. Magistrate Judge David Nuffer no longer assigned to case. Signed by Judge Tena Campbell on 8/7/08 (alt) (Entered: 08/07/2008) |
| 08/07/2008 | 31 | NOTICE OF TRANSMITTAL that case has been transferred to USDC So Dist of CA. Notice and copies of returned summonses sent to CA via US Mail (alt) (Entered: 08/07/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/12/2008 16:03:34 | | | |
| **PACER Login:** | ud0077 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cv-00129-TC |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

Name: Arthur G. Rose
Address: 1884 E. 7700 S.
So Weber UT 84405
Telephone: (801) 476-4592

FILED
U.S. DISTRICT COURT
2006 OCT -5 A 10: 22
DISTRICT OF UTAH
BY: DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH - ____________ DIVISION**

Arthur G. Rose

Plaintiff,

v.

Donald C. Winter, Secretary Dept of Navy and John Doe(s) acting in his individual capacity acting within the course and scope of his authority at NAS Miramar San Diego (Marine Corps Air Station Miramar)

Defendant(s).

**COMPLAINT**

Judge J. Thomas Greene
DECK TYPE: Civil
DATE STAMP: 10/05/2006 @ 10:22:54
CASE NUMBER: 1:06CV00129 JTG

## A. JURISDICTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e(5). Equitable and other relief are also sought under 42 U.S.C. § 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. 1331, 1343 and 42 U.S.C. §§ 1981 et seq. Where employment discrimination based upon age is alleged, jurisdiction is conferred by 29 U.S.C. § 627(C) (d) and appropriate relief is also sought.

## B. PARTIES

1. Name of plaintiff: Arthur G. Rose
   Present mailing address: 1884 East 7700 South
   South Weber UT 84405

2. Name of first defendant: Donald C. Winter, Secretary
Present mailing address or business location: Department of the Navy
1614 Sicard St., SE # 100
Washington Navy Yard, DC
20374-5072

3. Name of second defendant: John Doe(s)
Present mailing address or business location: U.S. Department of the Navy
Naval Air Station Miramar
San Diego CA

4. Name of third defendant:
Present mailing address or business location:

(Use additional sheets if necessary.)

## C. NATURE OF CASE

1. The address at which I sought employment or was employed by the defendant(s) is:
Naval Air Station, Miramar
San Diego, CA

2. The discriminatory acts occurred on or about:
FEB 1993, MAR 1993-JUN 1993, JAN 1995-MAR 1995
(Month, Day, Year) JUNE 1995, AUG 1995

3. I filed charges with the Anti Discrimination Division of the Utah State Industrial Commission regarding the defendant's discriminatory conduct on or about:
N/A
(Month, Day, Year)

4. I filed charges with the Equal Employment Opportunity Commission regarding the

defendant's discriminatory conduct on or about:

JAN 20 1994, JUL 15 1995, OCT 31 1995
(Month, Day, Year)

5. The Equal Employment Opportunity Commission sent the attached "Notice of Right to Sue" which I received on:

JUL 17 2006
(Month, Day, Year)

(Please attach the "Notice of Right to Sue" to this complaint.)

6. The discriminatory acts which are the basis of this suit are:

a.______ Failure to employ me
b.______ Termination of my employment
c.__✓__ Failure to promote me (Delay)
d.______ Other acts (Be specific: attach an additional sheet if necessary)

Harassment on the basis of race and color.
Harassment in reprisal for prior EEO activity.
Discriminated against in reprisal for EEO activity.

7. Defendant's conduct is discriminatory with respect to:

a.__✓__ my race d.______ my religion
b.__✓__ my color e.______ my national origin
c.______ my sex f.______ my age

8. I believe that the defendant is still committing these acts against me.
_____ yes __✓__ no

## D. CAUSE OF ACTION

1. I allege that the defendant has discriminated against me and that the following facts for the basis for my allegations:

a. (1) Count I: See attached sheet

(2) Supporting Facts: (Describe exactly what each defendant did or did not do.

State the facts clearly, in your own words without citing any legal authority. Use additional sheets if necessary.)

b. (1) Count II: See attached sheet

(2) Supporting Facts:

## E. INJURY

1. How have you been injured by the actions of the defendant(s)?

Continued harassment and retaliation caused emotional distress to my family and myself. I was caused undue stress and retired from Civil Service earlier than I would have if the environment was not a hostile one.

## F. REQUEST FOR RELIEF

2. I believe I am entitled to the following relief:

$100,000.00 damages
$ 40,000.00 legal costs and fees

$140,000.00 TOTAL

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. § 1621

## D. CAUSE OF ACTION

1. I allege that the defendant has discriminated against me and that the following facts for the basis for my allegations:

a. (1) **Count I:** I was discriminated against in reprisal for prior EEO activity when my promotion was delayed from August 31, 1993 through January 24, 1994.

(2) **Supporting Facts:** The SF-52 was signed on or about August 20, 1993 for processing of my promotion to a supervisory position. The promotion action form (SF-50) was not processed until December 30, 1993. I was not installed into the position until January 24, 1994. According to merit promotion instructions, selectees will normally be released from their current positions within two weeks for a promotion. See attached report **(Exhibit I, Pages 1 and 5)** from Department of Defense, Complaints Investigator, Dorothy M. Lockard, OCI Docket Number SDG-95-NA-0260-E .

b. (1) **Count II:** I was continually harassed by being placed on night and Saturday workshifts from January 1993 to May 1993.

(2) **Supporting Facts:** The Department of Defense Investigator found that I had established prima facie for this complaint. **See Exhibit II, Pages 1 and 4.**

c. (1) **Count III:** My leave slips were disapproved in retaliation by the supervisor who's position was the subject of my prior EEO complaint.

(2) **Supporting Facts:** The supervisor continually disapproved weekend leave requests due to "operational commitment." One forecasted (requested well in advanced and verbally approved by Fuel Distribution management) leave request in particular for the requested dates of April 10, and April 11, 1993; the supervisor had been ordered to approve the requests by the Fuel Distribution Supervisor, Lawrence Murphy **(see Exhibit XVII)** He stated that I was to be replaced by another Work Leader if the operational commitment required one. My leave request was still denied for reasons of "operational commitment" by the supervisor, Mr. James Smith. See excerpt from Lawrence Murphy's sworn deposition of 2/11/02 – see **Exhibit IV.** However, during another work leaders (Mr. Carlos Barnfield) same shift and rotation, he also submitted leave requests for weekends which were continually approved (see **Exhibit III**).

d. (1) **Count IV:** I was counseled on unsubstantiated allegations in March 1993 in reprisal for my prior EEO complaint.

(2) **Supporting Facts:** The Department of Defense Investigator found that I had established prima facie for this complaint. See **Exhibit II, Pages 1 and 4** and **Exhibit XVIII.**

e. (1) **Count V:** In reprisal for prior EEO activity, I was assigned to work under a supervisor from March 1993 to June 1993, who's position was the subject of a prior EEO complaint.

(2) **Supporting Facts:** In February 1993 an arbitrator ruled in favor of my grievance that I should have been promoted to supervisor instead of Jim Smith, the person awarded the position. See **Exhibit XV.** The Agency appealed that decision and in the interim assigned me to work under the supervision of Mr. Smith. Mr. Smith had already been made aware of the arbitrator's decision in my favor at the time I was assigned to him. The Agency lost their appeal in August 1993 and Mr. Smith was subsequently removed as supervisor.

f. (1) **Count VI:** In November 1993, I was subject to harassment in reprisal for my prior EEO activity when management refused to correct a situation in which I was being harassed by other employees.

(2) **Supporting Facts:** Lawrence Murphy, the Fuel Distribution Supervisor was aware that I would store my soda cans on the top shelf of the employee refrigerator and other employees would routinely move my property to the bottom. See **Exhibit XIX.** I had been told by my immediate supervisor, Lawrence Bergman that I could keep them there. Management refused to rectify the situation and I filed a grievance.

g. (1) **Count VII:** March 28, 1995 I was subject to harassment in reprisal when I was issued a Letter of Instruction ordering me not to contact Mr. Max Brown, my EEO representative. An attempt to limit my choice of representation in the protection of my rights and responsibilities in my prior EEO complaints.

(2) **Supporting Facts:** See **Exhibit VII.** When issued this Letter of Instruction and ordered not to contact Mr. Max Brown, I felt this was in direct conflict with the Notice of Rights and Responsibilities, Section 6 (**Exhibit VI**) which states that "in presenting or processing a discrimination complaint, you will be free from restraint, interference, coercion, harassment, discrimination, and reprisal."

h. (1) **Count VIII:** In August 1995, I was harassed in reprisal for prior EEO activity when derogatory comments were made on my performance evaluation covering the period of July 15, 1994 to July 14, 1995. In addition, the evaluation period was not adhered to according to NAS Miramar Instructions.

(2) **Supporting Facts:** The NAS Miramar Instructions 12430.3C and 12430.3C Change Transmittal (see **Exhibit XII**) clearly states that the evaluation period be from 15 July – 14 July. In my performance evaluation of 1995 (PARS), in violation of the NAS Miramar Instructions, information outside the period of performance was used by Mr. Lawrence Murphy change my PARS rating to Level 3 from the Level 4 rating given to me by my immediate supervisor, Mr. Lawrence Bergman. This was confirmed by the sworn deposition of Mr. Lawrence Murphy dated February 11, 2002. (see **Exhibit**

XX).It was only changed by Mr. Lawrence Bergman after I filed a grievance. The derogatory comments on the PARS (see **Exhibit XXI**) were unfair and Mr. Murphy had been advised by the manager of the Human Resource Office that the comments were inappropriate and should be removed. He chose not to do so. (see **Exhibit VIII**)

i. (1) **Count IX:** I was discriminated in reprisal for prior EEO activity when a Letter of Reprimand issued by me to a subordinate was cancelled instead of being supported by the Assistant Fuels Director, Lawrence Bergman.

(2) **Supporting Facts:** On May 10, 1995 and within my right as Supervisor, I issued a Letter of Reprimand to subordinate employee, Michael K. Studley for Disrespectful Conduct. Mr. Studley filed a grievance for this action. The Assistant Fuels Director, Mr. Lawrence Bergman spoke to Ms. Sally Grant in the Human Resource Office who confirmed that I was within my rights as Supervisor and had not jumped my chain of command in issuing the Letter of Reprimand. Mr. Bergman conceded that if the matter had been handled at the Division Level, although he would not have issued the Letter of Reprimand, there would have been at the very least a verbal warning and documentation. (see **Exhibit X**) The Letter of Reprimand was cancelled and the subordinate received no consequence for his disrespectful conduct.

Executed at 1884 E 7100 S South Weber, UT on 4 OCT, 2006.
(Location)

[signature]
Signature

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**

Rec'd 17 July 2006 AGRose

Arthur G. Rose,
Complainant,

v.

Dr. Donald C. Winter,
Secretary,
Department of the Navy,
Agency.

Request No. 05A60852

Appeal No. 01A34380
Agency Nos. 94-60259-003; 95-60259-004; 96-60259-002
Hearing No. 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X

## DENIAL

Complainant timely requested reconsideration of the decision in *Arthur G. Rose v. Department of the Navy*, EEOC Appeal No. 01A34380 (May 31, 2006). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A34380 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her

full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden

Carlton M. Hadden, Director
Office of Federal Operations

JUL 1 3 2006

Date

# EXHIBITS

**Exhibit I:** Department of Defense, Complaints Investigator, Dorothy M. Lockard report, pages 1 and 5.

**Exhibit II:** Department of Defense, Complaints Investigator, Dorothy M. Lockard report, pages 1 and 4.

**Exhibit III:** Deposition of Lawrence F. Murphy dated February 11, 2002, pages 26 to 30.

**Exhibit IV:** Deposition of Lawrence F. Murphy dated February 11, 2002, pages 32 to 34.

**Exhibit V:** Deposition of James Smith dated February 11, 2002, section 6 (pages 21 to 24) Page 21.

**Exhibit VI:** Notice of Rights and Responsibilities, Equal Employment Specialist, page 2, number 6.

**Exhibit VII:** Letter of Instruction, dated March 28, 1995.

**Exhibit VIII:** Sally W. Grant, Affidavit dated July 11, 1996.

**Exhibit IX:** Notes of Max Brown, EEO Representative dated 4/1/93.

**Exhibit X:** L.T. Bergman letter, dated June 15, 1995.

**Exhibit XI:** Max C. Brown statement.

**Exhibit XII:** NAS Miramar Instruction 12430.3C.

**Exhibit XIII:** Leave Request Summary, Timecards for Arthur G. Rose and Carlos Barnfield, 1993.

**Exhibit XIV:** NAS Miramar Instruction 7420.5B

**Exhibit XV:** Arbitration Opinion and Award, dated February 19, 1993.

**Exhibit XVI:** Designation of EEO Representatives, dated January 25, 1994.

**Exhibit XVII**: Notes for Meeting with Art Rose, pages 0112 and 0113

**Exhibit XIX:** Deposition of Lawrence F. Murphy dated February 11, 2002, pages 40 to 43.

**Exhibit XX**: Deposition of Lawrence F. Murphy dated February 11, 2002, page 56 to 57.

**Exhibit XXI:** Performance Appraisal Review, 14 July 94 to 15 July 95, 1st copy and 2nd copy altered by L.T. Bergman.

Exhibit II 1

# REPORT OF INVESTIGATION

OCI Docket Number: SDG-95-NA-0260-E

Investigating Office: San Diego, CA

Activity Docket Numbers: DON 94-60259-003

Activity Filed Against: Naval Air Station Miramar
San Diego, CA 92145-5000

Complainant's Name and Address: Mr. Arthur G. Rose
702 East Chase Avenue
El Cajon, CA 92020

Representative's Name and Address: Mr. Max Brown
American Federation of
Government Employees Local
3723, AFL-CIO
4265 Fairmount Avenue, #230
San Diego, CA 92105

Date of Initial Contact with EEO Counselor: October 20, 1993

Date Complaint Filed: January 28, 1994

Date Investigation Requested: May 3, 1995

Date Request Received by OCI: May 9, 1995

Bases: Race (Caucasian), Color (white) and reprisal

Issue:
a. Harassed by delay in processing of promotion from 8/31/93 ~~February 1993~~ to January 1994;
b. Continually harassed when:
(1) Placed on night and Saturday workshifts from from January 1993 to May 1993;
(2) Leave slips disapproved during March, April and May 1993;
(3) Counseled on unsubstantiated allegations in March 1993;
(4) Assigned to work under a supervisor from March to June 1993 who's position was the subject of his previous EEO complaint;
(5) Assigned to perform demeaning tasks such as dispatcher from March 1993 to June 1993; and
(6) Personal property (soda cans) were moved in the office refrigerator in November 1993.

Relief Requested: Identified at Page 42

ARTHUR G. ROSE, REPORT OF INVESTIGATION FOR DON 94-60259-003

## Part I- FINDINGS

A. CONCLUSIONS: Complainant failed to establish a prima facie case of discrimination on the bases identified, excepting for the inference of reprisal with respect to issues a, b(1), (2) and (3). Management provided a credible explanation for their actions pertaining to b(1), (2) and (3). However, employer was unable to provide any explanation for the delay in processing of the promotion (issue a). Therefore, discrimination found for issue a.

## Part II - BACKGROUND

At the time of the events which caused this instant complaint, Complainant was employed as a Fuel Distribution System Worker Leader, WL-5413-09, in Code 190, Mechanical Operations Branch, Fuel Division, Supply Department, Naval Air Station (NAS) Miramar, San Diego, CA. On August 6, 1993, the Federal Labor Relations Authority, Washington, DC, issued decision 48 FLRA No. 5, which denied the Agency's exceptions to an Arbitrator's decision granting Complainant a promotion to Fuel Distribution System Worker Supervisor I, WS-5413-8, retroactively, with backpay and benefits (pages 68-75) [to March 22, 1992].

On January 10, 1993, the four Worker Leaders within the Fuel Delivery Branch and the Mechanical Operations Branch were rotated through the different areas on an eight week rotation in order to receive cross training (page 11).

Complainant filed a formal complaint on January 28, 1994 (pages 2-3) which was defined partial accepted for investigation on May 2, 1994 (pages 33-34). Complainant filed an appeal on the dismissed issues with EEOC and the case was remanded for further processing on February 5, 1995 (pages 27-32). The issues were redefined and accepted for investigation on May 3, 1995 (pages 24-26). Complainant alleged that he was discriminated against in all the issues on the bases on race (Caucasian), color (white) and reprisal. However, during the investigation, he alleged only reprisal for all the issues except (b) (2) [disapproval of leave slips] for which he also alleged race and color. Complainant had prior complaint involvement when he filed a complaint in March 1992 (pages 19, 37).

## Part III - ANALYSIS

Complainant alleges that management harassed him by delaying the timely processing of a promotion to Fuel Distribution System Worker Supervisor I, WS-5413-8 from February 1993 to January 1994. In addition, he was continually harassed by being placed

on night and Saturday workshifts from January to May 1993; having his leave slips disapproved during March through May 1993; being counseled on unsubstantiated allegations in March 1993; being assigned to work under a supervisor from March to June 1993 who's position was the subject of his previous EEO complaint; being assigned to perform demeaning tasks such as dispatcher from March 1993 to June 1993; and having his personal property (soda cans) moved in the office refrigerator in November 1993 (pages 2-3, 36-44).

Management denied the allegations. According to Thomas Pedlico, Administration/Planning Director, who signs all requests for promotion, he signed the request for the Complainant's promotion action on or about August 20, 1993. Pedlico testified that once a request for promotion is signed, it is sent to the Human Resources Department (HRO) and the processing time depends on that office 45-46).

Lawrence Murphy, Fuel Division Director, and Lawrence Bergman, Assistant Division Director, testified that a decision was made to cross train the four leaders in order to increase their skills in all phases of the operations on an eight week rotation through each position. Prior to implementing the rotation, Bergman met with the four leaders. Two of them had part time jobs and Complainant was a little league coach that would be affected by the rotation. However, Bergman said that the leaders, themselves, decided that if one had to do it all of them had to do it. According to Murphy, Bergman and James Smith, Supervisor of the Delivery Branch, all four leaders were rotated through the different shifts and were required to perform dispatching duties while assigned to the Delivery Branch. Murphy testified that since Smith was the supervisor of the Delivery Branch, Complainant and the other three leaders had to rotate through his area.

Smith stated that any leave which he disapproved was due to workload requirements. Bergman said that they tried to accommodate Complainant by letting him change shifts with another individual who was not a leader. However, the other leaders started complaining and reminded him that they had decided if one had to do it they all had to do it. Bergman said he decided no more changes in shifts since it was not fair to the other leaders.

Evidence of record indicates documentation (SF-52) was signed on or about August 20, 1993 for processing Complainant's promotion to a supervisory position. In addition, the Comptroller's Office took appropriate action by initialing and dating August 31, 1993 (pages 76-77). However, the form does not show any other action until November 16, 23 and 24, 1993. Furthermore, the promotion action (SF-50) was not processed until December 30, 1993 (page 77a). Neither the employer or the Human Resources Office was unable to provide any explanation for the delay in the processing of the promotion (page 67). It is unreasonable to assume that it would take 77 days for processing between the Comptroller and Code 12250 actions and another 36 days between determining qualifications and actual approval of the promotion document. According to merit promotion instructions, selectees will normally be released from their current positions within two weeks for a promotion (page 78).

In summary, Complainant failed to establish a prima facie case of discrimination on the bases identified, excepting for the ** inference of reprisal for issues a, b(1), (2) and (3). The employer advanced plausible legitimate, non-discriminatory reasons for its decisions and actions pertaining to issues b(1), (2) and (3). However, the employer was unable to provide an explanation pertaining to the delay in processing the promotion (issue a). Discrimination found for issue a.

Dorothy M. Lockard

DOROTHY M. LOCKARD
Complaints Investigator
OCI - San Diego

ARTHUR G. ROSE, REPORT OF INVESTIGATION FOR DON 94-60259-003

Murphy testified that in March 1993 he held a formal meeting in the HRO with Complainant, his union representative, the supervisory chain (Bergman, Smith) and Sally Grant, Employee Relations Specialist. At that time he advised Complainant that the meeting was for his information and to take whatever corrective action he felt was necessary. Murphy said that he told Complainant that some employees within the Delivery Branch had complained that they felt Complainant was harassing them by annotating everything that were being discussed in the building. According to Murphy, he told Complainant that if he was taking notes and the notes were work related they should be passed to his supervisor and if they were not work related, he cautioned Complainant and advised him that it could be considered as harassment. Murphy said he had also heard that Complainant had singled out a female employee about using language that was not appropriate for a woman to use. According to Murphy, he advised Complainant that language that was inappropriate for a woman was also inappropriate for a man and, therefore, he could not single a woman out about her language.

Murphy, Bergman and Smith stated that they were not aware of the specific incident about the soda cans. However, they said that a refrigerator is provided in the lunch room for all employees to use. They were aware that Complainant and other employees had problems with where Complainant wanted to put his soda cans in the refrigerator (pages 47-64).

Complainant has not established a prima facie showing of disparate treatment based on his race and/or color pertaining to the leave issue b(2) and discrimination due to reprisal with respect to issues b(4), (5) and (6). Clearly, Complainant establishes himself as a member of the protected groups on which he based this complaint by virtue of his race (Caucasian) and color (white). However, Complainant failed to provide any evidence that any similarly situated, non-Caucasian, non-white, received more favorable treatment, i.e. did not have leave disapproved (pages 65-66). With respect to reprisal for issues b(4), (5) and (6), although it is undisputed that Complainant engaged in prior protected activities which were known to the employer, he failed to prove that he suffered any adverse action.

K-X Complainant established a prima facie showing of reprisal with respect to issues a, b(1), (2) and (3). It is undisputed that Complainant engaged in prior protected activity known to the employer.

was more qualified for the supervisor job than Jim was.

Q. Did you ever talk to anybody about Mr. Rose's annual forecasted and scheduled leave?

A. Yes.

Q. Who?

A. We went -- I need to back up a little bit.

When we decided to do the rotation, we put the four work leaders together into the coffee room and told them that we wanted them to rotate around on all four jobs. We left it up to them how they were going to do that, how long, what the rotation was going to be like, what order they would be rotated in. And they basically put together the package, okay, we're going to rotate this for eight weeks in each one of these jobs, and then after the 16 -- 16 -- 32 weeks then everybody would have been through all four jobs and they could go back to where they were. So that was how the rotation was set up.

And I've just drawn a blank and I can't remember your question. I'm sorry.

Q. That's okay. My question was did you ever talk to anyone about Mr. Rose's annual forecasted leave?

A. Yes. Okay. So all four leaders decided how the rotation was, how they were going to rotate. And then when the rotation came up, all of the sudden Art popped up with this, I want to go watch my kid play little league. Well,

the four leaders had decided in their deliberation that when they started this rotation, whatever rotation you were on was okay, but this rotation where you're on nights and weekends, we needed that leader there on the weekend. And so that if you -- when you got to that place in the rotation that you would not take leave. And that's what they decided on.

So Art had a couple of complaints about disapproved leave during the week. And the other leaders complained, you know, we don't want -- we don't want you to give him some kind of a special thing just because his kid is playing little league. Barnfield had a second job that basically he couldn't work while he was doing that particular shift, and so he lost a lot of money. And he was basically saying, you know, if I've got to do this, everybody has got to do it. So that's why we held them to their agreement.

Now, at the end of the -- that rotation for Mr. Rose, he had a scheduled vacation coming, and he had scheduled it months in advance. And when I found out that Jim had cancelled it or disapproved it, I basically went and sat down with Larry Bergman and Jim Smith and talked to them. And I basically said, hey, look, we have to get people off on their scheduled leave. You know, I know it's not something that's good that we like to do, but we just

have to do it. We can't just basically have everybody come up to December and have everybody want to take two or three weeks' leave in December. You know, we've got to get these guys off.

So Bergie, he wasn't happy about it, but he said, okay, we'll make arrangements so he could get his two weeks of vacation time that he wanted. So we did our best to contact him and Bergie got a hold of his daughter on the phone. And Monday he came back to work and said he cancelled everything and so he wasn't going to take his vacation. And then he filed a -- some kind of a grievance or something against us for getting -- you know, taking his leave time.

Q. Okay.

A. Now, keep in mind one thing, what his intention was to drive to Bakersfield to see his new granddaughter. And he got mad at us, so he didn't go to Bakersfield to be with his kids and new granddaughter. It was more important to him to file a grievance and make everybody miserable than it was for him to go take his vacation, which basically I don't think he cancelled anything. I think he was going to go up there to stay with his kids. He had a big truck with a big camper and, you know, I don't see where he had to cancel anything. But he just cancelled it because he was mad at us. He made that crystal clear. Then he went over

to the union and filed a grievance against us.

Q. Okay. Now, let me back up a little bit. You said the work leader that rotated on the weekends would not get leave.

A. Right.

Q. ~~Is that right?~~

A. That's correct.

Q. So that was a condition for the rotation, whoever was on the night and weekend shift --

A. Yes.

Q. -- basically agreed in advance not to take any leave?

A. That's correct.

Q. And when you met with Smith and Bergman about the denial of Mr. Rose's vacation leave, was that -- how did you find out that it had been denied?

A. Basically I -- it's a small office and basically Smith and Bergman were talking about it, that Art was very unhappy about having his vacation being cancelled. And so I kind of stuck my nose in where it didn't belong.

Q. What was the procedure when -- if a work leader took leave? Would that person be replaced during his leave time?

A. It would depend on where he was, what day -- on day shift or nights. On the -- on the delivery side, if the

work leader took off, we had basically trained probably half of the drivers to sit in the dispatcher's chair and dispatch. If he's on nights, basically the opposite leader, the leader in bulk storage, if he was in delivery, the leader in bulk storage would basically cover for him.

Q. How about the weekend?

A. The weekend we only had one person. That's why the problem started was the fact that we didn't have any leaders on the weekends. And so we put one leader on from -- I believe it was like 11 o'clock in the morning until 8:00 p.m. at night to cover the peak work leads. And that was the only leadership we had on over the entire weekend.

Q. Okay. So if a work leader took a weekend off, then there would be no coverage basically?

A. Right. Well, actually, if he would have taken off on a weekend, we would have had to take one of the other leaders and put him on.

Q. Do you recall if that ever happened during that time of the rotations?

A. I don't recall. Well, actually during the rotation, no, because they had agreed not to take any leave, so we enforced that.

Q. Did you know that in February of 1993 an arbitrator ruled that Mr. Rose -- an arbitrator ruled in his

Q. Okay. Did you have a meeting with Mr. Rose, Bergman, and Max Brown in March of '93 about Mr. Rose's annual leave?
A. I don't recall having a meeting about his annual leave, no.
Q. Did you know that Mr. Rose -- strike that.
Did you know that Mr. Smith was denying a large portion of the annual leave that Mr. Rose was requesting?
A. Yes.
Q. How did you know that?
A. Bergie -- Mr. Bergman and I discussed it when Smith brought a lot of material over and showed Bergie.
Q. Why did Mr. Smith bring the material over?
A. I don't know what precipitated the meeting, but it had to do with the disapproved leave. There was some kind of a question about that there was going to be a problem coming up with so much leave being disapproved.
Q. Did Mr. Smith indicate why he had denied the leave?
A. I believe most of it was during the time period of the rotation.
Q. Do supervisors normally deny leave based on operational commitments?
A. Yes.
Q. Is there any type of policy regarding how they

determine what operational commitments are going to be on any particular day?

A. Basically we get flight schedules from all of the squadrons. And sometimes they're not very accurate, but most of the time they are. And based on the workload, basically just have to look at what's going to happen.

Q. Do supervisors get copies of the logs?

A. What do you mean by logs, the flight schedules?

Q. Right. I'm sorry. Flight schedules.

A. Yeah. We pick up -- from operations we pick up flight schedules every day and we try basically to discern from them how many airplanes we have to fuel and determine what time of day they're coming back.

Q. And you pick up the flight schedules for each day; right?

A. Right. We never get them faster than the day before. If there's a special operation during this time period, we had Top Gun up there, and they would announce maybe as much as a week ahead that the graduation ceremony was going to be on Thursday, which means that Wednesday they would fly. They just go crazy Wednesday when they do their final test.

Q. What is Top Gun?

A. Top Gun is the Naval fighter weapons school. They train pilots to be fighter pilots and their emphasis is

on air combat maneuvers.

Q. Okay. Just like the movie.

A. Yes, it's exactly correct. At least the flying was realistic.

Q. Did Mr. Bergman ever talk to you about this problem that Mr. Rose was having with Mr. Smith denying his leave?

A. Only superficially. Basically what Jim was doing was letting Bergie know what was going on. And Bergie would not normally overstep, you know, basically overrule Smith unless there was a really good reason.

Q. So normal procedure is for the immediate supervisor to make the decision whether to deny or grant leave?

A. Yes.

MS. NIDY: I have another exhibit that I would like you to take a look at, it's marked Exhibit 2.

(Exhibit No. 2 was marked.)

BY MS. NIDY:

Q. If you could just let me know when you're done looking at it.

A. Okay.

Q. Just for the record, it's a document at the top, it says, Notes For The Meeting With Art Rose. It's Pages 112 and 113 of the investigative report. And on the

Exhibit V





knowledge.

**Q. Did you speak to Mr. Murphy or Mr. Bergman prior to Mr. Rose starting to work under you about his EEO claims?**

A. No.

**Q. Did you speak to anyone at any time about Mr. Rose's grievance?**

A. No.

**Q. Did you speak to anyone at any time about Mr. Rose's EEO claim?**

A. No.

MR. RIZER: Don't answer the question right away, because I was going to object because she had already asked you that question.

THE WITNESS: Okay.

MR. RIZER: All right.

BY MS. NIDY:

**Q. At the time that Mr. Rose started his rotation under you, did you know that an arbitrator had ruled that he should receive the promotion you got?**

A. Yes.

**Q. How did you know that?**

A. I think it came through the promotion channels that he had won the arbitration on it.

**Q. So someone told you, someone in management told you?**



A. Yeah.

MS. NIDY: I have a document here that I've marked as Exhibit A and I want to show you. Take a look at that. And I'll give one to the court reporter to attach to the transcript. This is a summary of Mr. Rose's leave requests that were denied.

(Exhibit A was marked.)

MR. RIZER: We'll take the time and go over them one by one with the ROI, the documents in the ROI.

MS. NIDY: Well, I just want to confirm that these are Mr. Smith's signatures on here.

MR. RIZER: Okay. We're on SDG-95-NA-0260-E, Page 7. Look at this one. This is April 10th and 11th for 16 hours. See, this doesn't give the date, so that's not a complete document that we're looking at.

MS. NIDY: This is the front -- the front page is just a summary. The actual leave slips are in the back.

MR. RIZER: Okay. Let's go over these one by one. Page 7 -- how come your pages aren't marked? That's the way they were given to us from the OCI investigator. Every page is marked.

MS. NIDY: Okay. Well, I'm not limited to using those specific documents for this deposition.

THE WITNESS: Okay. Sixteen hours. Okay. Now, what was the question on this?



BY MS. NIDY:

**Q. I just want you to look through those leave slips and confirm that those are your signatures.**

MR. RIZER: Let's go one by one.

THE WITNESS: Okay.

BY MS. NIDY:

**Q. Your signature on the actual leave slips. I know that there are notes.**

MR. RIZER: Is this your signature?

THE WITNESS: Yes, that's my signature.

MR. RIZER: For the record, that would be April 10th and April 11th for 16 hours, and that's dated 4-6-1993.

THE WITNESS: Okay. That's my signature.

MR. RIZER: Is that your signature?

THE WITNESS: Yes.

MR. RIZER: For the record, that's March 31st to March 31st, four hours, dated by Mr. Smith 3-29-1993. Next one.

THE WITNESS: Yeah, that's my signature.

MR. RIZER: For the record, that's March 23rd to March 23rd, four hours, dated 3-22-1993. Next one.

THE WITNESS: Okay. That's my signature.



MR. RIZER: For the record, that's April 3rd to April 3rd, four hours, dated March 22nd, 1993. I'm sorry. That is March 31st, 1993. The 22nd is when it was submitted by Mr. Rose.

THE WITNESS: Okay. That's my signature.

MR. RIZER: For the record, it's April 24th to April 24th for one hour, dated 4-21-1993.

THE WITNESS: Okay. That's my signature.

MR. RIZER: For the record, it's March 13th to March 13th for four hours, dated March 10th, 1993.

THE WITNESS: Okay. That's my signature.

MR. RIZER: For the record, that's March 20th to March 20th for two hours, dated by Mr. Smith 3-16-1993. Why don't we just go down.

MS. RIZER: Is that your signature?

THE WITNESS: Yes.

MR. RIZER: Is that your signature?

THE WITNESS: Yes.

MR. RIZER: And that's your signature?

THE WITNESS: Yes.

MR. RIZER: Those dates are April 17th to April 17th, one hour, dated 4-15-1993; May 1st to May 1st, four hours, dated by Mr. Smith 4-28-1993; and March 27th to March 27th, dated by Mr. Smith March 23rd, 1993.

///

 Exhibit VI

12713
Ser 12ICO:
20 APRIL 1995

From: Equal Employment Specialist
To: MR. ARTHUR ROSE

Subj: NOTICE OF RIGHTS AND RESPONSIBILITIES

1. This is to notify you that you have the following rights and responsibilities regarding the processing of your complaint. It is important that you understand each of these as they may affect the way in which your complaint is processed. Please acknowledge that you have been given and understand your rights and responsibilities by signing the acknowledge of receipt at the end of this document.

2. Under the authority of Public Law 93-579 of 31 Dec 74 (Privacy Act of 1974) information regarding the discrimination complaint under inquiry in order to identify the facts surrounding the issues of the complaint. The information provided by you will become permanent part of the EEO Counselor's report and will not be divulged to anyone other than those persons allowed access to the information under the requirements of FPM/CPI 713 pertaining to the complaints process. Your are not required to provide the information, however, failure to do so could result in the complaint not being resolved at the informal stage.

3. YOU HAVE THE RIGHT TO REMAIN ANONYMOUS DURING THE INFORMAL PROCESS.

a. If you choose to remain anonymous, your anonymity is only protected during the informal stage of the complaint process.

b. If you file a formal complaint, your anonymity is no longer protected.

4. YOU HAVE THE RIGHT TO REPRESENTATION, INCLUDING THE RESPONSIBILITY TO NOTIFY THE COUNSELOR OR THE EQUAL EMPLOYMENT OPPORTUNITY OFFICER, IN WRITING, OF ANY REPRESENTATIVE OBTAINED.

a. If you obtain a representative, you must provide written notice of your representative's name, address, and telephone number. All official correspondence shall be with the representative, with copies provided to you.

b. If you designate an attorney as your representative, service of documents and decisions shall be made on the attorney and timeframes for receipt of materials shall be computed from the time of receipt by the attorney.

c. You must serve all official correspondence on the designated representative of the agency.

d. You are at all times be responsible for proceeding with the complaint whether or not you have designated a representaive.

ATTACH (5)

Subj: NOTICE OF RIGHTS AND RESPONSIBILITIES

5. YOU HAVE THE RIGHT TO FILE A FORMAL COMPLAINT, A CLASS COMPLAINT, AND/OR A CIVIL ACTION.

a. Only the matter(s) raised during informal counseling (or issues like or related to issues raised during informal counseling) may be alleged in a subsequent complaint filed with the activity.

b. The issues in the formal complaint, which were discussed with an EEO counselor, and the matter giving rise to the complaint, must be sufficiently precise to describe in general the action(s) or practice(s) that form the basis of the complaint.

6. IN PRESENTING OR PROCESSING A DISCRIMINATION COMPLAINT, YOU WILL BE FREE FROM RESTRAINT, INTERFERENCE, COERCION, HARASSMENT, DISCRIMINATION, AND REPRISAL.

7. IF YOU ARE AN EMPLOYEE(S) COVERED BY A COLLECTIVE BARGAINING AGREEMENT THAT PERMITS ALLEGATIONS OF DISCRIMINATION TO BE RAISED IN A NEGOTIATED GRIEVANCE PROCEDURE:

a. You have the right to file an EEO complaint or grievance and raise the matter of alleged employment discrimination under either 29 CFR Part 1614 or the negotiated grievance procedure, but not both.

b. If you file under 29 CFR Part 1614, you may not thereafter file a grievance on the same matter. An election to proceed under a negotiated grievance procedure is indicated by the filing of a timely written grievance.

c. If your collective bargaining agreement allows allegations of discrimination and you raise these allegations in the grievance, you will not be allowed to later file a discrimination complaint on the same issue.

8. YOU HAVE THE DUTY TO MITIGATE DAMAGES.

9. YOU HAVE THE RIGHT TO REQUEST A HEARING BEFORE AN EEOC ADMINISTRATIVE JUDGE AFTER THE INVESTIGATION BY THE ACTIVITY.

a. You have 30 days after receipt of the investigative file to request a hearing before the administrative judge.

b. If the investigation is not completed and you have not agreed to extend the period of time to complete the investigation, you may request a hearing at any time after 180 days has elapsed from the filing of the complaint.

10. YOU HAVE A DUTY TO KEEP THE ACTIVITY AND COMMISSION INFORMED OF YOUR CURRENT ADDRESS AND TO SERVE COPIES OF APPEAL PAPERS ON THE ACTIVITY.

Exhibit VII

28 March 1995

MEMORANDUM

From: Fuels Division Director
To: Arthur Rose, Supervisor Fuel Delivery Branch, WS-5413-08

Subj: LETTER OF INSTRUCTION

1. As the Supervisor of the Fuel Delivery Branch you have a responsibility to maintain a clear and distinct separation between your official duties and involvement with the union and its officers. Because your subordinate employees are bargaining unit members I believe it is easy to understand that any relationship which your employees believe you may have with a union officer would have an inhibiting and chilling effect on their ability to deal with that union officer in issues involving you.

2. Some of your employees have complained about what they preceive to be your involvement with the union Executive Officer, Mr. Brown. They believe they can not go to Mr. Brown with issues involving you because everything they say, even in confidence, gets back to you before they can return to the work site. They have also observed either your personal vehicle or assigned Navy van parked in front of the union office on a number of occasions. These observations lead them to believe that if they have a grievance which you must hear and/or which involves you they could not possibly get a fair hearing.

3. I have spoken to you on several occasions in the presence of Mr. Bergman, your immediate supervisor, Max Brown, the AFGE Local 3723, Unit "G", Executive Officer, and Sally Grant, Labor Relations Specialist for the Command. During these meetings you were advised of the concerns of some of your employees with regard to what appeared to them to be your improper contacts with the union. You were provided guidance during these discussions concerning those issues and times during which your contact with the union would be appropriate. You were instructed to insure that your contacts with Mr. Brown complied with my guidance. Because I am unaware of any past or present actions within your Branch which would require what appears to be your frequent and extensive contacts with Mr. Brown, your employees complaints have now caused additional concern to me. My concern is elevated by the fact that, as a supervisor, you receive information which must be treated as internal management business. Inadvertent or deliberate release of such information to unauthorized individuals can not be permitted. I must therefore, caution you that should it become known that you have provided to the union, or any other unauthorized person or organization, information personal to employees of the command or which you have learned because of your position, appropriate disciplinary action will be taken.

4. You are hereby instructed that you will not contact Mr. Brown during duty hours without advising me of your need to do so and the reason. Should Mr. Brown initiate the contact you are to advise him to contact me. If I am unavailable, you are to contact my alternate. You are advised that your failure to follow the instructions contained in this Letter of Instruction may result in disciplinary action.

5. Should you have any questions please contact me immediately.

L. J. Murphy

LARRY MURPHY

# A F F I D A V I T

My name is Fred L. Hernandez. I am a Discrimination Complaints Investigator employed by the Department of Defense, Office of Complaint Investigations with offices located in Walnut Creek.

I am investigating a formal complaint of discrimination filed by Arthur Rose against Miramar NAS.

Complainant is alleging that he/she was discriminated against on the bases of (race, color, sex, religion, national origin, physical or mental handicap condition, age and/or reprisal) because of management actions and performance appraisal comments

Your statement will be under oath and an affidavit will be taken. Your affidavit will be part of the Discrimination Complaint File. The Complainant and the Activity will receive a copy of the file. You may retain a copy of your affidavit.

You are protected by law for you participation in this investigation. A statement is being provided to give you an understanding of how your affidavit will be used.

**ADMINISTER THE OATH** -- "you swear or affirm that the evidence you shall give in the matter under investigation shall be the truth, the whole truth, and nothing bu the truth. So help you God."

Please state your full name Sally W. Grant

Title and Grade of your position Employee Relations Spec. GS-11

Department and Code NAS North Island HRO C/125

Please state your (race, color, sex, religion, national origin, physical or mental handicap condition, and/or DOB): ______

VIII

# A F F I D A V I T

1. What was your working relationship to Mr. Rose and what time period did it cover?

I have worked with Mr. Rose in my role in Employee Relations and Labor Management since he came onboard.

2. How would you describe your working relationship, were you just co-workers, did you develop any recreational or afterwork activities with Mr. Rose or is your relationship purely professional?

Our relationship is strictly professional.

3. Do you recall the reasoning for the issuance of the Letter of Instruction to Mr. Rose?

Yes I do. Both I and the Supply Officer (Cmdr. Newberry) had received complaints from Mr. Roses employees about what they felt was an inappropriate relationship between Mr. Rose and Mr. Brown (Union President). They reported that they would discuss issues with Mr. Brown and Mr. Rose would know about it before they returned to the worksite. Mr. Roses vehicle would often be observed outside of the Union office. The employees did elevate their complaints through the chain of command. Mr. Rose had been a union member and his supervisory role came about as a result of a Union Grievance. The employees felt that Mr. Roses relationship with Mr. Brown was violating the confidentiality that they should enjoy with their union officials. The Letter of Instruction was a means of addressing this perception and hopefully changing the behavior pattern that had led to the situation.

4. Do you recall anyone stating to you or others that the letter was issued as a form of reprisal for Mr. Rose having filed previous EEO complaints?

Yes that was told to me by an EEO counselor and Mr. Brown.

5. Do you feel that Mr. Roses prior complaint activity had any bearing on the issuance of the Letter of Instruction?

No, I do not.

5. Did you have any role in determining who would be allowed to represent Mr. Rose in his EEO complaint process?

When he became a supervisor and he was no longer a member of the bargaining unit, the issue arose as to whether it was appropriate to allow Mr. Brown to represent Mr. Rose. Mr. Brown had represented Mr. Rose previous to this in a number of circumstances. I recommended that we allow the relationship to continue as long as the correct charges were made to document who was paying Mr. Brown while he was representing Mr. Rose. As a

 INITIALS: DJ

EXHIBIT VIII

A F F I D A V I T

representative in an EEO complaint Mr. Brown was not doing union work.

6. Why do you feel that the disciplinary action proposed by Mr. Rose against Mr. Studley was canceled?

It was canceled during the grievance process because a witness came forward (Mr. Hartman) that stated he had overheard the conversation between Mr. Rose and Mr. Studley. Initially when Mr. Rose asked him about this he denied having heard the conversation, later in the process he came forward and stated he had heard the conversation and denied hearing Mr. Studley use profanity toward Mr. Rose. As a result of this statement by Mr. Hartman it was decided that the letter was inappropriate and it was canceled.

7. Do you feel any actions were taken in this instance due to Mr. Roses having filed previous EEO complaints?

No, I do not.

8. What level of participation did you have in the completion of Mr. Roses performance appraisal issued to him in August of 1995?

I had no participation in that appraisal. I did not determine the level of rating or recommend the rating level. I did advise Mr. Murphy that I felt there was an inappropriate comment on the evaluation and I believe it was subsequently removed from the evaluation.

9. Do you feel the evaluation was issued as a form of reprisal for Mr. Rose having filed previous EEO complaints?

No, I do not.

 INITIALS: Dg

# A F F I D A V I T

10. Do you feel the comments on the performance appraisal were derogatory to Mr. Rose?

I believe they were. I don't recall the exact statements. I believe the statements had to do with his conduct and not his performance. These were the statements that were later changed after Mr. Murphy and I had talked.

I have read the above statement, consisting of 4 page(s), and it is true and complete to the best of my knowledge and belief. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties.

Sally W. Grant
(Affiant's signature)

Subscribed and (sworn to) (affirmed)
before me at NAS Miramar
on this 11th day of July, 1996

F. L. Thomas
(Examiner/~~Investigator's~~ signature)



INITIALS: SG

Exhibit IX

Meeting of 3/31/93 1500 MS Grants Office
between Sally Grant, Mr Murphy, Mr Bergman, Mr Smith, and Mr ~~Benoit~~ Benoit and my self

Mr Murphy read from a prepared statement the gist of was (1) he was receiving numerous complaints from employees about Mr Rose. MR Rose (He) was always writing things in a note book the employees believes he is writing things about them. Mr Murphy ask that Mr Rose turn in his notes to his Supervisors. Mr Rose had also told a female employee that her language was not the kind ~~or~~ a woman should use. Mr Murphy stated that language (acceptability) was the same for Men and Women. Mr Murphy went into a long expression of this session was in hope (educational purpose) to improve working relationship within Fuel Division. I reminded Mr Murphy that a lot of people keep notes to include my self personal notes are usely just reminders and are not required to be turn in, however notes on personnel are subject to the privacy act. I ask Mr Murphy if he meant that Mr Rose could turn in his personal notes? if they were on personnel and he (Mr Rose) believed supervisors needed the information

[illegible]

that I didn't have a problem with the things he was saying but I wondered why he used this arrangement. I had had many such discussions with my leaders in past but, ~~the~~ always one-on-one meetings. Mr Murphy spoke of his (Mr Rose's) grievance as why the formal presentation

Exhibit IX

to provoke retaliation, or to get even.

Exhibit IX

4/1/93 I called Mr Murphy to express my concerns of Annual Leave Disapproval and over Supervision of Mr Ross. Recommending, that he look for a way to change/improve the perceived situation.

Exhibit A

JUNE 15,1995

TO: Whom it may concern:

FROM: L.T. Bergman

On or about the second week of May 1995, Mr. Rose informed me that he had issued a Letter of Reprimand to Mr. Studley for allegedly calling him a " Fucking Liar ". Immediately after, I spoke to Ms. Sally Grant at Human Resources and asked if this was proper procedure. She informed me that Mr. Rose had not jumped his chain of command and was within his right, as a supervisor, to issue such a letter.

I then spoke to Mr. Studley and Mr. Hartman to find out what they believed was said during this conversation and how the conversation had taken place. Both Mr. Studley and Mr. Hartman claimed that the " F " word was never used , although, the word " Liar " was.

After discovering this discrepancy in their versions of the incident, I decided to investigate further and asked Mr. Rose to tell me his side. At first, Mr. Rose seemed to be quite upset when I told him that, even though he may have been correct in his right to file the paper, he should have consulted Mr. Murphy or myself as to other ways to settle this issue at the Division level. I felt that, as his next levels in the chain of command, Mr. Rose should have at least extended us the courtesy of letting us know what had happened as well as his corrective action. I also asked Mr. Rose as to Mr. Studley's tone of voice during the conversation and if it was loud enough for Mr. Hartman to have heard it from the dispatch desk. Mr. Rose claimed that it was loud enough to rock the building. In my opinion, if the conversation was as loud as Mr. Rose claims, then, Mr. Hartman should have been able to hear it quite clearly. The dispatch desk is located only 10 to 15 feet away from where the conversation took place.

Approximately 5-24-95 an informal meeting was held at Bldg. K-229 with Mr. Clay ( Union Steward ) Mr. Studley, Mr. Hartman and myself present. Mr. Clay asked Mr. Hartman if he had heard the " F " word during the conversation between Mr. Rose and Mr. Studley which resulted in the Letter of Reprimand and Mr. Hartman said " NO ". Mr. Hartman also signed a statement to document this.

If this matter had been handled at the Division level and my opinion had been requested, I would have not supported the Letter of Reprimand as the appropriate solution. If the witness had verified that he had not heard any profanity, and the circumstances had been the same, I would have recommended a verbal warning and would have documented it. This is especially

ATTACHMENT (d)

619 545 5638 P.05 DEC-07-1995 05:55

EXHIBIT X

TOTAL P.06

true considering Mr. Rose is a relatively new Supervisor and has not had much experience with issuing disciplinary actions.

In conclusion, I recommend that this Letter of Reprimand issued to Mr. Studley be removed.

Respectfully,

L.T. Bergman

L.T. Bergman

Assistant Fuels Director

TO WHOM IT MAY CONCERN

MY NAME IS MAX C. BROWN AND I AM A RETIRED GOVERNMENT EMPLOYEE FROM NAVAL AIR STATION MIRAMAR, SAN DIEGO, CALIFORNIA.

I MET ARTHUR G. ROSE DURING HIS ARBITRATION HEARING ON JANUARY 1993. HIS AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 3723 REPRESENTATIVE AT THE HEARING WAS MR. SHERMAN SWANSON. FROM MARCH 1993 UNTIL HE RETIRED IN SEPTEMBER 1997, I WAS HIS REPRESENTATIVE DURING ALL HIS ENCOUNTERS WITH NAVAL AIR STATION MIRAMAR, FUEL DIVISION.

I WAS PRESENT ON MARCH 22, 1993 FOR THE MEETING INITIATED BY THE FUEL DIVISION MANAGEMENT TEAM. IN ATTENDANCE WERE MR. LAWRENCE F. MURPHY, FUEL DIVISION DIRECTOR; MR. LAWRENCE T. BERGMAN ASST. FUEL DIVISION DIRECTOR; MR. JAMES SMITH FUEL DELIVERY BRANCH SUPERVISOR; MR. ARTHUR G. ROSE AND MYSELF. THE SUBJECT OF THIS MEETING WAS MR. ROSE'S PROJECTED ANNUAL LEAVE FORECASTED SOME MONTHS BEFORE.

IT WAS DURING THIS MEETING I TOLD MANAGEMENT THAT MR. ROSE WAS APPREHENSIVE ABOUT HIS SCHEDULED ANNUAL LEAVE FOR 10-11 APRIL 1993 SINCE MR. SMITH HAS DISAPPROVED MOST OF HIS REQUESTS FOR PROJECTED ANNUAL LEAVE IN THE PAST AND WITHOUT EXCEPTION DISAPPROVED ALL HIS PROJECTED ANNUAL LEAVE ON THE WEEKENDS. 10-11 APRIL 1993, WAS A WEEKEND.

MR. MURPHY TOLD EVERYONE PRESENT THAT MR. ROSE HAD FORECASTED WELL ENOUGH IN ADVANCE AND HE WOULD RECEIVE THE PROJECTED ANNUAL LEAVE.

MR. MURPHY THEN ORDERED MR. SMITH TO APPROVE THE PROJECTED /SCHEDULED ANNUAL LEAVE FOR 10-11 APRIL 1993. MR. SMITH STATED HE DID NOT KNOW THE WORKLOAD FOR THAT WEEKEND. MR. MURPHY AGAIN ORDERED MR. SMITH TO APPROVE THE ANNUAL LEAVE AND TOLD MR. SMITH IF A WORK LEADER WAS NEEDED THEN MR. SMITH WAS TO REPLACE MR. ROSE.

MR. ROSE SUBMITTED HIS REQUEST FOR LEAVE ON 22 MARCH 1993, THE DATE OF THE MEETING AND SUBSEQUENTLY MR. SMITH DISAPPROVED THE PROJECTED ANNUAL LEAVE REQUEST AND DISOBEYED A DIRECT ORDER FROM MR. MURPHY FUEL DIVISION DIRECTOR.

MR. ROSE AND I KEPT OUR MEETINGS AND DEALINGS ON A PROFESSIONAL BASIS AT ALL TIMES.

Mary Brown

DEPARTMENT OF THE NAVY
NAVAL AIR STATION MIRAMAR
SAN DIEGO, CA 92145-5000

IN REPLY REFER TO

NASMIRAMARINST 12430.3C
120

MAY 19 1988

Exhibit XII

NAS MIRAMAR INSTRUCTION 12430.3C

From: Commanding Officer

Subj: PERFORMANCE APPRAISAL REVIEW SYSTEM (PARS)

Ref: (a) OCPMINST 12430.1
(b) 5CFR 531.404
(c) NASMIRAMARINST 5200.7
(d) OPNAVINST 5100.23B
(e) NASMIRAMARINST 5100.20B
(f) 5 USC 4303
(g) CPI 432
(h) 5CFR 293.404(a)
(i) FPM Supplement 293-31

Encl: (1) Position Management Critical Element and Performance Standard
(2) EEO Critical Element and Performance Standard
(3) Procurement Critical Element and Performance Standard
(4) Internal Control Critical Element and Performance Standard
(5) Performance Appraisal Review System (NAS-MIR-SDIEGO 12430/13 (3-88))

1. Purpose. To publish command policy for evaluating the performance of employees covered by the Department of the Navy (DON) Performance Appraisal Review System (PARS) as directed by reference (a).

2. Cancellation. NASMIRAMARINST 12430.3B

3. Revision. Changes appearing in this instruction are extensive; therefore, revisions, deletions and additions have not been specifically identified.

4. Coverage. Provisions of this program apply to all civilian employees in the excepted and competitive service category, except for employees in the merit pay system, employees serving in temporary appointments limited to 120 days or less, and non-appropriated fund employees.

5. Policy. Performance evaluation is an integral part of any personnel management program. The program is intended to ensure performance elements for each employee's position are identified and communicated to the employee; to ensure performance standards are developed and communicated to each employee; to appraise each employee's work performance on a continuing basis, using the performance standards developed; to use the results of appraisals, along with other pertinent information as a basis for assigning, training, rewarding, retaining and assisting employees in improving performance; to strengthen the employee/supervisor relationship; and to improve overall productivity of the civilian work force at NAS Miramar.

EXHIBIT XII



6. Definitions

a. "Activity Head Designee" means the military officer or civilian official who approves PARS ratings of record and performance awards. For departments with more than twenty-five civilian employees the department head will serve as the activity head designee. For special assistants and departments with less than twenty-five civilian employees the Executive Officer will serve as activity head designee.

b. "Appraisal" means the act or process of reviewing and evaluating the performance of an employee against the described performance standard(s).

c. "Appraisal Period" means the period of time for which an employee's performance will be reviewed (15 July - ~~30 June~~ 14 July). The minimum appraisal period is 90 days.

d. "Close-out Rating" means a written "summary rating" conducted when an employee or supervisor leaves a position after the employee has been under established performance standards for at least 90 days. Close-out ratings are interim appraisals and do not serve as the annual rating of record.

e. "Critical Element" means a component of a position consisting of one or more duties and responsibilities which contributes toward accomplishing organizational goals and objectives and which is of such importance that unacceptable performance of the element would result in unacceptable performance in the position.

f. "Element Rating" means the rating assigned to each critical element.

g. "Interim Appraisal" means any progress review, training appraisal or close-out rating conducted throughout the annual performance appraisal period.

h. "Performance Award" means a one-time cash payment to an employee based on the employee's annual rating of record.

i. "Performance Award Budget" means the 1.5 percent ceiling of aggregate base salaries allocated by major commands for possible distribution as performance awards.

j. "Performance Plan" means the aggregate of all written critical elements and performance standards.

k. "Performance Standard" means a statement of the expectations or requirements established by management for a critical element at a particular rating level. A performance standard may include, but is not limited to, factors such as quality, quantity, timeliness, and manner of performance.

l. "Progress Review" means a review of the employee's progress toward achieving the performance standard(s) and is not in itself a rating.

m. "Rating of Record" means the annual Summary Rating required at the end of the appraisal period unless a special rating is conducted to support a within-grade increase determination as required by reference (b), in which case the special within-grade increase (WGI) rating becomes the rating of record. The rating of record is the official rating for pay, performance award and retention purposes.

n. "Summary Rating" means the overall rating assigned when conducting a close-out rating or a rating of record. The five summary rating levels are: Level 5, Outstanding; Level 4, Exceeds Fully Successful; Level 3, Fully Successful; Level 2, Minimally Successful; and Level 1, Unacceptable.

7. Background. Reference (a) requires activities to establish a Performance Appraisal Review System (PARS) for competitive and excepted service employees in the General Schedule grades GS-1 through GS-12 and prevailing rate employees.

8. Responsibilities

a. The Commanding Officer will:

(1) Manage the PARS program, which includes ongoing evaluation.

(2) Insure training and/or orientation is provided to employees, supervisors, and other staff officials as appropriate.

b. Activity head designees will:

(1) Ensure funding is available to pay PARS Performance Awards in consonance with expenditure levels established by higher commands.

(2) Provide final approval of PARS ratings of record, performance awards, and quality step increases (QSI).

c. Second level supervisors will:

(1) Review, approve or disapprove and/or modify covered employees' performance plans and plan changes.

(2) Review and recommend final approval of ratings of record, performance awards, and QSI's.

d. First Level Supervisors will:

(1) Develop a performance plan for each covered employee including at least one written critical element and the "Fully Successful" performance standard for each element.

(2) Encourage employee participation and ensure covered employees are involved in the development of performance plans (see paragraph 9b(3) for recommended options).

(4) Provide technical review of performance ratings/awards and QSI's.

(5) Ensure, within legal constraints, performance awards and QSI's are accurately and timely paid.

(6) Ensure supervisory certifications of position description accuracy are reviewed and appropriate actions taken.

9. Performance appraisal

a. Appraisal Period

(1) The rating priod is established as ~~1 July - 30 June.~~ 15 July to 14 July All employees shall be evaluated annually in accordance with established performance standards.

(2) To receive a rating of record, an employee must have served for a minimum appraisal period of 90 days under an approved performance plan at the same grade level. If necessary, the employee's rating period will be extended beyond ~~30 June~~ 14 July to insure the minimum 90 day period.

b. The Performance Plan

(1) Individual employee performance plans shall be in writing. Performance elements and standards will be prepared based on the requirements of the employee's position. Generic elements and standards may be used.

(2) Accomplishment of organizational objectives should, when appropriate, be included in performance plans by incorporating goals, program plans, or other similar means that account for program results.

(3) Employee participation must be encouraged in establishing performance plans. This may be accomplished by means including, but not limited to, those cited below:

(a) Employee and supervisor discuss and develop the performance plan together.

(b) Employee provides a draft performance plan to supervisor.

(c) Employee comments on draft performance plan prepared by supervisor.

(d) Performance plan is prepared by a group of employees occupying similar positions.

Final authority for establishing such plans rests with the supervising officials.

(4) A minimum of one critical element will be established for each position. However, it is strongly recommended that employees receive at least

DEPARTMENT OF THE NAVY
NAVAL AIR STATION MIRAMAR
SAN DIEGO, CA 92145-5000

IN REPLY REFER TO:
NASMIRAMARINST 12430.3C CH-2
124
MAR 1 3 1990

NAS MIRAMAR INSTRUCTION 12430.3C CHANGE TRANSMITTAL 2

From: Commanding Officer

Subj: PERFORMANCE APPRAISAL REVIEW SYSTEM (PARS)

Encl: (1) Replacement pages 13 and 14 of basic instruction

1. Purpose. To issue change two to the basic instruction.

2. Action

a. Replace pages 13 and 14 with enclosure (1).

b. Make the following pen and ink changes:

(1) Change paragraph 6c, line 2 from "(1 July - 30 June)" to "(15 July - 14 July)".

(2) Change paragraph 9a (1) line 1 from "1 July - 30 June" to "15 July - 14 July".

(3) Change paragraph 9a (2) line 4 from "30 June" to "14 July".

(4) Delete last sentence of paragraph 10d(3).

(5) Indicate CH-2 and date of this transmittal in the upper right hand corner of the basic instruction.

L. G. PEARSON

Distribution:
NASMIRAMARINST 5605.1W
List I and V (Except 200)
COMFITAEWWINGPAC
FASOTRAGRUPAC DET
NAMTRAGRU DETS
NAVAIRESCEN
NARC
NAVFITWEPSCOL
CMP
FLTIMAGCENPAC SD
NAESU DET
NAVCONBRIG
VF 124
VAW 110
AFGE Local 3723, Unit "G"
IFPTE Local #16

EXHIBIT - XIII

MY ANNUAL LEAVE REQUESTS APPROVED / DISAPPROVED

| | | | | |
|---|---|---|---|---|
| 13 MARCH 1993, | SATURDAY | - 4 HOURS | - | DISAPPROVED. |
| 20 MARCH 1993, | SATURDAY | - 2 HOURS | - | DISAPPROVED. |
| 23 MARCH 1993, | TUESDAY | - 4 HOURS | - | DISAPPROVED. |
| 27 MARCH 1993, | SATURDAY | - 4 HOURS | - | DISAPPROVED. |
| 31 MARCH 1993, | WEDNESDAY | - 4 HOURS | - | DISAPPROVED. |
| 3 APRIL 1993, | SATURDAY | - 4 HOURS | - | DISAPPROVED. |
| 10 APRIL 1993, | SATURDAY | - 8 HOURS | - | DISAPPROVED. |
| 11 APRIL 1993, | SUNDAY | - 8 HOURS | - | DISAPPROVED. |
| 14 APRIL 1993, | WEDNESDAY | - 4 HOURS | - | APPROVED. |
| 17 APRIL 1993, | SATURDAY | - 1 HOUR | - | DISAPPROVED. |
| 21 APRIL 1993, | WEDNESDAY | - 4 HOURS | - | APPROVED. |
| 24 APRIL 1993, | SATURDAY | - 1 HOUR | - | DISAPPROVED. |
| 1 MAY 1993, | SATURDAY | - 4 HOURS | - | DISAPPROVED. |

THE ANNUAL LEAVE FOR 10-11 APRIL 1993 HAD BEEN FORECASTED PRIOR TO THE WORK LEADER ROTATION. **PLEASE SEE EXHIBIT - XI,**

| | |
|---|---|
| TOTAL - APPROVED | - 8 HOURS |
| Total - DISAPPROVED | - 44 HOURS |
| SUBMITTED | - 52 HOURS |

MR. CARLOS BARNFIELD'S LEAVE APPROVED BY MR. JAMES SMITH

| | | | |
|---|---|---|---|
| 24 JANUARY 1993, | SUNDAY | 2 HOURS | - SICK LEAVE. |
| 25 JANUARY 1993, | MONDAY | 8 HOURS | - SICK LEAVE. |
| 30 JANUARY 1993, | SATURDAY | 2 HOURS | - SICK LEAVE. |
| 7 FEBRUARY 1993, | SUNDAY | 2 HOURS | - ANNUAL LEAVE. |
| 13 FEBRUARY 1993, | SATURDAY | 4 HOURS | - ANNUAL LEAVE. |
| 14 FEBRUARY 1993, | SUNDAY | 4 HOURS | - ANNUAL LEAVE. |
| 28 FEBRUARY 1993, | SUNDAY | 2 HOURS | - ANNUAL LEAVE. |

ALL WORK LEADERS HAD THE SAME RESPONSIBILITY AND OPERATIONAL COMMITMENTS ON THE WEEKENDS; WITHOUT EXCEPTION ALL MY WEEKENDS REQUESTS WERE DISAPPROVED EVEN THE FORECASTED LEAVE FOR 10-11 APRIL 1993, BY MR. JAMES SMITH WHILE HE WAS APPROVING MR. BARNFIELD'S UNFORECASTED ANNUAL LEAVE REQUESTS FOR WEEKENDS.

LEADER - BARNFIELD

STD JON 602593SA032 ... HRS OF WORK 1130-2000 SAT & SUN

| | SUN | MON | TUE | WED | THR | FRI | SAT | SUN | MON | TUE | WED | THR | FRI | SAT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOUR | 800 | 800 | 800 | 800 | | | 800 | 800 | 800 | 800 | 800 | | | 800 |
| TYP/SFT | SF 1 | RS 2 | RS 2 | RS 2 | | | RF 1 | SF 1 | H 2 | RS 2 | RS 2 | | | RF 1 |
| GRADED NO | SS 2 | | | | | | RS 2 | SS 2 | | | | | | RS 2 |

| WEEK | DAY | TYPE HOUR | HOURS | JOB ORDER NUMBER | ENV HAZ | LST HR | TMP SFT | NIGHT DIFF | START TIME | INIT |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | LA | 2 0 | | | | | | | |
| 1 | 7 | LA | 4 0 | | | | | | | |
| 2 | 1 | LA | 4 0 | | | | | | | |

REG | OT | COMP | HOL | SUN | 2ND | 3RD | ND | E/H | LV | NP/LV

CERTIFICATION: ATTENDANCES AND ABSENCES CERTIFIED CORRECT. OVERTIME APPROVED IN ACCORDANCE WITH EXISTING LAWS AND REGULATIONS FOR NON-EXEMPT FLSA I DID NOT SUFFER OR PERMIT ANY OVERTIME WORK OTHER THAN AS

---

LEADER - BARNFIELD

| EMPLOYEE ID | BLK/GRP | ACT UIC | DIST | EMPLOYEE NAME | PLT ROT | PERIOD ENDING |
|---|---|---|---|---|---|---|
| [redacted] | 0604 | 0602591 | FTSV | BARNFIELD CARLOS N | | 01/23/93 |

STD JON 602593SA032 — PG 3637 — HRS OF WORK 1130-2000 / 1500-2330 SAT & SUN 1130-2000

| | SUN | MON | TUE | WED | THR | FRI | SAT | SUN | MON | TUE | WED | THR | FRI | SAT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOUR | 9 00 | 200 | 300 | 800 | ~~563~~ | ~~226~~ | 8 00 | 5 00 | 900 | 800 | 800 | ~~222~~ | ~~222~~ | 9 00 |
| TYP/SFT | SF 1 | RF 1 | RF 1 | ~~RF~~ | | | RF 2 | SF 1 | H 2 | ~~F 2~~ | S 2 | | | RF 1 |
| GRADED NO | | RS 2 | RS 2 | RS 2 | | | | | | RS 2 | | | | |

| WEEK | DAY | TYPE HOUR | HOURS | JOB ORDER NUMBER | ENV HAZ | LST HR | TMP SFT | NIGHT DIFF | START TIME | INIT |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | See corrected T/C | | | | | | |

REG | OT | COMP | HOL | SUN | 2ND | 3RD | ND | E/H | LV | NP/LV

CERTIFICATION: ATTENDANCES AND ABSENCES CERTIFIED CORRECT. OVERTIME APPROVED IN ACCORDANCE WITH EXISTING

---

LEADER - BARNFIELD

| EMPLOYEE ID | BLK/GRP | ACT UIC | DIST | EMPLOYEE NAME | PLT ROT | PERIOD ENDING |
|---|---|---|---|---|---|---|
| [redacted] | 0604 | 0602591 | FTSV | BARNFIELD CARLOS N | | 02/06/93 |

STD JON 602593SA032 — PG 3627 — HRS OF WORK 1500-2330 M-F 1130-2000 S

| | SUN | MON | TUE | WED | THR | FRI | SAT | SUN | MON | TUE | WED | THR | FRI | SAT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOUR | 800 | 800 | 800 | 800 | | | 800 | 800 | 800 | 800 | 800 | | | 800 |
| TYP/SFT | SF 1 | RS 2 | RS 2 | RS 2 | | | ~~SS 2~~ | SF 1 | RS 2 | RS 2 | RS 2 | | | ~~SS 2~~ |
| GRADED NO | SS 2 | | | | | | RS 2 | SS 2 | | | | | | RS 2 |

| WEEK | DAY | TYPE HOUR | HOURS | JOB ORDER NUMBER | ENV HAZ | LST HR | TMP SFT | NIGHT DIFF | START TIME | INIT |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | LS | 2 0 | | | | | | | |
| 1 | 2 | LS | 8 0 | | | | | | | |
| 1 | 7 | LS | 1 0 | | | | | | | |

REG | OT | COMP | HOL | SUN | 2ND | 3RD | ND | E/H | LV | NP/LV

CERTIFICATION: ATTENDANCES AND ABSENCES CERTIFIED CORRECT. OVERTIME APPROVED IN ACCORDANCE WITH EXISTING

Exhibit XIII

1130 - 2000

| TYP/SFT | 3SS | 2RS | 2RS | 2RS | 2 | RS | 2SS | 2RS | 2RS | 2RS | 2 | RS | 2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

GRADED NO

| WEEK | DAY | TYPE HOUR | HOURS | JOB ORDER NUMBER | ENV HAZ | LST HR | TMP SFT | NIGHT DIFF | START TIME | INIT |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 1 | LA | 2.0 | | | | | | | |

Loader
BARNFIELD

REG | OT | COMP | HOL | SUN | 2ND | 3RD | ND | E/H | LV | NP/LV

x CB[illegible]

CERTIFICATION ATTENDANCES AND ABSENCES CERTIFIED CORRECT OVERTIME APPROVED IN ACCORDANCE WITH EXISTING LAWS AND REGULATIONS FOR NON-EXEMPT FLSA I DID NOT SUFFER OR PERMIT ANY OVERTIME WORK OTHER THAN AS

---

EMPLOYEE ID | BLK/GRP | ACT UIC | DIST | EMPLOYEE NAME | PLT ROT | PERIOD ENDING | SEC

C C C 4 C 5 C 2 5 9 1 F T S V — 03/08/93 — 00

STD JON 6025935AC32 — PG 3627 — HRS OF WORK 2300-0230

| | SUN | MON | TUE | WED | THR | FRI | SAT | SUN | MON | TUE | WED | THR | FRI | SAT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOUR | | 8CC | 8CC | 8CC | 8CC | 8CC | | | 8CC | 8CC | 8CC | 8CC | 8CC | |
| TYP/SFT | | RT 3 | RT 3 | RT 3 | RT 3 | RT 3 | | | RT 3 | RT 3 | RT 3 | RT 3 | RT 3 | |
| GRADED NO | | | | | | | | | | | | | | |

| WEEK | DAY | TYPE HOUR | HOURS | JOB ORDER NUMBER | ENV HAZ | LST HR | TMP SFT | NIGHT DIFF | START TIME | INIT |
|---|---|---|---|---|---|---|---|---|---|---|

REG | OT | COMP | HOL | SUN | 2ND | 3RD | ND | E/H | LV | NP/LV

CERTIFICATION ATTENDANCES AND ABSENCES CERTIFIED CORRECT OVERTIME APPROVED IN ACCORDANCE WITH EXISTING LAWS AND REGULATIONS FOR NON-EXEMPT FLSA I DID NOT SUFFER OR PERMIT ANY OVERTIME WORK OTHER THAN AS

---

EMPLOYEE ID | BLK/GRP | ACT UIC | DIST | EMPLOYEE NAME | PLT ROT | PERIOD ENDING | SEC

C C C 4 C 5 C 2 5 9 1 F T S V — 03/08/93 — 00

STD JON 6025935AC32 — PG 3628 — HRS OF WORK 2300-0230

| | SUN | MON | TUE | WED | THR | FRI | SAT | SUN | MON | TUE | WED | THR | FRI | SAT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOUR | 8CC | 8CC | | | 8CC | 8CC | 8CC | 8CC | 8CC | | | 8CC | 8CC | 8CC |
| TYP/SFT | ST 3 | RT 3 | | | RT 3 | RT 3 | ST 3 | ST 3 | RT 3 | | | RT 3 | RT 3 | ST 3 |
| GRADED NO | | | | | | | | | | | | | | |

| WEEK | DAY | TYPE HOUR | HOURS | JOB ORDER NUMBER | ENV HAZ | LST HR | TMP SFT | NIGHT DIFF | START TIME | INIT |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | LA | 8.0 | | | | | | | |

REG | OT | COMP | HOL | SUN | 2ND | 3RD | ND | E/H | LV | NP/LV

x Kathleen M Reed

CERTIFICATION ATTENDANCES AND ABSENCES CERTIFIED CORRECT OVERTIME APPROVED IN ACCORDANCE WITH EXISTING LAWS AND REGULATIONS FOR NON-EXEMPT FLSA I DID NOT SUFFER OR PERMIT ANY OVERTIME WORK OTHER THAN AS

Exhibit XIII

LADER ROSE

| | |
|---|---|
| TYP/SFT | SS 2 RS 2 RS 2 RS 2 RS 2 — RS 2 SS 2 RS 2 RS 2 RS 2 RS 2 — RS 2 |
| GRADED ND | |

| WEEK | DAY | TYPE HOUR | HOURS | JOB ORDER NUMBER | ENV HAZ | LST HR | TMP SFT | NIGHT DIFF | START TIME | INIT |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 3 | LA | 4 0 | | | | | | | |
| 2 | 3 | LA | 4 0 | | | | | | | |

REG | OT | COMP | HOL | SUN | 2ND | 3RD | ND | E/H | LV | NP/LV

CERTIFICATION: ATTENDANCES AND ABSENCES CERTIFIED CORRECT. OVERTIME APPROVED IN ACCORDANCE WITH EXISTING LAWS AND REGULATIONS FOR NON-EXEMPT FLSA. I DID NOT

| EMPLOYEE ID | BLK/GRP | ACT UIC | DIST | EMPLOYEE NAME | PLT ROT | PERIOD ENDING | SE |
|---|---|---|---|---|---|---|---|
| | 0629 | 0602591 | ETSV | | | 03/20/93 | 00 |

STD JON 602593SA032 PG 3609 HRS OF WORK 1500-2330

| | SUN | MON | TUE | WED | THR | FRI | SAT | SUN | MON | TUE | WED | THR | FRI | SAT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOUR | 800 | 800 | 800 | 800 | 800 | | | 800 | 800 | 800 | 800 | 800 | | |
| TYP/SFT | SS 2 | RS 2 | RS 2 | RS 2 | RS 2 | | | SS 2 | RS 2 | RS 2 | RS 2 | RS 2 | | |
| GRADED ND | | | | | | | | | | | | | | |

| WEEK | DAY | TYPE HOUR | HOURS | JOB ORDER NUMBER | ENV HAZ | LST HR | TMP SFT | NIGHT DIFF | START TIME | INIT |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 3 | LS | 8 0 | | | | | | | |
| 2 | 4 | LS | 8 0 | | | | | | | |

REG | OT | COMP | HOL | SUN | 2ND | 3RD | ND | E/H | LV | NP/LV

CERTIFICATION: ATTENDANCES AND ABSENCES CERTIFIED CORRECT. OVERTIME APPROVED IN ACCORDANCE WITH EXISTING LAWS AND REGULATIONS FOR NON-EXEMPT FLSA. I DID NOT

| EMPLOYEE ID | BLK/GRP | ACT UIC | DIST | EMPLOYEE NAME | PLT ROT | PERIOD ENDING | SE |
|---|---|---|---|---|---|---|---|
| | 0609 | 0602591 | ETSV | | | 03/20/93 | 00 |

STD JON 602593SA032 PG 3611 HRS OF WORK 2300-0730

| | SUN | MON | TUE | WED | THR | FRI | SAT | SUN | MON | TUE | WED | THR | FRI | SAT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOUR | 800 | 800 | 800 | 800 | | | 800 | 800 | 800 | 800 | 800 | | | 800 |
| TYP/SFT | ST 3 | RT 3 | RT 3 | RT 3 | | | ST 3 | ST 3 | RT 3 | RT 3 | RT 3 | | | ST 3 |
| GRADED ND | | | | | | | | | | | | | | |

| WEEK | DAY | TYPE HOUR | HOURS | JOB ORDER NUMBER | ENV HAZ | LST HR | TMP SFT | NIGHT DIFF | START TIME | INIT |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 3 | LS | 6 0 | | | | | | | |

REG | OT | COMP | HOL | SUN | 2ND | 3RD | ND | E/H | LV | NP/LV

CERTIFICATION: ATTENDANCES AND ABSENCES CERTIFIED CORRECT. OVERTIME APPROVED IN ACCORDANCE WITH EXISTING LAWS AND REGULATIONS FOR NON-EXEMPT FLSA. I DID NOT

Exhibit XIII

...the Privacy Act Statement shown below.

1. Name (Print or Type—Last, First, M.I.)
ROSE ARTHUR G

2. Employee I.D. Number
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

3. Organizational Unit
Supply Dept - Fuel Division

4-A FROM: Month APR Day 24 Hour 1130 A.M.
4-B TO: Month APR Day 24 Hour 1230 P.M.
4-C Total Number of Hours: 1

5. I hereby request (If more than one box is checked, explain in Item 6, Remarks):
- [X] Annual Leave. (Annual leave requested may not exceed the amount available for use during the leave year.)
- [ ] Sick Leave. (Complete reverse side of form.)
- [ ] Leave Without Pay.
- [ ] Compensatory Time.
- [ ] Other. (Specify)

6. Remarks

7. Employee's Signature: Arthur G Rose

8. Date (Month, Day, Year): 4/19/93

**OFFICIAL ACTION ON APPLICATION**

- [ ] Approved
- [X] Disapproved (If disapproved, give reason. If annual leave, initiate action to reschedule.)

Operational commitment

Signature (Annual leave approval may not exceed the amount available for use during the leave year.)

Date (Month, Day, Year): 4/21/93

NSN 7540-00-753-5067

SF 71
(Revised 3/79)
OFFICE OF PERSONNEL MANAGEMENT
FPM Supple. 990-2, S 2-9

## APPLICATION FOR LEAVE

71-112

INSTRUCTIONS: Please complete Items 1-8 after reading the Privacy Act Statement shown below.

SAT

1. Name (Print or Type—Last, First, M.I.)
ROSE ARTHUR G

2. Employee I.D. Number
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

3. Organizational Unit
Supply Dept - Fuel Division

4-A FROM: Month MAR Day 13 Hour 1130 A.M.
4-B TO: Month MAR Day 13 Hour 1600
4-C Total Number of Hours: 4

5. I hereby request (If more than one box is checked, explain in Item 6, Remarks):
- [X] Annual Leave. (Annual leave requested may not exceed the amount available for use during the leave year.)
- [ ] Sick Leave. (Complete reverse side of form.)
- [ ] Leave Without Pay.
- [ ] Compensatory Time.
- [ ] Other. (Specify)

6. Remarks

7. Employee's Signature: Arthur G Rose

8. Date (Month, Day, Year): MAR 3 1993

**OFFICIAL ACTION ON APPLICATION**

- [ ] Approved
- [X] Disapproved (If disapproved, give reason. If annual leave, initiate action to reschedule.)

Because of operational commitments

Signature (Annual leave approval may not exceed the amount available for use during the leave year.)

Date (Month, Day, Year): 3/11/93

NSN 7540-00-753-5067

SF 71
(Revised 3/79)
OFFICE OF PERSONNEL MANAGEMENT
FPM Supple. 990-2, S 2-9

## APPLICATION FOR LEAVE

71-112

INSTRUCTIONS: Please complete Items 1-8 after reading the Privacy Act Statement shown below.

SAT

1. Name (Print or Type—Last, First, M.I.)
ROSE, ARTHUR G

2. Employee I.D. Number
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

3. Organizational Unit
Supply Dept - Fuel Division

4-A FROM: Month MAR Day 20 Hour 1130 A.M.
4-B TO: Month MAR Day 20 Hour 1330
4-C Total Number of Hours: 2

5. I hereby request (If more than one box is checked, explain in Item 6, Remarks):
- [X] Annual Leave. (Annual leave requested may not exceed the amount available for use during the leave year.)
- [ ] Sick Leave. (Complete reverse side of form.)
- [ ] Leave Without Pay.
- [ ] Compensatory Time.
- [ ] Other. (Specify)

6. Remarks

7. Employee's Signature: Arthur G Rose

8. Date (Month, Day, Year): MAR 3 1993

**OFFICIAL ACTION ON APPLICATION**

- [ ] Approved
- [X] Disapproved (If disapproved, give reason. If annual leave, initiate action to reschedule.)

Operational commitment

Signature (Annual leave approval may not exceed the amount available for use during the leave year.)

Date (Month, Day, Year): 3/11/93

NSN 7540-00-753-5067

Exhibit XIII

INSTRUCTIONS: Please complete Items 1-8 after reading the Privacy Act Statement shown below.

1. Name (Print or type—Last, First, M.I.) ROSE ARTHUR G
2. Employee I.D. Number 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
3. Organizational Unit Supply Dept-Fuel Division
4-A FROM: Month Apr Day 17 Hour 1130 A.M.
4-B TO: Month Apr Day 17 Hour 1230 P.M.
4-C Total Number of Hours 1
5. I hereby request (If more than one box is checked, explain in Item 6, Remarks):
- [X] Annual Leave. (Annual leave requested may not exceed the amount available for use during the leave year.)
- [ ] Sick Leave. (Complete reverse side of form.)
- [ ] Leave Without Pay.
- [ ] Compensatory Time.
- [ ] Other. (Specify)

6. Remarks
7. Employee's Signature Arthur G Rose
8. Date 4-2-93

OFFICIAL ACTION ON APPLICATION

- [ ] Approved
- [X] Disapproved (If disapproved, give reason. If annual leave, initiate action to reschedule.)

Operational Commitment

Signature (Annual leave approved may not exceed the amount available for use during the leave year.) [signature]
Date 4/15/93

NSN 7540-00-753-5067

---

Revised 3/79
OFFICE OF PERSONNEL MANAGEMENT
FPM Supple. 990-2 & 2-9

71-112

## APPLICATION FOR LEAVE

SAT

INSTRUCTIONS: Please complete Items 1-8 after reading the Privacy Act Statement shown below.

1. Name (Print or type—Last, First, M.I.) ROSE ARTHUR G
2. Employee I.D. Number
3. Organizational Unit Supply Dept-Fuel Division
4-A FROM: Month May Day 1 Hour 1130 A.M.
4-B TO: Month May Day 1 Hour 1600 P.M.
4-C Total Number of Hours 4
5. I hereby request (If more than one box is checked, explain in Item 6, Remarks):
- [X] Annual Leave. (Annual leave requested may not exceed the amount available for use during the leave year.)
- [ ] Sick Leave. (Complete reverse side of form.)
- [ ] Leave Without Pay.
- [ ] Compensatory Time.
- [ ] Other. (Specify)

6. Remarks
7. Employee's Signature Arthur G Rose
8. Date Apr 24 93

OFFICIAL ACTION ON APPLICATION

- [ ] Approved
- [X] Disapproved (If disapproved, give reason. If annual leave, initiate action to reschedule.)

Operational Commitment

Signature (Annual leave approved may not exceed the amount available for use during the leave year.) [signature]
Date 4/28/93

NSN 7540-00-753-5067

---

SF 71
(Revised 3/79)
OFFICE OF PERSONNEL MANAGEMENT
FPM Supple. 990-2, C 2-9

71-112

## APPLICATION FOR LEAVE

SAT

INSTRUCTIONS: Please complete Items 1-8 after reading the Privacy Act Statement shown below.

1. Name (Print or type—Last, First, M.I.) ROSE ARTHUR G
2. Employee I.D. Number 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
3. Organizational Unit Supply Dept-Fuel Division
4-A FROM: Month Mar Day 27 Hour 1130 A.M.
4-B TO: Month Mar Day 27 Hour 1600 P.M.
4-C Total Number of Hours 4
5. I hereby request (If more than one box is checked, explain in Item 6, Remarks):
- [X] Annual Leave. (Annual leave requested may not exceed the amount available for use during the leave year.)
- [ ] Sick Leave. (Complete reverse side of form.)
- [ ] Leave Without Pay.
- [ ] Compensatory Time.
- [ ] Other. (Specify)

6. Remarks
7. Employee's Signature Arthur G Rose
8. Date Mar 22 93

OFFICIAL ACTION ON APPLICATION

- [ ] Approved
- [X] Disapproved (If disapproved, give reason. If annual leave, initiate action to reschedule.)

Operational Commitment

Signature (Annual leave approved may not exceed the amount available for use during the leave year.) [signature]
Date 3/23/93

NSN 7540-00-753-5067

Exhibit XIII

SF 71
(Revised 3/79)
OFFICE OF PERSONNEL MANAGEMENT
FPM Supple. 990-2, S 2-9

71-112

# APPLICATION FOR LEAVE

**INSTRUCTIONS:** Please complete Items 1-8 after reading the Privacy Act Statement shown below.

1. Name (Print or type—Last, First, M.I.): ROSE ARTHUR G
2. Employee I.D. Number: 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
3. Organizational Unit: Supply Dept - Fuel Division

| 4-A | Month | Day | Hour | | 4-C Total Number of Hours |
|---|---|---|---|---|---|
| FROM: | MAR | 31 | 1500 | A.M. / P.M. | 4 |
| 4-B TO: | MAR | 31 | 1730 | A.M. / P.M. | |

5. I hereby request *(If more than one box is checked, explain in Item 6, Remarks):*
- [X] Annual Leave. *(Annual leave requested may not exceed the amount available for use during the leave year.)*
- [ ] Sick Leave. *(Complete reverse side of form.)*
- [ ] Leave Without Pay.
- [ ] Compensatory Time.
- [ ] Other. *(Specify)*

6. Remarks

7. Employee's Signature: Arthur G Rose
8. Date (Month, Day, Year): MAR 22, 1993

## OFFICIAL ACTION ON APPLICATION

- [ ] Approved
- [ ] Disapproved *(If disapproved, give reason. If annual leave, initiate action to reschedule.)*

Signature *(Annual leave approved may not exceed the amount available for use during the leave year.)*

Date *(Month, Day, Year)*

NSN 7540-00-753-5067

SF 71
(Revised 3/79)
OFFICE OF PERSONNEL MANAGEMENT
FPM Supple. 990-2, S 2-9

71-112

# APPLICATION FOR LEAVE

**INSTRUCTIONS:** Please complete Items 1-8 after reading the Privacy Act Statement shown below.

1. Name (Print or type—Last, First, M.I.): ROSE ARTHUR G
2. Employee I.D. Number: 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
3. Organizational Unit: Supply Dept - Fuel Division

| 4-A | Month | Day | Hour | | 4-C Total Number of Hours |
|---|---|---|---|---|---|
| FROM: | APRIL | 3 | 1130 | A.M. / P.M. | 4 |
| 4-B TO: | APRIL | 3 | 1600 | A.M. / P.M. | |

5. I hereby request *(If more than one box is checked, explain in Item 6, Remarks):*
- [X] Annual Leave. *(Annual leave requested may not exceed the amount available for use during the leave year.)*
- [ ] Sick Leave. *(Complete reverse side of form.)*
- [ ] Leave Without Pay.
- [ ] Compensatory Time.
- [ ] Other. *(Specify)*

6. Remarks

7. Employee's Signature: Arthur G Rose
8. Date (Month, Day, Year): MAR 22, 1993

## OFFICIAL ACTION ON APPLICATION

- [ ] Approved
- [ ] Disapproved *(If disapproved, give reason. If annual leave, initiate action to reschedule.)*

Signature *(Annual leave approved may not exceed the amount available for use during the leave year.)*

Date *(Month, Day, Year)*

NSN 7540-00-753-5067

Exhibit XIII

SF 71
(Revised 3/79)
OFFICE OF PERSONNEL MANAGEMENT
FPM Supple. 990-2, S 2-9

71-112

## APPLICATION FOR LEAVE

INSTRUCTIONS: Please complete Items 1-8 after reading the Privacy Act Statement shown below.

1. Name (Print or type—Last, First, M.I.) ROSE ARTHUR G
2. Employee I.D. Number 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
3. Organizational Unit Supply Dept-Fuel Division
4-A FROM: Month MAR Day 27 Hour 1130 A.M.
4-B TO: Month MAR Day 27 Hour 1600 P.M.
4-C Total Number of Hours 4
5. I hereby request (If more than one box is checked, explain in Item 6, Remarks):
- [X] Annual Leave. (Annual leave requested may not exceed the amount available for use during the leave year.)
- [ ] Sick Leave. (Complete reverse side of form.)
- [ ] Leave Without Pay.
- [ ] Compensatory Time.
- [ ] Other. (Specify)

6. Remarks
7. Employee's Signature Arthur G Rose
8. Date (Month, Day, Year) MAR 22, 93

### OFFICIAL ACTION ON APPLICATION

- [ ] Approved
- [X] Disapproved (If disapproved, give reason. If annual leave, initiate action to reschedule.) Operational Commitment

Signature (Annual leave approved may not exceed the amount available for use during the leave year.) [signature] Smith
Date (Month, Day, Year) 3/23/93

NSN 7540-00-753-5067

SF 71
(Revised 3/79)
OFFICE OF PERSONNEL MANAGEMENT
FPM Supple. 990-2, S 2-9

71-112

## APPLICATION FOR LEAVE

INSTRUCTIONS: Please complete Items 1-8 after reading the Privacy Act Statement shown below.

1. Name (Print or type—Last, First, M.I.) ROSE ARTHUR G.
2. Employee I.D. Number 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
3. Organizational Unit Supply Dept-Fuel Division
4-A FROM: Month MAR Day 23 Hour 1500 P.M.
4-B TO: Month MAR Day 23 Hour 1930 P.M.
4-C Total Number of Hours 4
5. I hereby request (If more than one box is checked, explain in Item 6, Remarks):
- [X] Annual Leave. (Annual leave requested may not exceed the amount available for use during the leave year.)
- [ ] Sick Leave. (Complete reverse side of form.)
- [ ] Leave Without Pay.
- [ ] Compensatory Time.
- [ ] Other. (Specify)

6. Remarks
7. Employee's Signature Arthur G Rose
8. Date (Month, Day, Year) MAR 22, 93

### OFFICIAL ACTION ON APPLICATION

- [ ] Approved
- [X] Disapproved (If disapproved, give reason. If annual leave, initiate action to reschedule.) Operational Commitment

Signature (Annual leave approved may not exceed the amount available for use during the leave year.) [signature] Smith
Date (Month, Day, Year) 3/22/93

NSN 7540-00-753-5067

Exhibit XIII

SF 71
(Revised 3/79)
OFFICE OF PERSONNEL MANAGEMENT
FPM Supple. 990-2, § 2-9

71-112

# APPLICATION FOR LEAVE

**INSTRUCTIONS:** Please complete Items 1-8 after reading the Privacy Act Statement shown below.

1. Name (Print or type—Last, First, M.I.) ROSE, ARTHUR G
2. Employee I.D. Number 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
3. Organizational Unit SUPPLY DEPT - FUEL DIVISION

| | Month | Day | Hour | |
|---|---|---|---|---|
| 4-A FROM: | APR | 21 | 1500 | P.M. (circled) |
| 4-B TO: | APR | 21 | 1900 | P.M. (circled) |

4-C Total Number of Hours: 4

5. I hereby request (If more than one box is checked, explain in Item 6, Remarks):
- [X] Annual Leave. (Annual leave requested may not exceed the amount available for use during the leave year.)
- [ ] Sick Leave. (Complete reverse side of form.)
- [ ] Leave Without Pay.
- [ ] Compensatory Time.
- [ ] Other. (Specify)

6. Remarks

7. Employee's Signature: Arthur G Rose
8. Date (Month, Day, Year): Apr 14 93

## OFFICIAL ACTION ON APPLICATION

- [X] Approved
- [ ] Disapproved (If disapproved, give reason. If annual leave, initiate action to reschedule.)

Signature (Annual leave approved may not exceed the amount available for use during the leave year.): [signature]

Date (Month, Day, Year): 4/21/93

NSN 7540-00-753-5067

SF 71
(Revised 3/79)
OFFICE OF PERSONNEL MANAGEMENT
FPM Supple. 990-2, § 2-9

71-112

# APPLICATION FOR LEAVE

**INSTRUCTIONS:** Please complete Items 1-8 after reading the Privacy Act Statement shown below.

1. Name (Print or type—Last, First, M.I.) ROSE ARTHUR G
2. Employee I.D. Number 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
3. Organizational Unit SUPPLY DEPT - FUEL DIVISION

| | Month | Day | Hour | |
|---|---|---|---|---|
| 4-A FROM: | APR | 24 | 1130 | A.M. (circled) |
| 4-B TO: | APR | 24 | 1230 | P.M. (circled) |

4-C Total Number of Hours: 1

5. I hereby request (If more than one box is checked, explain in Item 6, Remarks):
- [X] Annual Leave. (Annual leave requested may not exceed the amount available for use during the leave year.)
- [ ] Sick Leave. (Complete reverse side of form.)
- [ ] Leave Without Pay.
- [ ] Compensatory Time.
- [ ] Other. (Specify)

6. Remarks

7. Employee's Signature: Arthur G Rose
8. Date (Month, Day, Year): Apr 14 93

## OFFICIAL ACTION ON APPLICATION

- [ ] Approved
- [X] Disapproved (If disapproved, give reason. If annual leave, initiate action to reschedule.)

Operational commitment

Signature (Annual leave approved may not exceed the amount available for use during the leave year.): [signature]

Date (Month, Day, Year): 4/21/93

NSN 7540-00-753-5067

Exhibit VIII

DEPARTMENT OF THE NAVY
NAVAL AIR STATION MIRAMAR
SAN DIEGO CA 92145 5000

IN REPLY REFER TO
NASMIRAMARINST 7420.5B
100

NAS MIRAMAR INSTRUCTION 7420.5B

From: Commanding Officer

Subj: CIVILIAN (CIVIL SERVICE) TIME AND ATTENDANCE AND SALARY PAYMENTS

Ref: (a) NAVCOMPT MANUAL VOLUME III
(b) NASMIRAMARINST 12610.1C
(c) NASMIRAMARINST 12630.1E
(d) SECNAVINST 7000.11C

Encl: (1) Procedures for Civilian Timekeeping
(2) Procedures for Work Schedule Change Form
(3) Procedures for Salary Payments and Payroll Forms

1. Purpose. To provide information and guidance in regard to the preparation and submission of civilian time and attendance, and salary payments.

2. Cancellation. NASMIRAMARINST 7420.5A

3. Revision. Changes appearing in this instruction are extensive; therefore, revisions, deletions and additions have not been specifically identified.

4. Scope. Reference (a) assigns the responsibility for civilian time and attendance to the Comptroller (Code 100). References (b) and (c) establish policies and procedures for leave and work hours. The instructions and illustrations contained in enclosures (1) through (3) provide guidance for most conditions that can be anticipated.

5. Action

a. Each department head employing civilian personnel shall ensure the procedures are followed by all personnel involved in the civilian time and attendance procedures. Adequate supervisory control shall be maintained to ensure the accurate and timely processing of payroll documents. Changes in the method of recording of attendance should not be undertaken without prior guidance from the Human Resources Office (HRO).

b. Should problems develop which are not covered in this instruction, contact the Payroll Accounting Technician (Code 1013), X76526 or the Division Director (Code 101), X76525 for additional guidance.

6. Forms

a. The following forms may be obtained from Servmart or requisitioned through the supply system:

(1) Standard Form 71, Application for Leave

(2) NAVCOMPT Form 2282, Overtime Request and Authorization

b. The following forms may be obtained from the Comptroller Department (Code 1013):

(1) Standard Form 1199A, Direct Deposit Sign-up Form.

(2) Form SBD 1192, Authorization for Purchase of U.S. Savings Bonds.

the Data Entry Point (DEP) for incorporation into the Defense Civilian Payroll System (DCPS). If new employees take annual or sick leave before their leave balances are computed into DCPS, Leave Without Pay (LWOP) will be processed for those hours citing annual or sick leave. Leave will be restored/paid upon receipt of the employee's LES at the DEP.

1-8. Advance Leave. Reference (c) identifies the procedures for requesting advance annual or sick leave.

a. A copy of the Application for Leave, Form SF 71, citing the approval of advance annual or sick leave must be submitted to Code 1013 prior to usage of advance leave.

1-9. Travel

a. When an employee is on "Official Travel" and travel orders have been issued, the Code "TR" will be entered for the appropriate days on the reverse side of the timecard only. See Attachment 2 to enclosure (1) for sample entry.

b. When an employee is on official local travel (including employees attending training classes) but travel orders have not been issued, enter "DOS" on the back of the timecard.

c. The front of the timecard will reflect the applicable travel or training Job Order Number (JON) with the associated number of hours.

1-10. Deadline for Submission of Timecards

a. Timecards shall be delivered to the Comptroller Department no later than 0830 on the last Thursday of the pay period. An exception to this rule is when written authority is granted, via Code 100 memorandum, to process timecards early because a holiday falls within the pay week.

b. Time and attendance (T&A) payroll input shall not be delayed as a result of missing timecards, unsigned timecards, or insufficient information on the timecards. If this type of error cannot be corrected readily by an authorized person, annual leave will be charged. If annual leave is not available to an employee under the above circumstances, the employee shall be put in a non-pay status (LWOP) until a corrected timecard is furnished by the cognizant department.

1-11. Entries Required on the Reverse side of Timecards

a. Employees who are required to punch "in and out" on a time clock will use the reverse side of the timecard for this purpose and will make necessary annotations as described in the following paragraph.

b. All employees will post exceptions to their regularly scheduled hours of work on the reverse side of the timecard. When annotating exceptions, the reverse side of the timecard should have the actual hours worked. Example: An employee, who has a regular work schedule of 0730-1600, takes one hour of annual leave on the first Monday of the pay period. The reverse side of the timecard should show "in and out" hours as 0730 and 1500, respectively, annotated on the first Monday of the pay period. Other examples of exceptions to the employee's scheduled hours of work would be overtime, compensatory time earned and taken, Temporary Shift Change (TSC), excused tardiness (EXC), no

EXHIBIT AL



# PROCEDURES FOR CIVILIAN TIMEKEEPING



| DESCRIPTION | PARAGRAPH NO. |
|---|---|
| Preparation of Timecards | 1-1 |
| Work Schedule Changes | 1-2 |
| Distribution of Timecards | 1-3 |
| Recording of Attendance | 1-4 |
| Certification of Time and Attendance | 1-5 |
| Overtime/Compensatory Time/Holiday Work | 1-6 |
| Leave | 1-7 |
| Advance Leave | 1-8 |
| Travel | 1-9 |
| Deadline for Submission of Timecards | 1-10 |
| Entries Required on the Reverse Side of Timecards | 1-11 |
| Corrected Timecards | 1-12 |
| Timecards for Separated Employees | 1-13 |
| Timecard Displays (Format 1 and 2) | Attachment 1 |
| Index of Examples for Time and Attendance Reporting | Attachment 2 |
| Overtime/Compensatory Time Request and Authorization Exhibit | Attachment 3 |
| Holiday Benefits Table | Attachment 4 |
| Employee Absences for Court or Court or Court Related Services Exhibit | Attachment 5 |
| Advance Sick Leave/SF-71 and Example of the Timecard | Attachment 6 |
| Index for Payroll Type Hour and Environmental/Hazard Codes | Attachment 7 |

EXHIBIT XII

NASMIRAMARINST 7420.5B
23 MAR 1994

INDEX FOR PAYROLL TYPE HOUR AND ENVIRONMENTAL/HAZARD CODES

TYPE HOUR CODES

PAY TYPE HOURS

RG - REGULAR, (GRADED)
RF - REGULAR, FIRST SHIFT (UNGRADED)
RS - REGULAR, SECOND SHIFT (UNGRADED)
RT - REGULAR, THIRD SHIFT (UNGRADED

OS - OVERTIME, SCHEDULED
OU - OVERTIME, UNSCHEDULED
OX - OVERTIME, UNSCHEDULED (INTERMITTENT EMPLOYEES ONLY)
OC - OVERTIME, CALLBACK
ON - OVERTIME SCHEDULED, NOT WORKED - COURT/MILITARY LEAVE/CONTINUATION OF PAY

SG - SUNDAY WORK (GRADED)
SF - SUNDAY WORK, FIRST SHIFT (UNGRADED)
SS - SUNDAY WORK, SECOND SHIFT (UNGRADED)
ST - SUNDAY WORK, THIRD SHIFT (UNGRADED)

HG - HOLIDAY WORK (GRADED)
HF - HOLIDAY WORK, FIRST SHIFT (UNGRADED)
HS - HOLIDAY WORK, SECOND SHIFT (UNGRADED)
HT - HOLIDAY WORK, THIRD SHIFT (UNGRADED)
HC - HOLIDAY WORK, CALLBACK (DURING REGULAR WORK HOURS)

LEAVE HOURS - PAID

LA - ANNUAL
LB - ADVANCED ANNUAL
LC - COURT
LF - FORCED ANNUAL
LG - ADVANCED SICK
LH - HOLIDAY
LM - MILITARY
LN - ADMINISTRATIVE
LR - ANNUAL, RESTORED
LS - SICK
LT - TRAUMATIC INJURY-CONTINUATION OF PAY (COP)
LU - DATE OF TRAUMATIC INJURY
LV - EXCUSED ABSENCE
LX - NONWORK, PAID (DAY OF DEATH)
LY - TIME OFF AWARDS

LEAVE HOURS - NONPAID

FAMILY LEAVE CODES
DA - BIRTH OF A SON/DAUGHTER OR NEWBORN CARE
DB - ADOPTION OR FOSTER CARE
DC - CARE FOR SPOUSE, SON, DAUGHTER, OR PARENT WITH A SERIOUS HEALTH PROBLEM
DD - SERIOUS HEALTH CONDITION OF EMPLOYEE

Attachment (7) to
Enclosure (1)

| | |
|---|---|
| IN THE MATTER OF ARBITRATION<br><br>Between<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES<br><br>And<br><br>MIRAMAR NAVAL AIR STATION | OPINION AND AWARD<br><br>February 19, 1993<br><br>GRIEVANCE NO.<br>RE: 92-21602<br><br>FMCS: 92-21602 |

I. Appearances

For the Union: Sherman Swanson

For the Employer: James De Mocco

II. The Issue to Be Resolved

Counsel for the parties stipulated as follows,

"Was Mr. Arthur Rose (the grievant) deprived of a promotion based on a failure of the Agency to follow NASMIRAMARINST 12335.3(b)?"

If so, what is the remedy?"

III. Discussion and Findings

NASMIRAMARINST 12335.3(b), referred to above, is the merit promotion program. In this case, the dispute involves the promotion to Fuel Distribution System Worker Supervisor. The Vacancy Announcement had an Opening Date of 2/14/92 and a Closing Date of 2/24/92. After evaluating all applicants, the Advisory Panel listed Mr. Smith as the highest of the five candidates for the job. The grievant came in second. Based on the Panel's recommendation, the job was awarded to Mr. Smith. A grievance



AE-1

was filed on May 18, 1992, which led to this arbitration. A one day hearing was held on January 13, 1993. Following receipt of the transcript, counsel for the parties submitted post hearing briefs by February 1, 1993. The matter is now ready for resolution.

By his own testimony, Mr. Smith forthrightly admits that the date, "2-28-92," written on the last page of his SF171 application for this job was, in fact, the date that he executed it (emphasis added). With that admission, the Union rested its case. There were no witnesses testifying for the employer (Navy). Thus, Mr. Smith's statement stands unrefuted. The conclusion is, therefore, axiomatic, that Mr. Smith's application was executed after the closing date (2/24/92) for applications. It was untimely. It should not have been considered. Had it not been considered, the evidence indicates that the grievant would have been the highest rated qualified applicant for the job. The selection was for the highest rated. Thus, the grievant, not Mr. Smith, should have received the promotion.

The grievance must be granted and the grievant made whole. The only remedy that will accomplish this is retroactive promotion of the grievant (to the date that the promotion was erroneously awarded to Mr. Smith) with retroactive pay and benefits.

One further event is hereby noted. After the closing date for the submission of post hearing briefs (February 1, 1993, as stated above) the Union sought to submit further documentary evidence (forthrightfully acknowledging that it was late). Thus, although the Union's post hearing brief was timely, its further documents

are not. Thus, the Arbitrator did not give any consideration to the late documentation and, as such, it played no role in the decision in this case.

IV. Award

The grievance is granted and the grievant shall receive the promotion, retroactively, with back pay and benefits.

February 19, 1993
Date

Robert G. Meiners
Robert G. Meiners
Arbitrator

Exhibit XVI

Date: January 25, 1994

MEMORANDUM

FROM: Arthur Rose
(COMPLAINANT)

TO: EEO COUNSELOR

subj: DESIGNATION OF EEO REPRESENTATIVES

1. I Arthur Rose (NAME OF COMPLAINANT) ACTIVITY: NAS MIRAMAR SAN DIEGO CALIFORNIA do hereby request Mr. MAX C BROWN (NAME OF REPRESENTATIVE) as my EEO Representative for the complaint filed this date.

a. Name of EEO Representatives's Supervisor: Ms. Sandy Voyce (Code 1911), telephone number: 537-1939. Mr. Brown's work hours are: 0630 to 1500, Monday through Friday. Mr. Brown's work and home phone numbers are: work 537-6535; home 484-0684. Mr. Brown's home address is: 12427 via Cabezon San Diego Ca 92129.

2. The 29 CFR 1614 requires that unless the complaint states otherwise in writing, all official correspondence to be mailed to the representative with copies to the complainant. The deadlines for the complaint process will be computed by the date information is received by the representative. It is important that any change in the mailing address of the representative be reported to the EEO office. Failure to notify us of the change may result in non-deliverable mail and this can result in the cancellation of your complaint.

Arthur G Rose
(COMPLAINANT'S SIGNATURE)

THE DATE OF THIS MEETING WAS 31 MARCH 1993, FROM MR MURPHY NOT BERGMAN.

NOTES FOR THE MEETING WITH ART ROSE

THE PURPOSE OF THIS MEETING IS TO GIVE YOU INFORMATION. I ASKED FOR A FORMAL SETTING SO THAT YOU, THE UNION, MS. GRANT, AND ALL THE DIVISION SUPERVISORS WOULD HAVE THE SAME INFORMATION. THESE ARE PERCEPTIONS AND BELIEFS WHICH MAY OR MAY NOT HAVE A FACTUAL BASIS. I AM RELAYING THEM TO YOU IN THE HOPE PROBLEMS MAY BE AVOIDED. MY EXPECTATION IS THAT ONCE YOU ARE AWARE OF THE EMPLOYEES CONCERNS YOU WILL TAKE WHATEVER ACTION YOU FEEL IS NECESSARY TO AVOID FURTHER PROBLEMS. YOU NEED NOT ANSWER ANY OF THE POINTS BROUGHT UP TODAY.

FIRST THERE IS A PROBLEM GROWING IN THE FUEL DELIVERY BRANCH WHICH HAS THE POTENTIAL TO ESCALATE INTO A MAJOR ISSUE.

PERSONNEL BELIEVE THAT THERE IS A CONFLICT BETWEEN YOU AND I.

PERSONNEL BELIEVE THAT YOU ARE ATTEMPTING TO TRY AND GET AT ME THROUGH THEM.

PERSONNEL BELIEVE THAT WHATEVER THEY SAY IN ANY CONTEXT IS BEING RECORDED BY YOU. THEY HAVE EXPRESSED THAT THEY DO NOT FEEL THAT THEY CAN SAY ANYTHING IN BLDG 506 WITHOUT THE POSSIBILITY IT WILL BE USED LATER IN SOME ADVERSE ACTION AND THEY DO NOT WANT TO BE INVOLVED. THEY FEEL THAT THIS IS A SUBTLE FORM OF HARASSMENT.

PERSONNEL BELIEVE THAT YOUR ACTIONS ARE INTRODUCING STRESS TO THE OPERATION WHICH IS DETRIMENTAL TO THE TEAM WORK THAT WE HAVE ATTEMPTED TO BUILD.

THERE IS A VALID REASON TO MAKE NOTES ON PERSONNEL PERFORMANCE FOR THE USE OF THE LEADER IN PROVIDING INFORMATION TO THE SUPERVISOR ON WORK RELATED PROBLEMS OR PERSONNEL EVALUATIONS, HOWEVER THIS INFORMATION SERVES NO WORK RELATED PURPOSE IF THE INFORMATION IS NOT PASSED, WITHIN A REASONABLE TIME, ON TO THE SUPERVISOR SO THAT TRAINING OR SOME OTHER ACTION MAY BE ACCOMPLISHED TO CORRECT THE PROBLEM.

I BELIEVE THAT IF THE EMPLOYEES KNEW THAT WHAT WAS BEING RECORDED WAS WORK RELATED THEN THEY WOULD ACCEPT THAT AS YOU DOING YOUR JOB AS A LEADER. IT IS MY INTENTION TO LET AFFECTED EMPLOYEES KNOW THAT THERE ARE DEFICIENTCIES NOTED BY YOU AND THEY NEED TO CORRECT PROBLEM.

IF NOTES ARE BEING TAKEN TO SIMPLY RECORD THE PRIVATE CONVERSATIONS OF THE EMPLOYEES AND ARE NOT PROVIDED TO THE SUPERVISOR FOR A WORK RELATED PURPOSE THEN I AM CONCERNED THAT YOU ARE LEAVING YOURSELF OPEN A HARASSMENT CHARGE. THIS WOULD SERVE ONLY TO FURTHER BREAKDOWN OUR GOAL OF BUILDING A COHESIVE TEAM SOMETHING I WOULD LIKE TO AVOID.
I CAN NOT MAKE STOP YOU FROM MAKING ANY NOTE YOU CHOSE HOWEVER I WOULD SUGGEST THAT YOU BE DISCREET IF THESE NOTES ARE NOT WORK RELATED.

Exhibit XVII

THE SECOND POTENTIAL PROBLEM I WANT TO INFORM YOU OF IS THAT I HAVE BEEN INFORMED THAT YOU HAVE HAD A LEAST 2 CONVERSATIONS WITH MS. ROY DEALING WITH WHAT YOU CONSIDER TO BE INAPPROPREATE LANGUAGE FOR WOMEN TO USE. YOUR REMARKS HAVE BEEN PERCEIVED BY MS. ROY AS COUNCILING SESSIONS ON WHAT YOU CONSIDER TO BE APPROPREATE LANGUAGE FOR HER AS A WOMAN TO USE. AT THE SAME TIME MEN IN THE AREA USED THE SAME SORT OF LANGUAGE AND WERE NOT TREATED IN THE SAME FASHION. MS. ROY HAS INDICATED SHE THINKS SHE HAS BEEN SINGLED OUT BECAUSE SHE IS A WOMAN .

THIS IS A VERY SENSITIVE AREA AND I WANT TO POINT OUT TO YOU THAT INAPPROPREATE LANGUAGE IN THE WORK PLACE IS AN ISSUE WHICH MUST BE HANDLED ON A EQUAL BASIS. IF LANGUAGE IS INAPPROPREATE FROM ONE PERSON IT IS INAPPROPREATE FROM ALL PEOPLE. IF YOU PERCEIVE THIS TO BE A PROBLEM YOU NEED TO BRING IT TO THE SUPERVISORS ATTENTION SO THAT TRAINING CAN BE HELD FOR ALL PERSONNEL TO REEDUCATE THEM ON WHAT IS PROPER LANGUAGE FOR THE WORK PLACE.

IN CONCLUSION I AM ONLY BRINGING THIS UP BECAUSE PERSONNEL HAVE INDICATED THAT THESE ITEMS ARE HAVING A NEGATIVE IMPACT ON MOTIVATION OF THE PERSONNEL AND I NEED TO KEEP THE MOTIVATION LEVEL UP TO ACCOMPLISH THE MISSION WE HAVE BEEN ASSIGNED.

IN MY OPINION THESE ARE MATTERS WHICH ARE WITHIN YOUR CONTROL TO CHANGE. I ALSO FEEL THAT YOU ARE PROFESSIONAL ENOUGH TO APPRECIATE THE NEED TO KEEP THE PEOPLE MOTIVATED AND WORKING AS A TEAM. AND ALL I SHOULD HAVE TO DO IS POINT OUT PROBLEM AREAS AND YOU WILL FIND YOUR OWN SOLUTIONS.

From: Bergman

To: Rose

A. Yes.
Q. Was the position of mechanical branch supervisor created for Mr. Smith in 1993?
A. No, the mechanical branch supervisor position was always there. As part of the most efficient organization, we basically made that a collateral duty of the assistant division director.
Q. So who filled that position before Mr. Smith?
A. Bergman. That was the collateral duty of Mr. Bergman.
Q. So collateral duty, meaning it was part time in addition to his primary assignment?
A. Yes, in addition to his being the assistant division director.
Q. Who is currently in that position?
A. Mr. Smith.
Q. Did you participate in completing any of the paperwork for Mr. Rose's promotion?
A. No. At that point the procedure for getting any kind of promotion, we only provided a memo to the supply department and the supply planning and administration department. They did the paperwork and signed the documents for H.R.O. with a function.
Q. Were you aware that in 1993 there was a dispute between Mr. Rose and other employees about the office

EXHIBIT XIX

refrigerator?

A. Yes.

Q. Do you recall what the nature of the dispute was?

A. Yes.

Q. Can you tell me what it was?

A. Mr. Rose had a case of cold drinks, cokes in the refrigerator in the coffee room, and basically people were -- would drop things on the cokes and make them all dirty. And so he got angry and took his cokes and put them on the top shelf and put everybody's lunches underneath them. And then one of the cokes leaked and got everybody's lunch wet, which made all of the rest of the people angry. So they took his cokes and put them back on the bottom shelf. And it blew up into a large argument.

And I talked to Art, and I said, you know, this is a lunch -- for lunches and why do you have to put them up there. Well, they get all dirty. I said, well, they're aluminum cans, can't you wash them off? He said, no, they just go up on top because they won't get dirty up there. I said, well, tell you what, as a compromise, how about taking three six packs and putting them in a plastic trash bag to keep them clean, put them in the bottom of the refrigerator, and put one six pack up on top and that way the lunches can stay up there and your cokes can stay up there. And he

Exhibit XIX

didn't want to hear any part of it. He was going to keep his cokes up there. And of course, over the course of a few days, the night guys would come in there and they would take and put them in the bottom and he'd come back the next morning and put them in the top.

We basically finally ended up telling him this is for lunches; if you want to put a six pack of coke in there, that's fine, but you're not putting a case of cokes in there. That's the end of it, which didn't make him happy at all. But I offered him what I thought was a good compromise, and basically he just wouldn't hear about it.

Q. Do you recall in November -- on November 2nd, 1993, Mr. Rose had a confrontation with another employee near the refrigerator?

A. Probably when he had the confrontation with Mr. Barnfield because Carlos would take the cokes off of the top shelf and put them on the bottom shelf. And as many times as Art put them up, he put them down.

Q. So they had a confrontation about it?

A. Yeah.

Q. And you saw that?

A. And he has no right to touch my cokes.

Q. Were you a witness to that confrontation?

A. I don't think so. I just heard about it later. And I think that's finally when Bergie and I discussed it

Exhibit XIX



and decided, you know, hey, this is for lunches, and if he wants to put one six pack in here, fine, but other than that, tell him to keep the rest of them in his locker or something.

Q. Did Mr. Rose ask you in November 1993 about the status of his promotion?

A. Yes.

Q. What was your response?

A. Basically what I did was I called Mo Brown, who was the lady at -- in supply planning and administration and our contact point, and she would call H.R.O. or whoever she contacted and would get me a status. And basically it would always come back the same. And I think after a while, probably four or five weeks, I finally told Art, I said that, you know, we're not getting anything from H.R.O., so I suggest that you go directly to H.R.O. and ask them, because we're not getting any answers here. And I even advised him, you know, even if you have to go to the union, go to the union, whatever.

Q. When you say the status came back the same each time, what was the status?

A. The status basically was H.R.O. was working on it, and when they get it done, they'll give us a call.

Q. Did Ms. Kathleen Roy submit a letter of complaint to you in November of '93 about Rose

Exhibit XX



Q. And is it that -- is it or was it the Navy procedure to have the second level supervisor draft the performance evaluation?

A. No, but I did it in this particular case because we had been so tuned in -- I had been so tuned in on this one particular issue.

Q. How about his previous prior year's PARS? Did you draft that also?

A. I'd say no. Usually Mr. Bergman did those.

Q. Did you change the ratings from the original or did Mr. Bergman change them?

A. I basically -- he came to me -- after he saw this, he came to me and said that he did not feel that the two blocks in this thing supports the EEO program and ensures procedures and instructions were complied with, that they deserve to be that low. And he was very adamant about it. And we had a very long conversation, and I basically agreed with him that maybe I had been a little too tough on those. And so I basically told him that if he wanted to raise them up that he could.

Basically when you look at it, the first level supervisor is supposed to make those marks. And he was very adamant about it, you know. And where does this kind of stuff fit in to the performance evaluation system, I don't know.

Changed only after informal complaint being investigated by Mr. Joe Ricci EEO Counselor.

MR. RIZER: Excuse me.

Are you saying that Bergman made the remarks on Page 164 below fully successful?

THE WITNESS: No, I did those. And when we changed them to reflect the conversation Mr. Bergman and I had where they were marked fully successful, that was done by Mr. Bergman.

BY MS. NIDY:

Q. Did you consider all of the prior complaints against Mr. Rose from all of the employees when you were drafting this?

A. Yes.

\+ Q. Did you consider Ms. Roy's prior complaint about Mr. Rose discriminating against her when you were drafting this?

MR. RIZER: Objection.

He's already answered that question. You asked him if he considered all of the complaints, and he said yes. Now you just asked him if he considered Ms. Roy's complaints. He's considered all of the complaints.

So don't answer the question.

MS. NIDY: It's not the same question. When I say all of the other complaints --

MR. RIZER: Ms. Roy is a part of everyone else. She's part of the employee work group.

PERFORMANCE APPRAISAL REVIEW SYSTEM

PART I

| | |
|---|---|
| 1. PERIOD COVERED<br>FROM: 14 JULY 94 TO: 15 JULY 95 | 2. ☐ INTERIM APPRAISAL ☒ RATING OF RECORD |
| 3. NAME (Last, First, Middle Initial)<br>ROSE, ARTHUR G. | 4. SSN<br>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 |
| 5. POSITION TITLE / SERIES / GRADE<br>FUEL DISTRIBUTION SYSTEM FORMAN WS-5413-08 | 6. ORGANIZATION / CODE<br>SUPPLY DEPT. FUEL DIVISION, CODE 199 |

7. RECORD OF REVIEWS AND FINAL APPRAISAL

(Signature indicates that this step of the process has been completed. Must be signed and dated)
(NOTE: Employee signature does not necessarily constitute agreement with the plan or rating)

| | ELEMENTS / STANDARDS | PROGRESS REVIEW | RATING |
|---|---|---|---|
| IMMEDIATE SUPERVISOR | Lawrence T. Bergman | Lawrence T. Bergman 1/24/95 | Lawrence T. Bergman 8/14/95 |
| 2ND LEVEL SUPERVISOR | LJ Murphy | Lawrence J Murphy 1/26/95 | Lawrence J Murphy 14 Aug 95 |
| EMPLOYEE (Optional) | Arthur G Rose | Arthur G Rose 2/2/95 | |

8. RATING OF RECORD OR INTERIM APPRAISAL (Assigned by Activity Head Designee)

☐ Level 5 OUTSTANDING ☐ Level 4 EXCEEDS FULLY SUCCESSFUL ☒ Level 3 FULLY SUCCESSFUL ☐ Level 2 MINIMALLY SUCCESSFUL ☐ Level 1 UNACCEPTABLE

9. EMPLOYEE'S POSITION DESCRIPTION IS CURRENT AND ACCURATE?

☒ YES ☐ NO

10. SUPERVISORY COMMENTS

Mr. Rose has operated the Fuel Delivery Branch over the last year performing the primary mission of the Fuel Division which is fueling aircraft and equipment. He has performed his tasking in a manner which meets the goals and objectives of the division. He has worked under limitations which include being 2 people short due to drug testing failures. Mr. Rose has done everything he could to keep the system functional except work with the personnel of the branch to form a harmonius team which will work for the overall good of the organization. Instead personnel have found themselves in a atmosphere of fear and intimidation which does not lead to an organization which will perform at its best due to the morale of the individual employee.

| | | |
|---|---|---|
| ACTIVITY HEAD DESIGNEE APPROVAL | Signature: [signature] Date: 8/11/95 | Check Box IF APPROVED<br>☐ Performance Award $ ____<br>☐ Quality Step Increase |

PART I (2)

| | |
|---|---|
| :D COVERED<br>: 14 JULY 94 TO: 15 JULY 95 | 2. ☐ INTERIM APPRAISAL ☒ RATING OF RECORD |
| (Last, First, Middle Initial)<br>SE, ARTHUR G. | 4. SSN<br>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 |
| ION TITLE / SERIES / GRADE<br>EL DISTRIBUTION SYSTEM FORMAN WS-5413-08 | 6. ORGANIZATION / CODE<br>SUPPLY DEPT. FUEL DIVISION,CODE 199 |

7. RECORD OF REVIEWS AND FINAL APPRAISAL
(Signature indicates that this step of the process has been completed. Must be signed and dated)
(NOTE: Employee signature does not necessarily constitute agreement with the plan or rating)

| | ELEMENTS / STANDARDS | PROGRESS REVIEW | RATING |
|---|---|---|---|
| ATE: ISOR | Lawrence T. Bergman (signature) | Lawrence T. Bergman (signature) 1/26/95 | Lawrence T. Bergman (signature) 8/14/95 |
| LEVEL ISOR | (signature) | (signature) 1/26/95 | Lawrence J. Murphy (signature) 14 Aug 95 |
| YEE : | Arthur G. Rose (signature) | Arthur G. Rose (signature) | |

8. RATING OF RECORD OR INTERIM APPRAISAL (Assigned by Activity Head Designee)

| Level 5 TANDING | ☐ Level 4 EXCEEDS FULLY SUCCESSFUL | ☑ Level 3 FULLY SUCCESSFUL | ☐ Level 2 MINIMALLY SUCCESSFUL | ☐ Level 1 UNACCEPTABLE |
|---|---|---|---|---|

9. EMPLOYEE'S POSITION DESCRIPTION IS CURRENT AND ACCURATE?

☒ YES ☐ NO

10. SUPERVISORY COMMENTS

Mr. Rose has operated the Fuel Delivery Branch over the last year performing the primary mission of the Fuel Division which is fueling aircraft and equipment. He has performed his tasking in a manner which meets the goals and objectives of the division. He has worked under limitations which include being 2 people short due to drug testing failures. Mr. Rose has done everything he could to keep the system functional except work with the personnel of the branch to form a harmonius team which will work for the overall good of the organization. Instead personnel have found themselves in a atmosphere of fear and intimidation which does not lead to an organization which will perform at its best due to the morale of the individual employee.

| | | |
|---|---|---|
| VITY HEAD NEE APPROVAL | (signature) Signature 8/11/95 Date | Check Box IF APPROVED<br>☐ Performance Award $______<br>☐ Quality Step Increase |

(2)

## PART II

### LIST CRITICAL ELEMENTS AND STANDARDS

**INDIVIDUAL RATINGS:** ABOVE FULLY SUCCESSFUL | FULLY SUCCESSFUL | BELOW FULLY SUCCESSFUL

EXAMPLE FORMAT: Define Individual Critical Elements and Standards.

(Three to five critical elements are desired; no non-critical elements.)

A. Element
(1) Standard — FS only

1. ADMINISTRATION.
Supervises leave, operations, requirements and safety programs. Insures all reports are completely and correctly accomplished and forwarded to the approcpreate person for signature and submission. Reports are forwarded in advance to give the Asst. Fuel Director, time to revelw the report before the due date.

2. PLANNING.
The foreman plans the needs in his branch. Plans for short range projects within the branch. The foreman plans the civilian manpower needs of the branch and adjusts plans to get the maximum utilization out of the manpower alloted. The foreman does contingincy planning for a whole range of failure modes.

3. SUPERVISES THE AIRCRAFT DELIVERY BRANCH OPERATIONS.

Supervises and controls the operations of the branch with minimal supervision. Completes tasks assigned in a effcient and timely manner. Utilizes the skills and abilities of the personnel. Controls expenditure of materials and insures that replacement materials are ordered in a timely manner to prevent work stoppages.

4. SUPPORTS EEO PROGRAM.
Personnally participates in EEO training. Fully supports and attains station goals and objectives. Contributes to high morale and harmonius working conditions within the work center - team player.

LTB 8/30/95

5. INSURES PROCEDURES AND INSTRUCTIONS ARE COMPLIED WITH.
Insure that subordinates comply with instructions and regulations. Maintains a work enviornment where safety is the normal condition. Subordinates are positively motivated to follow all regulation.

LTB 8/30/95

Rec'd 5 Sept 95 [signature]

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

**I. (a) PLAINTIFFS** Rose, Arthur G.

**(b)** County of Residence of First Listed Plaintiff: Davis
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

**DEFENDANTS** Department of the Navy, Donald C. Winter, Secretary and John Doe(s) acting in his individual capacity, acting within the course and scope of his authori

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

BY: DEPUTY CLERK

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☑ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 U.S.C. Section 1983 1985 Title VII

Brief description of cause: Employment discrimination on the basis of race or ethnicity

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $140,000.00

CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ____ DOCKET NUMBER ____

DATE ____ SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____

Judge J. Thomas Greene
DECK TYPE: Civil
DATE STAMP: 10/05/2006 @ 10:22:54
CASE NUMBER: 1:06CV00129 JTG

**APPENDIX E**

FILED
U.S. DISTRICT COURT
2006 OCT -5 A 10: 22
DISTRICT OF UTAH
BY: ______
DEPUTY CLERK

Name: Arthur G. Rose
Address: 1884 E. 7700 S., So. Weber UT
Telephone: (801) 476-4592

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH - ________ DIVISION**

---

Arthur G. Rose
**Plaintiff,**

v.

Donald C. Winter, Secretary Department of the Navy and John Doe(s) acting in his individual capacity, acting within the course and scope of his authority for NAS Miramar, San Diego, (Marine Corps Air Station Miramar)
**Defendant(s).**

**MOTION FOR APPOINTMENT OF COUNSEL**

Judge J. Thomas Greene
DECK TYPE: Civil
DATE STAMP: 10/05/2006 @ 10:22:54
CASE NUMBER: 1:06CV00129 JTG

The plaintiff in the above entitled matter hereby moves the court for an order appointing legal counsel to act on his/her behalf.

The court has already approved the plaintiff's application to file the matter *in forma pauperis*.

Dated this 5 day of OCT, 2006

Arthur G Rose
(Print your name below your signature.)
ARTHUR G. ROSE

FILED
U.S. DISTRICT COURT

2006 OCT -5 A 10: 22

DISTRICT OF UTAH

BY: ______
DEPUTY CLERK

**APPENDIX A**

Name: Arthur G. Rose
Address: 1884 E 7700 S, So Weber
Telephone: (801) 476-4592

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH - ________ DIVISION**

Arthur G. Rose
**Plaintiff,**

v. Donald C. Winter, Secretary Department of the Navy and John Doe(s) acting in his individual capacity, acting within the course and scope of his authority for NAS Miramar San Diego (Marine Corps Air Station Miramar)
**Defendant(s).**

**MOTION FOR OFFICIAL SERVICE OF PROCESS**

Judge J. Thomas Greene
DECK TYPE: Civil
DATE STAMP: 10/05/2006 @ 10:22:54
CASE NUMBER: 1:06CV00129 JTG

The plaintiff in the above entitled matter hereby moves the court for an order directing the United States Marshal's Service to serve process pursuant to 28 U.S.C. § 1915.

The court has already approved my application to file the matter *in forma pauperis*. The full names and addresses of the defendants are contained in the complaint.

Dated this 5 day of OCT, 2006

Arthur G Rose
(Print your name below your signature.)
ARTHUR G. ROSE

# In the United States District Court for the District of Utah, Central Division

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

OCT 1 1 2006

MARKUS B. ZIMMER, CLERK

BY ______ DEPUTY CLERK

| | |
|---|---|
| ARTHUR G. ROSE,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD C. WINTER, et. al.,<br><br>Defendants. | ORDER OF RECUSAL<br><br>Case No. 1:06 CV 129 |

I recuse myself in this case, and ask that the appropriate assignment card equalization be drawn by the clerk's office.

DATED this 10th day of October, 2006.

J. Thomas Greene

J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE

FILED
U.S. DISTRICT COURT
2006 OCT 13 A 10: 12

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ARTHUR G. ROSE,<br>Plaintiff,<br>vs.<br>DONALD C. WINTER, et al.,<br>Defendants. | ORDER OF REFERENCE<br><br>Civil No. 1:06 CV 129 TC |

IT IS ORDERED that, as authorized by 28 U.S.C. § 636(b)(1)(B) and the rules of this court, the above entitled case is referred to United States Magistrate Judge David O. Nuffer. Judge Nuffer is directed to manage the case, receive all motions, hear oral arguments, conduct evidentiary hearings as deemed appropriate, and to submit to the undersigned judge a report and recommendation for the proper resolution of dispositive matters presented.

DATED this13th day of October, 2006.

BY THE COURT:

Tena Campbell

TENA CAMPBELL
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Arthur Rose,<br><br>Plaintiff,<br><br>vs.<br><br>Donald C. Winter,<br>Secretary, Department of the Navy,<br><br>Defendant. | ORDER DENYING MOTION FOR SERVICE OF PROCESS AND MOTION TO APPOINT COUNSEL<br><br>Case No: 1:06-cv-129 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiff Arthur Rose filed motions for appointment of counsel[1] and service of process[2] pursuant to 28 U.S.C. § 1915. In each motion, Plaintiff states that the court has already approved his application to file the matter *in forma pauperis*.[3] However, the docket does not indicate that an application to proceed *in forma pauperis* was filed or approved by the court. In contrast, the docket reflects that Plaintiff paid the filing fee when he filed the complaint.[4]

Consequently, because the court has not granted Plaintiff *in forma pauperis* status under 28 U.S.C. § 1915, the motions for appointment of counsel and service of process under that section must be denied.

[1]Motion for Appointment of Counsel, docket no. 2, filed October 5, 2006.

[2]Motion for Service of Process, docket no. 3, filed October 5, 2006.

[3]*See id.* and Motion for Appointment of Counsel.

[4]*See* Complaint, docket no. 1, filed October 5, 2006. The docket entry notes payment of filing fee and the receipt number.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel[5] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Service of Process[6] is DENIED.

October 18, 2006.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[5]Docket no. 2.

[6]Docket no. 3.

# AFFIDAVIT OF PROCESS SERVER

**United States District Court**

**State of Utah**

FILED
U.S. DISTRICT COURT
2007 JAN 11 A 8: 26
DISTRICT OF UTAH
BY: ______
DEPUTY CLERK

LODGED

**Arthur G. Rose**

Plaintiff

vs.

**Donald C. Winter**

Defendant

Attorney:

Arthur G. Rose
1884 E. 7700 S.
South Weber, UT. 84405

**Case Number:** 1:06 CV 129 TC

**Court Date:**
**Court Time:**

Legal documents received by Same Day Process Service on December 29th, 2006 at 10:00 AM to be served upon **Donald C. Winter, Secretary, Dept of the Navy at 9th & M St., SE, Washington, DC. 20374**

I, B. Tony Snesko, swear and affirm that on **January 03rd, 2007 at 11:10 AM**, I did the following:

Served a **Government Agency** by delivering a conformed copy of this **Order of Reference; Complaint**, to **Lynn Blevins** as **Administrative Assistant, Office of General Counsel, Department** of the within named agency, to wit: **Department of the Navy** and informing that person of the contents of the documents.

**Supplemental Data Appropriate to this Service:**
Attempted Service at 2:00pm on 12-29-2006 but the Office of the General Counsel was closed for the holidays.

I declare that I am a professional process server, eighteen years of age or older and have no interest in the above legal matter.

______
**B. Tony Snesko**
Process Server

**Same Day Process Service**
**1322 Maryland Ave., NE**
**Washington, DC 20002**

**(202) 398-4200**

Internal Job ID: 0000001729

District of Columbia: SS
Subscribed and sworn to before me, in my presence,
this 4 day of January, 2007
______
Notary Public, D.C.
My commission expires June 30, 2011

BRANDON SNESKO
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

Copyright 2005-2006 Process Server Central, LLC. All rights reserved.

FILED
U.S. DISTRICT COURT
2006 OCT 13 A 10: 12

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ARTHUR G. ROSE,<br>Plaintiff,<br>vs.<br>DONALD C. WINTER, et al.,<br>Defendants. | ORDER OF REFERENCE<br><br>Civil No. 1:06 CV 129 TC |

IT IS ORDERED that, as authorized by 28 U.S.C. § 636(b)(1)(B) and the rules of this court, the above entitled case is referred to United States Magistrate Judge David O. Nuffer. Judge Nuffer is directed to manage the case, receive all motions, hear oral arguments, conduct evidentiary hearings as deemed appropriate, and to submit to the undersigned judge a report and recommendation for the proper resolution of dispositive matters presented.

DATED this13th day of October, 2006.

BY THE COURT:

Tena Campbell

TENA CAMPBELL
United States District Judge

SERVICE ACCEPTED IN OFFICIAL CAPACITY ONLY JAN 3 2007

DEPARTMENT OF THE NAVY
OFFICE OF THE GENERAL COUNSEL
WASHINGTON, DC 20350

Lynn H. Blevins

LYNN H. BLEVINS

ADMINISTRATIVE ASSISTANT

TO THE GENERAL COUNSEL

United States District Court
District of Utah
Magistrate Judge David Nuffer
350 South Main Street
Salt Lake City, Utah
84101-2180

Case Number 1:06CV 129 TC

January 9, 2007

Sir,
Sending verification of documents being served on the United States Department of the Navy.

Arthur G. Rose

Arthur G. Rose
1884 East 7700 South
South Weber, Utah
84405-9409
(801) 476 4592

Certificate of Service

I HEREBY CERTIFY THAT THE ATTACHED DOCUMENTS WAS SENT BY FIRST CLASS MAIL THIS DAY TO EACH OF THE FOLLOWING:

United States District Court
District of Utah
Magistrate Judge David Nuffer
350 South Main Street
Salt Lake City, Utah
84101-2180

DEPARTMENT OF THE NAVY
OFFICE OF THE GENERAL COUNSEL
WASHINGTON, DC 20350

Date: January 9, 2007

Arthur G. Rose

Arthur G. Rose
1884 East 7700 South
South Weber, Utah 84405-9409

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| ARTHUR ROSE,<br>Plaintiff,<br>vs.<br>DONALD C. WINTER,<br>Defendant. | ORDER TO SHOW CAUSE<br><br>Case No. 1:06-CV-129 TC<br>District Judge Tena Campbell<br>Magistrate Judge David Nuffer |

The above captioned case was filed October 5, 2006. Rule 4 of the Federal Rules of Civil Procedure requires that service of the complaint be made upon a defendant within 120 days after the filing of the complaint. As of this date, Plaintiff has not properly served the complaint upon the Defendant.

IT IS HEREBY ORDERED that Plaintiff show cause why this case should not be dismissed for failure to prosecute. Plaintiff's response shall be filed on or before October 30, 2007. Failure to file a timely response will result in dismissal of the case.

DATED this 27th day of September, 2007.

BY THE COURT:

David Nuffer
United States Magistrate Judge

United States District Court
District of Utah
Magistrate Judge David Nuffer
350 South Main Street
Salt Lake City, Utah
84101-2180

FILED
U.S. DISTRICT COURT
2007 OCT - 1 A 11: 00
DISTRICT OF UTAH
BY: ______________
DEPUTY CLERK

Case Number 1:06CV 129 TC

October 1, 2007

Dear Sir,
In response to the Order to Show Cause dated September 27, 2007, I have attached the following:

1. Affidavit of Process Server, dated January 4, 2007 that Complaint was served to defendant on January 3, 2007.
2. Copy of certified mail receipt # 7005 1160 0004 9057 2430, showing receipt by L. Braxton on November 1, 2006 of Complaint.
3. Letter to United States District Court, District of Utah, dated January 9, 2007 hand delivered to court clerk on January 9, 2007.

I trust that the attached documentation will show that defendant was served the complaint filed with the Court, as required per Rule 4 of Federal Rules of Civil procedure.

Respectfully

Arthur G Rose

Arthur G. Rose
1884 East 7700 South
South Weber, Utah
84405-9409

# AFFIDAVIT OF PROCESS SERVER

**United States District Court** **State of Utah**

**Arthur G. Rose**

Plaintiff

vs.

**Donald C. Winter**

Defendant

**Case Number:** 1:06 CV 129 TC

Attorney:

Arthur G. Rose
1884 E. 7700 S.
South Weber, UT. 84405

**Court Date:**
**Court Time:**

Legal documents received by Same Day Process Service on December 29th, 2006 at 10:00 AM to be served upon **Donald C. Winter, Secretary, Dept of the Navy at 9th & M St., SE, Washington, DC. 20374**

I, B. Tony Snesko, swear and affirm that on **January 03rd, 2007 at 11:10 AM**, I did the following:

Served a **Government Agency** by delivering a conformed copy of this **Order of Reference; Complaint**, to **Lynn Blevins as Administrative Assistant, Office of General Counsel, Department** of the within named agency, to wit: **Department of the Navy** and informing that person of the contents of the documents.

**Supplemental Data Appropriate to this Service:**
Attempted Service at 2:00pm on 12-29-2006 but the Office of the General Counsel was closed for the holidays.

I declare that I am a professional process server, eighteen years of age or older and have no interest in the above legal matter.

B. Tony Snesko
Process Server

**Same Day Process Service**
**1322 Maryland Ave., NE**
**Washington, DC 20002**

**(202) 398-4200**

Internal Job ID: 0000001729

District of Columbia: SS
Subscribed and sworn to before me, in my presence,
this 4 day of January, 2007

Notary Public, D.C.
My commission expires June 30, 2011

BRANDON SNESKO
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

Copyright 2005-2006 Process Server Central, LLC. All rights reserved.

FILED
U.S. DISTRICT COURT
2006 OCT 13 A 10:12

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ARTHUR G. ROSE,<br>Plaintiff,<br>vs.<br>DONALD C. WINTER, et al.,<br>Defendants. | ORDER OF REFERENCE<br><br>Civil No. 1:06 CV 129 TC |

IT IS ORDERED that, as authorized by 28 U.S.C. § 636(b)(1)(B) and the rules of this court, the above entitled case is referred to United States Magistrate Judge David O. Nuffer. Judge Nuffer is directed to manage the case, receive all motions, hear oral arguments, conduct evidentiary hearings as deemed appropriate, and to submit to the undersigned judge a report and recommendation for the proper resolution of dispositive matters presented.

DATED this 13th day of October, 2006.

BY THE COURT:

Tena Campbell

TENA CAMPBELL
United States District Judge

SERVICE ACCEPTED IN OFFICIAL CAPACITY ONLY JAN 3 2007

DEPARTMENT OF THE NAVY
OFFICE OF THE GENERAL COUNSEL
WASHINGTON, D.C. 20350

LYNN H. BLEVINS
ADMINISTRATIVE ASSISTANT
TO THE GENERAL COUNSEL

United States District Court
District of Utah
Magistrate Judge David Nuffer
350 South Main Street
Salt Lake City, Utah
84101-2180

Case Number 1:06CV 129 TC

December 12, 2006

Sir,

On October 30, 2006. I sent thru the United States postal service Certified Mail, items listed below to Dr. Donald C. Winter, secretary. Department of the Navy. The package was received by agent L. Braxton on November 1, 2006.

A. Order of Reference- dated October 13, 2006.
B. Notice of Electronic Filing.
C. Complaint
D. Complainant's Right To File A Civil Action(P0900).
E. Exhibits I-XXI.
F. Waiver of Service Of Summons, dated 30 October 2006. With (2) blank forms.
G. Notice of Lawsuit and Request for Waiver of Service for Summons. With (2) blank forms.
H. (1) Stamped and Addressed Envelope.

As of this date I have received no correspondence from the agency that I requested.

Arthur G. Rose

Arthur G. Rose
1884 East 7700 South
South Weber, Utah
84405-9409

DUT 42
(12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE FOR SUMMONS

TO: (A) Donald C. Winter, et al.

as (B) Secretary, Dept of the Navy of (C) ____________

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Utah and has been assigned docket number (D) 1:06 CV 129 TC.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (E) 30 days after the date designated below as the date on which this Notice and Request is sent. I enclosed a stamped and addressed envelope (or other means of cost-free return) for your use. A copy of the waiver is attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action then will proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not within the boundaries of any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I (i) will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and, (ii) to the extent authorized by those Rules, will ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff this 30 day of OCTOBER, ~~199~~ 2006.

Arthur A Rose
Signature of Plaintiff's Attorney
or Plaintiff Pro Se

---

## LEGEND

A - Name of individual defendant or name of officer or agent of corporate defendant
B - Title or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - Civil case number
E - Addressees must be given at least 30 days (60 days if in foreign country) to return waiver.

DUT 43
1/96

# WAIVER OF SERVICE OF SUMMONS

TO: Arthur G. Rose
(Name of Plaintiff's Attorney of Plaintif Pro Se)

I, ______________________, acknowledge receipt of your request that I waive
(Name of Defendant)
service of a summons in the case of Arthur G. Rose v. Donald C. Winter, et al, case number 1:06CV 129TC, in the United States District Court for the District of Utah. I also have received a (i) copy of the complaint in the action, (ii) two copies of this form, and (iii) a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Federal Rule of Civil Procedure 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisidiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Federal Rule of Civil Procedure 12 is not served upon you within sixty (60) days after 30 OCTOBER 2006 (date request was sent), or within ninety (90) days after that date if the request was sent outside the United States.

______________ ______________________________
Date

Printed/Typed Name: ______________________

AS ______________ OF ______________

---

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Federal Rule of Civil Procedure 4 requires certain parties to cooperate in avoiding unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

A party's belief that the complaint (i) is unfounded, (ii) that the action has been brought in an improper place, or (iii) that the action has been brought in a court that lacks jurisdiction over the subject matter of the action or over its person or property, does not constitute good cause for failure to waive service. Parties who waive service of summons retain all defenses and objections (except any relating to the summons or to the service of the summons) and later may object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must (i) serve, within the time specified on the waiver form, on the plaintiff's attorney or plaintiff pro se a response to the complaint, and (ii) file a signed copy of the response with the court. If the response is not served within this time, a default judgment may be taken against that defendant.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DR. DONALD C. WINTER SECRETARY
DEPARTMENT OF THE NAVY
614 SICARD ST. SE STE 100
WASHINGTON NAVY YARD, D.C.
20374-5072

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☒ Agent
☐ Addressee

B. Received by (Printed Name) L. Bratton

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7005 1160 0004 9057 2430

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

United States District Court
District of Utah
Magistrate Judge David Nuffer
350 South Main Street
Salt Lake City, Utah
84101-2180

Case Number 1:06CV 129 TC

January 9, 2007

Sir,
Sending verification of documents being served on the United States Department of the Navy.

AGR

Arthur G. Rose
1884 East 7700 South
South Weber, Utah
84405-9409
(801) 476 4592

## Certificate of Service

I HEREBY CERTIFY THAT THE ATTACHED DOCUMENTS WAS SENT BY FIRST CLASS MAIL THIS DAY TO EACH OF THE FOLLOWING:

United States District Court
District of Utah
Magistrate Judge David Nuffer
350 South Main Street
Salt Lake City, Utah
84101-2180

DEPARTMENT OF THE NAVY
OFFICE OF THE GENERAL COUNSEL
WASHINGTON, DC 20350

Date: January 9, 2007

Arthur G. Rose
1884 East 7700 South
South Weber, Utah 84405-9409

# Certificate of Service

I HEREBY CERTIFY THAT THE ATTACHED DOCUMENTS WAS SENT BY FIRST CLASS MAIL OR HAND DELIVERED THIS DAY TO EACH OF THE FOLLOWING:

United States District Court
District of Utah
Magistrate Judge David Nuffer
350 South Main Street
Salt Lake City, Utah
84101-2180

DEPARTMENT OF THE NAVY
OFFICE OF THE GENERAL COUNSEL
WASHINGTON, DC 20350

Date: October 1, 2007

Arthur G. Rose
1884 East 7700 South
South Weber, Utah 84405-9409

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARTHUR ROSE,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD C. WINTER,<br>Secretary, Department of the Navy,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No: 1:06-cv-129 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

On September 27, 2007, the court issued an Order to Show Cause[1] because the complaint in this matter had not been properly served upon the Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff Arthur Rose responded[2] to the Order to Show Cause and provided an Affidavit of Process Server indicating that a copy of the Complaint and Order of Reference were delivered to an Administrative Assistant in the Office of General Counsel at the Department of the Navy.[3] However, his is not effective service of process for this case under Rule 4(I).

"Effectuation of service is a precondition to suit,"[4] and "[t]he plaintiff has the burden of

[1]Docket no. 8.

[2]Docket no. 9.

[3]*Id.* at 2.

[4]*Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).

establishing the validity of service."[5] Although Mr. Rose is proceeding *pro se*, he is still obligated to comply with the fundamental requirements of the Federal Rules of Civil Procedure,[6] particularly with the jurisdictional requirement of service of initial process. Specifically, Mr. Rose must follow the requirements of Rule 4(I), which directs how to effect service of process on the United States, its Agencies, Corporations, Officers or Employees.[7]

---

[5] *Allison v. Utah County Corp.*, 335 F.Supp.2d 1310, 1313 (D. Utah 2004).

[6] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[7] **Serving the United States, Its Agencies, Corporations, Officers, or Employees.**

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

(2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

(B)Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States - whether or not the officer or employee is sued also in an official capacity - is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

(3) The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:

(A) all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States, or

(B) the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served an officer or

**ORDER**

IT IS HEREBY ORDERED that Plaintiff must effect service of process pursuant to Rule 4(I) of the Federal Rules of Civil Procedure on or before December 7, 2007, and must file proof of service of process on or before December 21, 2007. If Plaintiff does not comply with this order, the court will dismiss the case for failure to prosecute.

October 5, 2007.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

employee of the United States sued in an individual capacity.

Fed. R. Civ. P. 4(i). *See also* Fed. R. Civ. P. 4(a) - (b) (describing procedure and requirements as to form and issuance of summons).

United States District Court
District of Utah
Magistrate Judge David Nuffer
350 South Main Street
Salt Lake City, Utah
84101-2180

LODGED

RECEIVED CLERK

OCT 29 2007

U.S. DISTRICT COURT

Case Number 1:06CV 129 TC

October 22, 2007

Sir,
Sending verification of documents, Complaint and summons being served on U.S. Attorney General U.S. Department of Justice, Washington D.C. State of Utah Office of The Attorney General, and Dr. Donald C. Winter secretary, Department of the U.S. Navy.

Arthur G Rose

Arthur G. Rose
1884 East 7700 South
South Weber, Utah
84405-9409
(801) 476 4592

United States District Court
District of Utah
Magistrate Judge David Nuffer
350 South Main Street
Salt Lake City, Utah
84101-2180

## Certificate of Service

I CERTIFY THAT MY COMPLAINT AND SUMMONS DOCUMENTS WERE SENT BY UNITED STATES POSTAL SERVICE CERTIFIED MAIL THIS DAY TO EACH OF THE FOLLOWING.

U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave. N.W.
Washington D.C. 20530-0001

State of Utah
Office of the Attorney General
Utah State Capitol Complex
East Office Bldg, Suite 320
Salt Lake City, UT 84114-2320

Dr. Donald C. Winter, secretary Department of the U.S. Navy
614 Sicard St. SE # 100
Washington Navy Yard, D.C. 20374-5072

Date: October 22, 2007

Arthur G. Rose
1884 East 7700 South
South Weber, Utah 84405-9409

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

NORTHERN DISTRICT DISTRICT OF UTAH

ARTHUR G. ROSE

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: 1:06-CV-129 TC

DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY

TO: (Name and address of defendant)

DR. DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY
614 SICARD ST. SE# 100
WASHINGTON NAVY YARD, D.C. 20374-5072

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ARTHUR G. ROSE
1884 EAST 7700 SOUTH
SOUTH WEBER, UT
84405

an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

D. MARK JONES
CLERK

10-22-07
DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

NORTHERN DISTRICT DISTRICT OF UTAH

ARTHUR G. ROSE

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: 1:06-CV-129 TC

DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY

TO : (Name and address of defendant)

U.S. ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVE. N.W.
WASHINGTON, DC 20530-0001

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ARTHUR G. ROSE
1884 EAST 7700 SOUTH
SOUTH WEBER, UT
84405

an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

D. MARK JONES
CLERK

DATE 10-22-07

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

NORTHERN DISTRICT DISTRICT OF UTAH

ARTHUR G. ROSE

## SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: 1:06-CV-129 TC

DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY

TO : (Name and address of defendant)

STATE OF UTAH
OFFICE OF THE ATTORNEY GENERAL
UTAH STATE CAPITOL COMPLEX
EAST OFFICE BLDG, SUITE 320
SALT LAKE CITY, UT 84114-2320

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ARTHUR G. ROSE
1884 EAST 7700 SOUTH
SOUTH WEBER, UT
84405

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

D. MARK JONES
CLERK

10-22-07
DATE

(BY) DEPUTY CLERK

7006 2760 0004 1921 5509

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7006 2760 0004 1921 5509

CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 4.60 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 0 |
| Restricted Delivery Fee (Endorsement Required) | 0 |
| Total Postage & Fees | $ 7.25 |

Postmark Here: USPS OGDEN UT MAIN POST OFFICE 22 OCT 2007

Sent To: U.S. ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
Street, Apt. No.; or PO Box No.: 950 PENNSYLVANIA AVE. NW
City, State, ZIP+4: WASHINGTON, D.C. 20530-0001

PS Form 3800, August 2006 See Reverse for Instructions

7006 2760 0004 1921 5516

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7006 2760 0004 1921 5516

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 4.60 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 0 |
| Restricted Delivery Fee (Endorsement Required) | 0 |
| Total Postage & Fees | $ 7.25 |

Postmark Here: USPS OGDEN UT MAIN POST OFFICE 22 OCT 2007

Sent To: DR. DONALD C. WINTER
SECRETARY DEPARTMENT OF THE U.S. NAVY
Street, Apt. No.; or PO Box No.: 1000 SICARD ST. SE# 100
City, State, ZIP+4: WASHINGTON NAVY YARD, D.C. 20374-5072

PS Form 3800, August 2006 See Reverse for Instructions

7006 2760 0004 1921 5493

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7006 2760 0004 1921 5493

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 4.60 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 0 |
| Restricted Delivery Fee (Endorsement Required) | 0 |
| Total Postage & Fees | $ 7.25 |

Postmark Here: USPS OGDEN UT MAIN POST OFFICE 22 OCT 2007

Sent To: STATE OF UTAH, OFFICE OF THE
ATTORNEY GENERAL
Street, Apt. No.; or PO Box No.: STATE CAPITOL COMPLEX
EAST OFFICE BLDG, SUITE 320
City, State, ZIP+4: SALT LAKE CITY, UT 84114-2320

PS Form 3800, August 2006 See Reverse for Instructions

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| ARTHUR ROSE,<br>Plaintiff,<br>vs.<br>DONALD C. WINTER,<br>Defendant. | ORDER TO SHOW CAUSE<br><br>Case No. 1:06-CV-129 TC<br>District Judge Tena Campbell<br>Magistrate Judge David Nuffer |

The above captioned case was filed October 5, 2006. Rule 4 of the Federal Rules of Civil Procedure requires that service of the complaint be made upon a defendant within 120 days after the filing of the complaint. On October 29, 2007, documents provided by Plaintiff Arthur Rose were lodged on the docket.[1] These documents consisted of a note about mailing of the summons and complaint in this case to the Attorney General of the United States, the Utah Attorney General, and the Secretary of the Department of the Navy. As of this date, however, Mr. Rose has failed to file any proof of receipt of the summons and complaint Further, Mr. Rose has not served the United States Attorney for the District of Utah as required by Rule 4(i) of the Federal Rules of Civil Procedure.

[1] Docket no. 11.

IT IS HEREBY ORDERED that Plaintiff show cause why this case should not be dismissed for failure to prosecute. Plaintiff's response shall be filed on or before February 15, 2007. Failure to file a timely response will result in dismissal of the case.

DATED this 15th day of January, 2008.

BY THE COURT:

David Nuffer
United States Magistrate Judge

FILED
U.S DISTRICT COURT
2008 FEB -1 P 3:29
DISTRICT OF UTAH
BY: ______
DEPUTY CLERK

January 28, 2008

United States District Court
District of Utah
Magistrate Judge David Nuffer
350 South Main Street
Salt Lake City UT 84101-2180

Re: Case Number 1:06CV 129 TC

Dear Judge Nuffer:

I am in receipt of the Order to Show Cause dated January 15, 2008 and respectfully request that the above-captioned case not be dismissed for failure to prosecute.

The Order to Show Cause dated September 27, 2007 stated that I had not properly served the complaint according to Rule 4 of the Federal Rules of Civil Procedure. I had served the Defendant previously by way Certified Mail on November 1, 2006 and again by process server on January 4, 2007. I served the Attorney General of the United States, the Utah Attorney General, and the Secretary of the Department of the Navy by Certified Mail on October 22, 2007. I was unaware at that time that I needed to obtain proof of receipt of the summons and the complaint by the parties served.

I respectfully request additional time to again serve all parties, including the United States Attorney for the District of Utah, so that I may obtain proof of receipt of summons and complaint to file with the court, based on my misunderstanding of the Order to Show Cause dated September 27, 2007.

Respectfully,

Arthur G Rose

Arthur G. Rose
1884 East 7700 South
South Weber UT 84405-9409

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DR. DONALD C. WINTER, SECRETARY
DEPARTMENT OF THE NAVY
614 SICARD ST. STE# 100
WASHINGTON NAVY YARD, D.C.
20374-5072

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☒ Agent
☐ Addressee

B. Received by (Printed Name) L Braxton

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

US NAVY ANACOSTIA ANNEX D.C. 20373 NOV 1 2006

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7005 1160 0004 9057 2430

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

7005 1160 0004 9057 2430

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

OFFICIAL USE
WASHINGTON NAVY YARD DC 20374

| | | |
|---|---|---|
| Postage | $ | $4.05 |
| Certified Fee | | $2.40 |
| Return Receipt Fee (Endorsement Required) | | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $8.30 |

Postmark Here: HILL AFB 84056 OCT 30 2006 USPS 05 — 10/30/2006

Sent To DR. DONALD C. WINTER, SECRETARY
DEPARTMENT OF THE NAVY
Street, Apt. No.; or PO Box No. 614 SICARD ST. STE 100
WASHINGTON, D.C.
City, State, ZIP+4 20374-5072

PS Form 3800, June 2002 See Reverse for Instructions

# AFFIDAVIT OF PROCESS SERVER

**United States District Court** **State of Utah**

**Arthur G. Rose**

Plaintiff

vs.

**Donald C. Winter**

Defendant

Attorney:

Arthur G. Rose
1884 E. 7700 S.
South Weber, UT. 84405

**Case Number:** 1:06 CV 129 TC

**Court Date:**
**Court Time:**

Legal documents received by Same Day Process Service on December 29th, 2006 at 10:00 AM to be served upon **Donald C. Winter, Secretary, Dept of the Navy at 9th & M St., SE, Washington, DC. 20374**

I, B. Tony Snesko, swear and affirm that on **January 03rd, 2007 at 11:10 AM**, I did the following:

Served a **Government Agency** by delivering a conformed copy of this **Order of Reference; Complaint**, to **Lynn Blevins** as **Administrative Assistant, Office of General Counsel, Department** of the within named agency, to wit: **Department of the Navy** and informing that person of the contents of the documents.

**Supplemental Data Appropriate to this Service:**
Attempted Service at 2:00pm on 12-29-2006 but the Office of the General Counsel was closed for the holidays.

I declare that I am a professional process server, eighteen years of age or older and have no interest in the above legal matter.

B. Tony Snesko
Process Server

**Same Day Process Service**
**1322 Maryland Ave., NE**
**Washington, DC 20002**

**(202) 398-4200**

Internal Job ID: 0000001729

District of Columbia: SS
Subscribed and sworn to before me, in my presence,
this 4 day of January, 2007
Notary Public, D.C.
My commission expires June 30, 2011

BRANDON SNESKO
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

Copyright 2005-2006 Process Server Central, LLC. All rights reserved.

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

NORTHERN DISTRICT DISTRICT OF UTAH

ARTHUR G. ROSE

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: 1:06-CV-129 TC

DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY

TO : (Name and address of defendant)

DR. DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY
614 SICARD ST. SE # 100
WASHINGTON NAVY YARD, D.C. 20374-5072

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ARTHUR G. ROSE
1884 EAST 7700 SOUTH
SOUTH WEBER, UTAH
84405-9409

an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

D. MARK JONES
CLERK

Jan 29, 2008
DATE

[signature]
(BY) DEPUTY CLERK

7007 1490 0004 4792 0532

U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

WASHINGTON NAVY YARD DC 20374

| | | |
|---|---|---|
| Postage | $ $4.60 | 0130 |
| Certified Fee | $2.65 | 13 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $9.40 | 01/30/2008 |

Sent To: DR. DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY
Street, Apt. No.; or PO Box No.: 614 SICARD ST. SE #100
City, State, ZIP+4: WASHINGTON NAVY YARD, D.C. 20374-5072

PS Form 3800, August 2006 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DR. DONALD C. WINTER
SECRETARY, DEPARTMENT
OF THE NAVY
614 SICARD St. SE #100
WASHINGTON NAVY YARD,
D.C. 20374-5072

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☒ Yes

2. Article Number (*Transfer from service label*) 7007 1490 0004 4792 0532

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

NORTHER DISTRICT DISTRICT OF UTAH

ARTHUR G. ROSE

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: 1:06-CV-129 TC

DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY

TO: (Name and address of defendant)

STATE OF UTAH
OFFICE OF THE ATTORNEY GENERAL
UTAH STATE CAPITOL COMPLEX
EAST OFFICE BLDG., SUITE 320
SALT LAKE CITY, UT. 84114-2320

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ARTHUR G. ROSE
1884 EAST 7700 SOUTH
SOUTH WEBER, UT
84405-9409

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

D. MARK JONES
CLERK

Jan. 29, 2008
DATE

(BY) DEPUTY CLERK

7007 1490 0004 4792 0525

**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

SALT LAKE CITY UT 84114

| | | |
|---|---|---|
| Postage | $ $4.60 | 0130 |
| Certified Fee | $2.65 | 13 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $9.40 | 01/30/2008 |

Sent To STATE OF UTAH
OFFICE OF THE ATTORNEY GENERAL
Street, Apt. No.; or PO Box No. UTAH STATE CAPITOL COMPLEX
EAST OFFICE BLDG, SUITE 320
City, State, ZIP+4
SALT LAKE CITY, UT. 84114-2320

PS Form 3800, August 2006 See Reverse for Instructions

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STATE OF UTAH
OFFICE OF THE ATTORNEY GENERAL
UTAH STATE CAPITOL COMPLEX
EAST OFFICE BLDG. SUITE 320
SALT LAKE CITY, UT.
84114-2320

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☒ Yes

2. Article Number (*Transfer from service label*) 7007 1490 0004 4792 0525

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

NORTHERN DISTRICT DISTRICT OF UTAH

ARTHUR G. ROSE

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: 1:06-CV-129 TC

DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY

TO: (Name and address of defendant)

THE UNITED STATES ATTORNEY FOR
THE DISTRICT OF UTAH
185 SOUTH STATE ST. SUITE 300
SALT LAKE CITY, UTAH 84111

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ARTHUR G. ROSE
1884 EAST 7700 SOUTH
SOUTH WEBER, UT
84405 - 9409

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

D. MARK JONES
CLERK

Jan. 29, 2008
DATE

(BY) DEPUTY CLERK

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

SALT LAKE CITY UT 84111

| | | |
|---|---|---|
| Postage | $ $4.60 | 0130 |
| Certified Fee | $2.65 | 13 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $9.40 | 01/30/2008 |

Sent To: THE UNITED STATES ATTORNEY FOR THE DISTRICT OF UTAH
Street, Apt. No.; or PO Box No.: 185 SOUTH STATE ST. SUITE 300
City, State, ZIP+4: SALT LAKE CITY, UTAH 84111

PS Form 3800, August 2006 See Reverse for Instructions

7007 1490 0004 4792 0556

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

THE UNITED STATES ATTORNEY FOR THE DISTRICT OF UTAH.
185 SOUTH STATE ST. SUITE 300
SALT LAKE City, UTAH
84111

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☒ Yes

2. Article Number
(Transfer from service label) 7007 1490 0004 4792 0556

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

NORTHERN DISTRICT DISTRICT OF UTAH

ARTHUR G. ROSE

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: 1:06-CV-129 TC

DONALD C. WINTER
SECRETARY, DEPARTMENT OF THE NAVY

TO : (Name and address of defendant)

U.S. ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVE. NW.
WASHINGTON, DC 20530-0001

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ARTHUR G. ROSE
1884 EAST 7700 SOUTH
SOUTH WEBER, UT
84405-9409

an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

D. MARK JONES

CLERK

Jan. 29, 2008

DATE

(BY) DEPUTY CLERK

**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

WASHINGTON DC 20530 OFFICIAL USE

7007 1490 0004 4792 0501

| | | |
|---|---|---|
| Postage | $ $4.60 | 0130 |
| Certified Fee | $2.65 | 13 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $9.40 | 01/30/2008 |

Sent To U.S. ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
Street, Apt. No.; or PO Box No. 950 PENNSYLVANIA AVE. N.W.
City, State, ZIP+4 WASHINGTON D.C. 20530-0001

PS Form 3800, August 2006 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVE. N.W.
WASHINGTON, D.C.
20530-0001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☒ Yes

2. Article Number
*(Transfer from service label)* 7007 1490 0004 4792 0501

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

United States District Court
District of Utah
Magistrate Judge David Nuffer
350 South Main Street
Salt Lake City, Utah
84101-2180

Certificate of Service

I CERTIFY THAT MY COMPLAINT AND SUMMONS DOCUMENTS WERE SENT BY UNITED STATES POSTAL SERVICE CERTIFIED MAIL THIS DAY TO EACH OF THE FOLLOWING.

U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave. N.W.
Washington D.C. 20530-0001

State of Utah
Office of the Attorney General
Utah State Capitol Complex
East Office Bldg, Suite 320
Salt Lake City, UT 84114-2320

The United States Attorney for the
District of Utah.
185 South State St. Suite 300
Salt Lake City, Utah
84111

Dr. Donald C. Winter, secretary Department of the Navy
614 Sicard St. SE # 100
Washington Navy Yard, D.C. 20374-5072

Date: January 29, 2008

Arthur G. Rose
1884 East 7700 South
South Weber, Utah 84405-9409

BRETT L. TOLMAN, United States Attorney (#8821)
MAGGIE H. ABUHAIDAR, Assistant United States Attorney (#9203)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR G. ROSE, | | Case No. 1:06CV00129TC |
| Plaintiff, | : | |
| vs. | : | MOTION FOR ENLARGEMENT OF TIME |
| DONALD C. WINTER, Secretary, Department of the Navy, | : | Hon. Tena Campbell |
| Defendant. | : | |

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Defendant Donald C. Winter, Secretary, Department of the Navy ("Defendant"), by and through his counsel, Maggie H. AbuHaidar, Assistant United States Attorney, hereby moves this Court for an order enlarging the time for Defendant to respond to Plaintiff's Complaint. Defendant's response is currently due on April 2, 2008. Defendant hereby requests a 45-day extension of time until May 19, 2008.

The reason for this requested extension is that defense counsel has not yet been able to obtain a copy of the administrative file relating to Plaintiff's pro se employment discrimination claims. Defendant needs the additional time in order to obtain such copy and adequately respond to

Plaintiff's Complaint.

WHEREFORE, Defendant respectfully requests that the filing date for Defendant to respond to Plaintiff's Complaint be extended to May 19, 2008.

DATED this 26th day of March, 2008.

BRETT L. TOLMAN
United States Attorney

/s/ Maggie H. AbuHaidar
MAGGIE H. ABUHAIDAR
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing Motion for Enlargement of Time and Order was sent via certified mail, return receipt requested, to the following on this 26th day of March, 2008.

Arthur G. Rose
Plaintiff Pro Se
1884 East 7700 South
South Weber, UT 84405-9409

/s/ Brooke Wallace

Brooke Wallace
Legal Assistant, USAO

BRETT L. TOLMAN, United States Attorney (#8821)
MAGGIE H. ABUHAIDAR, Assistant United States Attorney (#9203)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

---

| | | |
|---|---|---|
| ARTHUR G. ROSE, | | Case No. 1:06CV00129TC |
| | : | |
| Plaintiff, | | |
| | : | |
| vs. | | PROPOSED ORDER |
| | : | |
| DONALD C. WINTER, Secretary, Department of the Navy, | : | Hon. Tena Campbell |
| Defendant. | : | |

---

Based upon Defendant's Motion for Enlargement of Time and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant may have up to and including May 19, 2008, to respond to Plaintiff's Complaint.

DATED this ______ day of March, 2008.

BY THE COURT:

_________________________________

Honorable Tena Campbell
United States District Judge

BRETT L. TOLMAN, United States Attorney (#8821)
MAGGIE H. ABUHAIDAR, Assistant United States Attorney (#9203)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

---

| | | |
|---|---|---|
| ARTHUR G. ROSE, | | Case No. 1:06CV00129TC |
| Plaintiff, | : | |
| vs. | : | PROPOSED ORDER |
| DONALD C. WINTER, Secretary, Department of the Navy, | : | Hon. Tena Campbell |
| Defendant. | : | |

---

Based upon Defendant's Motion for Enlargement of Time and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant may have up to and including May 19, 2008, to respond to Plaintiff's Complaint.

DATED this 27th day of March, 2008.

BY THE COURT:

[signature]

Honorable XXXXXXXXXX David Nuffer
United States XXXXXXXXXX Magistrate Judge

BRETT L. TOLMAN, United States Attorney (#8821)
MAGGIE H. ABUHAIDAR, Assistant United States Attorney (#9203)
Attorneys for Defendants
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

---

| | | |
|---|---|---|
| ARTHUR G. ROSE,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD C. WINTER, Secretary, Department of the Navy,<br><br>Defendant. | :<br>:<br>:<br>:<br>: | CASE No. 1:06cv00129TC<br><br>DECLARATION OF MARVIN N. POWERS<br><br>Hon. Tena Campbell<br>Magistrate Judge David Nuffer |

---

I, Marvin N. Powers, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am a Human Relations Technician with the Department of the Navy currently employed at the Human Resources Service Center, Southwest, in San Diego, California. The Human Resources Service Center, Southwest, is the official Navy repository for personnel records of employees in the Southwest United States. I have access to all the personnel files maintained by our organization.

2. On May 14, 2008 I searched our computer records for the official personnel file of Arthur G. Rose, SSN [redacted]-6718.

3. Our computer records show that Mr. Rose separated from the Department of the Navy by retirement on August 29, 1997. Attached to this declaration as Exhibit 1 is a true and correct copy of the computer screenshot showing his separation by retirement.

4. Our computer records also show that in February of 2004 Mr. Rose's official personnel files were sent from the Human Resources Service Center, Southwest, to the National Personnel Records Center in St. Louis, Missouri. Attached to this declaration as Exhibit 2 is a true and correct copy of the computer screenshot showing the transfer of his records.

5. On May 15, 2008 I checked our physical files. I could not find the official personnel file for Mr. Rose in our files. I also checked our shipping records. Attached to this declaration as Exhibit 3 is a copy of the shipping record showing the shipment of Mr. Rose's official personnel file to the National Personnel Records Center.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 15 day of May, 2008.

Marvin N. Powers

Marvin N. Powers


Mail
Inbox (1)
Unread Mail
For Follow Up
Sent Items
All Mail Folders
Cancel
OK
General | Current Status | Memo | Cross Reference
File Name :
SSN :
5716
Date of Birth :
Location :
UIC Code :
CCPO-ID
RSC-HRO-EMP
Record Type:
Separation Choices
Retired
Resigned
Terminated
Transferred
Death
Separation DATE
8/29/1997
Record Will Be Changed
Marvin Powers
Browsing MASTER Records
2:42:29PM
User: Marvin Powers
Level 8
transmission may contain material
covered by the Privacy Act of 1974 and IAW DoD
5400.11R and should be viewed
only by personnel having an official "need to
know." If you are not the
intended recipient, be aware that any disclosure,
copying, distribution or

**Exhibit 1**


Mail
Cancel
OK
General | Current Status Memo | Cross Reference
NPRC 02/04-AMC
Alphabe
Browsing MASTER Records
User: Marvin Powers
Level: 8
transmission may contain material
covered by the Privacy Act of 1974 and IAW DoD
5400.11R and should be viewed
This document was sent to the printer
Document name: Microsoft Word - Document1
Total pages: 1

Exhibit 2

| BDA | EMPLOYEE NAME | SSN | UIC | SEP DATE |
|---|---|---|---|---|
| PY | RIDDLE KAY A | | 68370 | 05/01/03 |
| PN | RIEBE RICHARD L | | 65888 | 09/01/03 |
| PR | RILLING DENNIS C | | 42200 | 05/30/03 |
| PK | RINKES ROY M II | | 67399 | 09/30/03 |
| PY | RISSINGER TODD K | | 68524 | 10/24/03 |
| PN | RIVERA BOBBI I | | 57100 | 08/08/03 |
| PP | RIVERA MANUEL P | | 69232 | 06/30/03 |
| QH | RIZZO JOSEPH J | | 62271 | 08/29/03 |
| PM | ROBERTS LYNN A | | 63042 | 05/09/03 |
| PX | ROBERTSON JOHN W | | 63394 | 07/29/03 |
| PX | ROBINSON BRADFORD A | | 63394 | 07/25/03 |
| P5 | ROBINSON DAVID J | | 65918 | 04/18/03 |
| PM | ROBINSON MARY E | | 09520 | 07/02/03 |
| P2 | ROCKWELL HARRY C | | 47615 | 07/03/03 |
| PK | RODRIGUEZ PATRICIA A | | 67865 | 05/16/03 |
| QH | ROGERS JOSEPH M | | 62271 | 09/20/03 |
| P0 | ROLLINS RICKY T | | 60530 | 06/16/03 |
| PR | ROLLINS THERESA E | | 66001 | 07/23/03 |
| PY | ROM MARGARET T | | 69206 | 08/08/03 |
| PK | ROMERO CESAR G | | 00681 | 06/05/03 |
| P2 | ROMANI DOROTHY A | | 47615 | 08/01/02 |
| PY | ROMERO MARTHA B | | 62383 | 04/01/03 |
| PR | RONQUE TOMMY R | | 66001 | 10/18/03 |
| PK | ROSE ARTHUR G | -6716 | 60259 | 08/29/97 |
| PR | ROSE JOELLE M | | 66001 | 08/03/03 |
| PY | ROSE MARCELLA J | | 69206 | 09/30/03 |
| PR | ROSE STEVE A | | 66001 | 07/09/03 |
| P0 | ROSEMAN THOMAS W | | 60530 | 09/30/03 |
| P0 | ROSS DORIS I | | 63126 | 09/30/03 |
| PY | ROSS RICKY W | | 0388A | 08/08/03 |
| P0 | ROWAN NICHOLAS L | | 60530 | 05/30/03 |
| P0 | ROWELL TERESA A | | 60530 | 09/30/03 |
| PN | ROWLEY KEITH L | | 65888 | 04/25/03 |
| PY | ROYALE PAMELA T | | 3487B | 06/28/03 |
| PR | RUBALCAVA JESSIE JAMES | | 42200 | 10/10/03 |
| P5 | RUDD JIMMY V | | 00242 | 07/01/03 |
| PR | RUDOCK TANIA A | | 00039 | 07/11/03 |
| PK | RUGGIERO JR OSCAR D | | 00681 | 08/29/03 |
| PK | RUSH RONALD J | | 00681 | 08/29/03 |
| QH | RUSSELL GLORIA E | | 62271 | 08/29/03 |
| PR | RYSDYK ROGER F | | 66001 | 05/31/03 |
| | | | | |
| | | | | |
| | BOX # 31 | | | |
| | | | | |
| | INVENTORIED BY: CARLA RONSAIRO | | DATE: 02/21/04 | |
| | QC'D BY: Ana Carrasco | | DATE: 02/21/04 | |
| | | | | |

Exhibit 3

BRETT L. TOLMAN, United States Attorney (#8821)
MAGGIE H. ABUHAIDAR, Assistant United States Attorney (#9203)
Attorneys for Defendants
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

---

| | | |
|---|---|---|
| ARTHUR G. ROSE,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD G. WINTER, Secretary, Department of the Navy,<br><br>Defendant. | :<br>:<br>:<br>:<br>: | CASE No. 1:06cv00129TC<br><br>FEDERAL DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER<br><br>Hon. Tena Campbell<br>Magistrate Judge David Nuffer |

---

Pursuant to Fed. R. Civ. P. 12(b)(3), Defendant Donald G. Winter, Secretary, Department of the Navy ("the Federal Defendant"), by his attorney, Brett L. Tolman, United States Attorney for the District of Utah (Maggie H. AbuHaidar, Assistant U.S. Attorney, appearing), hereby moves to dismiss the Complaint of Plaintiff Arthur G. Rose ("Plaintiff"), pro se, for improper venue or, alternatively, to transfer the case to a proper judicial district. The grounds for this Motion are that Plaintiff filed his case in the improper venue pursuant to 42 U.S.C. § 2000e-5(f)(3) and, therefore, pursuant to 28 U.S.C. § 1406(a), the Court must dismiss Plaintiff's Complaint or, alternatively, transfer the case to a proper judicial district.

DATED this 19th day of May 2008.

Respectfully submitted,

BRETT L. TOLMAN
United States Attorney

/s/ Maggie H. AbuHaidar
MAGGIE H. ABUHAIDAR
Assistant United States Attorney
Attorneys for Defendants

OF COUNSEL:

Monte E. Crane
Counsel
Department of the Navy
Human Resources Service Center Southwest
525 B Street, Suite 600
San Diego, CA 92101-4418

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing Federal Defendant's Motion to Dismiss or, Alternatively, to Transfer was mailed via certified mail, return receipt requested, to all parties named below, this 19th day of May 2008:

Arthur G. Rose
Plaintiff Pro Se
1884 East 7700 South
South Weber, UT 84405-9409

/s/ Brooke Wallace
Legal Assistant, USAO

BRETT L. TOLMAN, United States Attorney (#8821)
MAGGIE H. ABUHAIDAR, Assistant United States Attorney (#9203)
Attorneys for Defendants
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR G. ROSE,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD G. WINTER, Secretary, Department of the Navy,<br><br>Defendant. | :<br>:<br>:<br>:<br>: | CASE No. 1:06cv00129TC<br><br>MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER<br><br>Hon. Tena Campbell<br>Magistrate Judge David Nuffer |

Defendant Donald G. Winter, Secretary, Department of the Navy ("the Federal Defendant"), respectfully submits this memorandum in support of his Motion to Dismiss for Improper Venue pursuant to Fed. R. Civ. P. 12(b)(3) or, alternatively, to transfer the case to a proper judicial district pursuant to 18 U.S.C. § 1406(a).

## STATEMENT OF THE CASE

Plaintiff Arthur G. Rose ("Plaintiff"), pro se, brings this case under Title VII of the Civil Rights Act of 1964, alleging hostile work environment based on race, color and retaliation. Doc. #1 at p.1, 3. All of the actions upon which Plaintiff bases his claims occurred while he was employed at the Miramar Naval Air Station, in San Diego, California. Id. at p.2, 5-7.

Plaintiff separated from the Department of the Navy by retirement on August 29, 1997. See Declaration of Marvin N. Powers ("Powers Decl.") at ¶3 (a copy of which is attached hereto as Exhibit A). In February 2004, his official personnel file was transferred from San Diego, California to the National Personnel Records Center in St. Louis, Missouri. Id. at ¶4.

Because Plaintiff filed his case in the improper venue, the Federal Defendant respectfully submits this Motion and requests that the Court dismiss Plaintiff's Complaint without prejudice or, alternatively, transfer the case to a proper judicial district.

## DISCUSSION

### Plaintiff's Complaint Should Be Dismissed Based on Improper Venue or, Alternatively, Transferred to a Proper Judicial District.

The basis for federal jurisdiction in this case is federal question jurisdiction based on Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The venue provisions contained in the Civil Rights Act provide, in relevant part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3); see Pierce v. Shorty Small's of Branson, Inc., 137 F.3d 1190, 1191 (10th Cir.1998) (stating that 42 U.S.C.2000e-5(f)(3) is the proper venue provision for Title VII claims).

The District of Utah is not a proper venue under Section 2000e-5(f)(3). First, Utah is not a judicial district "in the State in which the unlawful employment practice is alleged to have been

committed." 42 U.S.C. § 2000e-5(f)(3). Rather, Plaintiff claims that all of the events giving rise to his suit occurred in San Diego, California. Second, Utah is not the judicial district "in which the employment records relevant to such practice are maintained and administered." Id. Plaintiff's official personnel records were maintained in San Diego, California, which is located in the Southern District of California, until February 2004, when they were transferred to St. Louis, Missouri, which is located in the Eastern District of Missouri. Third, Utah is not the judicial district "in which the aggrieved person would have worked but for the alleged unlawful employment practice." Id. Plaintiff worked for the Department of the Navy in San Diego, California, until his retirement in August 1997, and there is no allegation that Plaintiff would (or could) have worked in Utah. Therefore, under Section 2000e-5(f)(3), venue would have been proper in any judicial district in California or in the Eastern District of Missouri, but no allegations in the Complaint or other relevant facts support venue in Utah.

Where improper venue is found, the district court has only two options: (1) dismiss the case; or (2) "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).[1] "[T]he decision of whether to dismiss or transfer lies within the sound discretion of the district court." Pierce, 137 F.3d at 1191. The Federal Defendant respectfully requests that the Court dismiss Plaintiff's Complaint without prejudice pursuant to Fed. R. Civ. P. 12(b)(3). However, if the Court concludes that the "interest of justice" supports transfer of Plaintiff's case rather than dismissal, see generally Minnette v.

---

[1]28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Time Warner, 997 F.2d 1023, 1026-27 (2d Cir. 1993), it can transfer the case to any judicial district in California or to the Eastern District of Missouri.

**CONCLUSION**

For the foregoing reasons, the Federal Defendant respectfully requests that the Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(3). Alternatively, the Federal Defendant respectfully requests that the Court transfer the case to a proper judicial district pursuant to 18 U.S.C. § 1406(a).

DATED this 19th day of May 2008.

Respectfully submitted,

BRETT L. TOLMAN
United States Attorney

/s/ Maggie H. AbuHaidar
MAGGIE H. ABUHAIDAR
Assistant United States Attorney
Attorneys for Defendants

OF COUNSEL:

Monte E. Crane
Counsel
Department of the Navy
Human Resources Service Center Southwest
525 B Street, Suite 600
San Diego, CA 92101-4418

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing Memorandum in Support of Federal Defendant's Motion to Dismiss or, Alternatively, to Transfer was mailed via certified mail, return receipt requested, to all parties named below, this 19th day of May 2008:

Arthur G. Rose
Plaintiff Pro Se
1884 East 7700 South
South Weber, UT 84405-9409

/s/ Brooke Wallace
Legal Assistant, USAO

# EXHIBIT A

BRETT L. TOLMAN, United States Attorney (#8821)
MAGGIE H. ABUHAIDAR, Assistant United States Attorney (#9203)
Attorneys for Defendants
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

---

| | | |
|---|---|---|
| ARTHUR G. ROSE, | | CASE No. 1:06cv00129TC |
| | : | |
| Plaintiff, | | |
| | : | |
| vs. | | DECLARATION OF |
| | : | MARVIN N. POWERS |
| DONALD C. WINTER, Secretary, Department of the Navy, | : | |
| | | Hon. Tena Campbell |
| Defendant. | : | Magistrate Judge David Nuffer |

---

I, Marvin N. Powers, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am a Human Relations Technician with the Department of the Navy currently employed at the Human Resources Service Center, Southwest, in San Diego, California. The Human Resources Service Center, Southwest, is the official Navy repository for personnel records of employees in the Southwest United States. I have access to all the personnel files maintained by our organization.

2. On May 14, 2008 I searched our computer records for the official personnel file of Arthur G. Rose, SSN [redacted]6718.

3. Our computer records show that Mr. Rose separated from the Department of the Navy by retirement on August 29, 1997. Attached to this declaration as Exhibit 1 is a true and correct copy of the computer screenshot showing his separation by retirement.

4. Our computer records also show that in February of 2004 Mr. Rose's official personnel files were sent from the Human Resources Service Center, Southwest, to the National Personnel Records Center in St. Louis, Missouri. Attached to this declaration as Exhibit 2 is a true and correct copy of the computer screenshot showing the transfer of his records.

5. On May 15, 2008 I checked our physical files. I could not find the official personnel file for Mr. Rose in our files. I also checked our shipping records. Attached to this declaration as Exhibit 3 is a copy of the shipping record showing the shipment of Mr. Rose's official personnel file to the National Personnel Records Center.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 15 day of May, 2008.

Marvin N. Powers

Marvin N. Powers


Mail
Cancel
OK
General | Current Status | Memo | Cross Reference |
Alphabe
File Name : [redacted]
SSN : [redacted] 6716
Date of Birth :
Record Will Be Changed by Marvin Powers
Location : miramar
UIC Code : 60259
CCPO-ID PK RSC-HRO-EMP
Record Type: 9
Separation Choices
Retired
Resigned
Terminated
Transfered
Death
Verify SSN
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
Separation DATE
8/29/1997
Browsing MASTER Records
2:42:23PM
User: Marvin Powers
Level 8
at this morning for pay
ONLY - this transmission may contain material covered by the Privacy Act of 1974 and IAW DoD 5400.11R and should be viewed only by personnel having an official "need to know." If you are not the intended recipient, be aware that any disclosure, copying, distribution or
OPF Transfers (1305)
Realignments (2)
Receptionist Relief
Security (6)
Supplies (29)

Exhibit I


Mail
Cancel
OK
General | Current Status Memo | Cross Reference |
NPRC 02/04-AMC
284286716
Alphab
HATC
DUEY
PITT
HUBE
TOTH
FETZ
BORK
BRUN
ROGE
TOLE
BUFO
WARL
ROBI
MORO
DEEM
WILL
NPRC
Browsing MASTER Records
2:43:23PM
User: Marvin Powers
Level: 8
t this morning for pay
hwest
ONLY - this
transmission may contain material
covered by the Privacy Act of 1974 and IAW DoD
5400.11R and should be viewed
any disclosure,
This document was sent to the printer
Document name: Microsoft Word - Document1
Time sent: 14:38:56 5/14/2008
Total pages: 1
Inbox (1)
Unread Mail
For Follow Up
Sent Items
Holding
OPF Transfers (1305)
Realignments (2)
Receptionist Relief
Replies to opf requests (36
Security (6)
Supplies (29)

Exhibit 2

| BDA | EMPLOYEE NAME | SSN | UIC | SEP DATE |
|---|---|---|---|---|
| PY | RIDDLE KAY A | | 68370 | 05/01/03 |
| PN | RIEBE RICHARD L | | 65888 | 09/01/03 |
| PR | RILLING DENNIS C | | 42200 | 05/30/03 |
| PK | RINKES ROY M II | | 67399 | 09/30/03 |
| PY | RISSINGER TODD K | | 68524 | 10/24/03 |
| PN | RIVERA BOBBI I | | 57100 | 08/08/03 |
| PP | RIVERA MANUEL P | | 69232 | 06/30/03 |
| QH | RIZZO JOSEPH J | | 62271 | 08/29/03 |
| PM | ROBERTS LYNN A | | 63042 | 05/09/03 |
| PX | ROBERTSON JOHN W | | 63394 | 07/29/03 |
| PX | ROBINSON BRADFORD A | | 63394 | 07/25/03 |
| P5 | ROBINSON DAVID J | | 65918 | 04/18/03 |
| PM | ROBINSON MARY E | | 09520 | 07/02/03 |
| P2 | ROCKWELL HARRY C | | 47615 | 07/03/03 |
| PK | RODRIGUEZ PATRICIA A | | 67865 | 05/16/03 |
| QH | ROGERS JOSEPH M | | 62271 | 09/20/03 |
| P0 | ROLLINS RICKY T | | 60530 | 06/16/03 |
| PR | ROLLINS THERESA E | | 66001 | 07/23/03 |
| PY | ROM MARGARET T | | 69206 | 08/08/03 |
| PK | ROMERO CESAR G | | 00681 | 06/05/03 |
| P2 | ROMANI DOROTHY A | | 47615 | 08/01/02 |
| PY | ROMERO MARTHA B | | 62383 | 04/01/03 |
| PR | RONQUE TOMMY R | | 66001 | 10/18/03 |
| PK | ROSE ARTHUR G | -6716 | 60259 | 08/29/97 |
| PR | ROSE JOELLE M | | 66001 | 08/03/03 |
| PY | ROSE MARCELLA J | | 69206 | 09/30/03 |
| PR | ROSE STEVE A | | 66001 | 07/09/03 |
| P0 | ROSEMAN THOMAS W | | 60530 | 09/30/03 |
| P0 | ROSS DORIS I | | 63126 | 09/30/03 |
| PY | ROSS RICKY W | | 0388A | 08/08/03 |
| P0 | ROWAN NICHOLAS L | | 60530 | 05/30/03 |
| P0 | ROWELL TERESA A | | 60530 | 09/30/03 |
| PN | ROWLEY KEITH L | | 65888 | 04/25/03 |
| PY | ROYALE PAMELA T | | 3487B | 06/28/03 |
| PR | RUBALCAVA JESSIE JAMES | | 42200 | 10/10/03 |
| P5 | RUDD JIMMY V | | 00242 | 07/01/03 |
| PR | RUDOCK TANIA A | | 00039 | 07/11/03 |
| PK | RUGGIERO JR OSCAR D | | 00681 | 08/29/03 |
| PK | RUSH RONALD J | | 00681 | 08/29/03 |
| QH | RUSSELL GLORIA E | | 62271 | 08/29/03 |
| PR | RYSDYK ROGER F | | 66001 | 05/31/03 |
| | | | | |
| | | | | |
| | BOX # 31 | | | |
| | | | | |
| | INVENTORIED BY: CARLA RONSAIRO | | DATE: 02/21/04 | |
| | QC'D BY: Ana Carrasco | | DATE: 02/21/04 | |
| | | | | |
| | | | | |

Exhibit 3

BRETT L. TOLMAN, United States Attorney (#8821)
MAGGIE H. ABUHAIDAR, Assistant United States Attorney (#9203)
Attorneys for Defendants
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR G. ROSE,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD G. WINTER, Secretary, Department of the Navy,<br><br>Defendant. | :<br>:<br>:<br>:<br>: | CASE No. 1:06cv00129TC<br><br>FEDERAL DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER<br><br>Hon. Tena Campbell<br>Magistrate Judge David Nuffer |

Pursuant to Fed. R. Civ. P. 12(b)(3), Defendant Donald G. Winter, Secretary, Department of the Navy ("the Federal Defendant"), by his attorney, Brett L. Tolman, United States Attorney for the District of Utah (Maggie H. AbuHaidar, Assistant U.S. Attorney, appearing), hereby moves to dismiss the Complaint of Plaintiff Arthur G. Rose ("Plaintiff"), pro se, for improper venue or, alternatively, to transfer the case to a proper judicial district. The grounds for this Motion are that Plaintiff filed his case in the improper venue pursuant to 42 U.S.C. § 2000e-5(f)(3) and, therefore, pursuant to 28 U.S.C. § 1406(a), the Court must dismiss Plaintiff's Complaint or, alternatively, transfer the case to a proper judicial district.

DATED this 19th day of May 2008.

Respectfully submitted,

BRETT L. TOLMAN
United States Attorney

/s/ Maggie H. AbuHaidar
MAGGIE H. ABUHAIDAR
Assistant United States Attorney
Attorneys for Defendants

OF COUNSEL:

Monte E. Crane
Counsel
Department of the Navy
Human Resources Service Center Southwest
525 B Street, Suite 600
San Diego, CA 92101-4418

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing Federal Defendant's Motion to Dismiss or, Alternatively, to Transfer was mailed via certified mail, return receipt requested, to all parties named below, this 19th day of May 2008:

Arthur G. Rose
Plaintiff Pro Se
1884 East 7700 South
South Weber, UT 84405-9409

/s/ Brooke Wallace
Legal Assistant, USAO

Arthur G. Rose
1884 East 7700 South
South Weber UT 84405

FILED
U.S. DISTRICT COURT
2008 JUN 20 P 1:53
DISTRICT OF UTAH
BY: ____________
DEPUTY CLERK

United States District Court
District of Utah

| | |
|---|---|
| Arthur G. Rose,<br>Plaintiff,<br>vs.<br>Donald C Winter,<br>Defendant | Civil No. 1:06 CV 129 TC<br><br>Plaintiff's Response to Motion to Dismiss<br><br>Plaintiff's Response to Motion to Change Venues |

## INTRODUCTION

Due to failure of the Defendant to properly serve Plaintiff with copie(s) of the Motion to Dismiss and Motion To Change Venues, it is impossible to address whatever argument is being made to request such motions within the time frame permitted by the Court.

## TIMELY FILING OF CIVIL ACTION

Civil action was filed within the allowed ninety (90) calendar day time frame after the Appeal before the U.S. Equal Employment Opportunity Commission was denied. Defendant(s) were served in accordance to the Rule 4 of the Federal Rules of Civil Procedure.

## CAUSE OF ACTION

Count I: Plaintiff was discriminated against in reprisal for prior EEO activity when a promotion was delayed from August 31, 1993 to January 24, 1994. Plaintiff requests the Court to review the Complaint and report from the Department of Defense, Complaints Investigator, Dorothy M. Lockard.

Count II: Plaintiff was continually harassed by being placed on Saturday and evening workshifts from January 1993 to May 1993. Plaintiff requests the Court to review the report from the Department of Defense, Complaints Investigator, Dorothy Lockard, who found Plaintiff had established prima facie for this complaint.

Count III: Plaintiff's requests for leave were singled out and disapproved in retaliation by the supervisor who's position was the subject of Plaintiff's prior EEO complaint. Plaintiff requests the Court to review the sworn deposition of Lawrence Murphy.

Count IV: Plaintiff was counseled on unsubstantiated allegations in March 1993 in reprisal for prior EEO complaint. Plaintiff requests the Court review the Department of Defense Investigator report that found Plaintiff had established prima facie for this complaint.

Count V: In reprisal for prior EEO activity, Plaintiff was assigned to work under a supervisor from March 1993 to June 1993, who's position was the subject of a prior EEO complaint. Plaintiff requests the Court to consider that in February 1993 an arbitrator ruled in favor of Plaintiff's grievance that he should have been promoted to supervisor instead of the person awarded the position.

Count VI: In November 1993, Plaintiff was subject to harassment in reprisal for prior EEO activity when management refused to correct a situation in which Plaintiff was being harassed by other employees. Plaintiff requests the Court consider management's refusal to rectify the situation.

Count VII: March 28, 1995 Plaintiff was subject to harassment in reprisal when he was issued a Letter of Instruction ordering him not to contact Mr. Max Brown, his EEO representative. Plaintiff considers the letter an attempt to limit Plaintiff's choice of representation in the protection of his rights and responsibilities in prior EEO complaints. Plaintiff requests the Court to consider this Letter of Instruction and orders not to contact Plaintiff's EEO

representative as a direct conflict with the Notice of Rights and Responsibilities, Section 6 (Exhibit VI) which states that "in presenting or processing a discrimination complaint, you will be free from restraint, interference, coercion, harassment, discrimination, and reprisal."

<u>Count VIII:</u> In August 1995, Plaintiff was harassed in reprisal for prior EEO activity when derogatory comments were made on Plaintiff's performance evaluation covering the period of July 15, 1994 to July 14, 1995. In addition, the evaluation period was not adhered to according to NAS Miramar Instructions. Plaintiff requests the Court to review The NAS Miramar Instructions 12430.3C and 12430.3C Change Transmittal that clearly states that the evaluation period be from 15 July - 14 July. In Plaintiff's performance evaluation of 1995 (PARS), in violation of the NAS Miramar Instructions, information outside the period of performance was used by Mr. Lawrence Murphy changed Plaintiff's PARS rating to Level 3 from the Level 4 rating given to him by his immediate supervisor, Mr. Lawrence Bergman. This was confirmed by the sworn deposition of Mr. Lawrence Murphy dated February 11, 2002. It was only changed by Mr. Lawrence Bergman after a grievance was filed by the Plaintiff. The derogatory comments on the PARS were unfair and Mr. Murphy had been advised by the manager of the Human Resource Office that the comments were inappropriate and should be removed.

<u>Count IX:</u> Plaintiff was discriminated in reprisal for prior EEO activity when a Letter of Reprimand issued by the Plaintiff to a subordinate was cancelled instead of being supported by the Assistant Fuels Director, Lawrence Bergman. Plaintiff requests the Court to consider that On May 10, 1995 and within Plaintiff's right as Supervisor, a Letter of Reprimand was issued to subordinate employee, Michael K. Studley for Disrespectful Conduct. Mr. Studley filed a grievance for this action. The Assistant Fuels Director, Mr. Lawrence Bergman spoke to Ms. Sally Grant in the Human Resource Office who

confirmed that the Plaintiff was within his rights as Supervisor and had not jumped the chain of command in issuing the Letter of Reprimand. Mr. Bergman conceded that if the matter had been handled at the Division Level, although he would not have issued the Letter of Reprimand, there would have been at the very least a verbal warning and documentation. The Letter of Reprimand was cancelled and the subordinate received no consequence for his disrespectful conduct.

**SUMMARY**

Plaintiff suffered from continued harassment and retaliation that caused emotional distress to himself and his family and compromised his quality of life. Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied. Additionally, the Plaintiff followed all rules applicable to the filing of the Complaint in the United States District Court, District of Utah and respectfully requests the Motion to Change Venue also be denied. To change venue or location would cause significant financial hardship on the Plaintiff.

Dated this June 19, 2008

Arthur G. Rose

Arthur G. Rose

United States District Court
District of Utah
Magistrate Judge David Nuffer
350 South Main Street
Salt Lake City Utah
84101-2180

**CERTIFICATE OF SERVICE**

**I CERTIFY THAT THE PLAINTIFF'S RESPONSE TO MOTION TO DISMISS AND MOTION TO CHANGE VENUE WERE SENT BY UNITED STATES POSTAL SERVICE TO EACH OF THE FOLLOWING:**

**Dr.Donald C. Winter, Secretary**
**Department of the Navy**
**614 Sicard St. Ste #100**
**Washington D.C. 20374-5072**

**The United States Attorney for**
**The District of Utah**
**185 South State St. Ste 300**
**Salt Lake City UT 84111**

**State of Utah**
**Office of the Attorney General**
**Utah State Capitol Complex**
**East Office Bldg, Suite 320**
**Salt Lake City UT 84114-2320**

**U.S. Attorney General**
**U.S. Department of Justice**
**950 Pennsylvania Ave. NW**
**Washington D.C. 20530-0001**

**Date: June 19, 2008**

Arthur G. Rose

**Arthur G. Rose**
**1884 East 7700 South**
**South Weber UT 84405-9409**

Arthur G. Rose
1884 East 7700 South
South Weber UT 84405

FILED
U.S. DISTRICT COURT
2008 JUL -9 P 4:19
DISTRICT OF UTAH
BY: DEPUTY CLERK

United States District Court
District of Utah

| | |
|---|---|
| Arthur G. Rose, Plaintiff, vs. Donald C Winter, Defendant | Civil No. 1:06 CV 129 TC<br>Plaintiff's Response to Motion to Dismiss or Alternatively, to Transfer |

## INTRODUCTION

The original complaint(s) that preceded this Civil Action occurred fifteen (15) years ago. While the Defendant can continue to delay the resolution of the complaint indefinitely, the Plaintiff, who is in his mid 70's and experiences the health issues common to people his age, respectfully requests the Court to exercise it's broad discretion and deny Defendant's Motion to Dismiss, and deny the Motion to Transfer as it relates to the venue of the Complaint and allow the trial to proceed as filed, in the United States District Court, District of Utah.

## TIMELY FILING OF CIVIL ACTION

Civil action was filed within the allowed ninety (90) calendar day time frame after the Appeal before the U.S. Equal Employment Opportunity Commission was denied. Defendant(s) were served in accordance to the Rule 4 of the Federal Rules of Civil Procedure.

## SUMMARY

Plaintiff retired from Civil Service at NAS Miramar, San Diego, California years earlier than planned due to continued harassment and retaliation in his workplace that caused emotional distress and compromised his quality of life. Plaintiff relocated to South Weber, Utah to be with family that had also relocated to Utah years before.

Plaintiff lives on a fixed income of his retirement pay and social security. A change of venue to either San Diego, California or to St. Louis, Missouri would place the Plaintiff in a position of substantial financial hardship due to travel, temporary living accommodations and the care required at his home in Utah. Because of the Plaintiff's desire for justice to be served, granting either Motion would present a financial hardship from which the Plaintiff would not be able to recover.

Plaintiff endured years of harassment and retaliation at his workplace, followed by additional years of delays and postponements by the Defendant in hopes of "running out the clock" on Plaintiff due to his advanced age. Defendant is using delaying tactics and procedural arguments to prevent the Plaintiff from having his day in Court. All the Plaintiff desires is to have his case heard in a Court of Law.

Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied. Additionally, the Plaintiff followed all rules applicable to the filing of the Complaint in the United States District Court, District of Utah and respectfully requests the Motion to Change Venue also be denied.

Dated this July 7, 2008

Arthur G. Rose

United States District Court
District of Utah
Magistrate Judge David Nuffer
350 South Main Street
Salt Lake City, Utah 84101-2180

**CERTIFICATE OF SERVICE**

**I certify that the Plaintiff's Response to Motion To Dismiss and Motion to Change Venue/Transfer were sent by United States Postal Service to each of the following:**

**Dr. Donald C. Winter, Secretary**
**Department of the Navy**
**614 Sicard St., Ste #100**
**Washington D.C. 20374-5072**

**The United States Attorney for**
**The District of Utah**
**185 South State St., Ste 300**
**Salt Lake City, UT 84111**

**State of Utah**
**Office of the Attorney General**
**Utah State Capitol Complex**
**East Office Bldg, Ste 320**
**Salt Lake City, UT 84114-2320**

**U.S. Attorney General**
**U.S. Department of Justice**
**950 Pennsylvania Ave. NW**
**Washington D.C. 20530-0001**

**Date: July 7, 2008**

Arthur G. Rose

**Arthur G. Rose**
**1884 East 7700 South**
**South Weber UT 84405-9409**

BRETT L. TOLMAN, United States Attorney (#8821)
MAGGIE H. ABUHAIDAR, Assistant United States Attorney (#9203)
Attorneys for Defendants
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

---

| | | |
|---|---|---|
| ARTHUR G. ROSE,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD G. WINTER, Secretary, Department of the Navy,<br><br>Defendant. | :<br>:<br>:<br>:<br>: | CASE No. 1:06cv00129TC<br><br>REPLY MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER<br><br>Hon. Tena Campbell<br>Magistrate Judge David Nuffer |

---

Defendant Donald G. Winter, Secretary, Department of the Navy ("the Federal Defendant"), respectfully submits this reply memorandum in further support of his motion to dismiss the pro se complaint of Plaintiff Arthur G. Rose ("Plaintiff") for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or, alternatively, to transfer the case to a proper judicial district pursuant to 18 U.S.C. § 1406(a).

## DISCUSSION

**Plaintiff's Complaint Should Be Dismissed Based on Improper Venue or, Alternatively, Transferred to a Proper Judicial District.**

In his opening memorandum, the Federal Defendant argued that the District of Utah is not a proper venue for Plaintiff's Title VII claims under 42 U.S.C. § 2000e-5(f)(3), because Utah is

not (1) a judicial district "in the State in which the unlawful employment practice is alleged to have been committed"; (2) the judicial district "in which the employment records relevant to such practice are maintained and administered"; or (3) the judicial district "in which the aggrieved person would have worked but for the alleged unlawful employment practice." (Doc. #21 at 2-3.) Although venue would have been proper in any judicial district in California or in the Eastern District of Missouri, no allegations in the Complaint or other relevant facts support venue in Utah. (Id.) Because this district is not a proper venue, the Court must either dismiss the case or transfer the case to a proper venue "in the interest of justice." 28 U.S.C. § 1406(a).

In his opposition memorandum, Plaintiff fails to establish, or even argue, that the District of Utah is a proper venue under the provisions of Section 2000e-5(f)(3). He does not–and cannot–argue that any events giving rise to his suit occurred in Utah, that his official personnel records are maintained in Utah, or that he would have worked in Utah but for the alleged unlawful harassment and retaliation. (Doc. #27 at 2; see also id. (stating that he moved from California to Utah "to be with family").) Rather, Plaintiff argues that the Federal Defendant's motion should be denied based on his age and limited financial resources. (Doc. #27 at 1-2.) However, Plaintiff cites and the Federal Defendant has found no caselaw recognizing a hardship exception to the Title VII venue provisions. See Dubnick v. Firestone Tire & Rubber Co. of Calif., 355 F. Supp. 138, 140-42 (E.D.N.Y. 1973) (granting defendant's motion to transfer to California and rejecting EEOC's argument against transfer based, in part, on hardship of litigating in court 3000 miles away). Rather, where as here venue is improper, Section 1406(a) provides that the court "shall dismiss, or if it be in the interest of justice, transfer . . . ." 28 U.S.C. § 1406(a) (emphasis added).

**CONCLUSION**

For the foregoing reasons and the reasons stated in his opening memorandum, the Federal Defendant respectfully requests that the Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(3) or, alternatively, transfer the case to a proper judicial district pursuant to 18 U.S.C. § 1406(a).

DATED this 16th day of July 2008.

Respectfully submitted,

BRETT L. TOLMAN
United States Attorney

/s/ Maggie H. AbuHaidar
MAGGIE H. ABUHAIDAR
Assistant United States Attorney
Attorneys for Defendants

OF COUNSEL:

Monte E. Crane
Counsel
Department of the Navy
Human Resources Service Center Southwest
525 B Street, Suite 600
San Diego, CA 92101-4418

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing Reply Memorandum in Support of Federal Defendant's Motion to Dismiss or, Alternatively, to Transfer was mailed via **certified mail, return receipt requested,** to all parties named below, this 16th day of July 2008:

Arthur G. Rose
Plaintiff Pro Se
1884 East 7700 South
South Weber, UT 84405-9409

/s/ Brooke Winters
Legal Assistant, USAO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARTHUR G. ROSE<br><br>Plaintiff,<br><br>vs.<br><br>DONALD WINTER, Secretary, Department of the Navy,<br><br>Defendant. | MEMORANDUM DECISION and REPORT AND RECOMMENDATION<br><br>Case No: 1:06-cv-129 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Defendant Donald Winter, Secretary, Department of the Navy, moves this court to dismiss this action for improper venue, or alternatively, transfer this case to the proper judicial district.[1] District Judge Tena Campbell referred this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) Shepardize to manage the case and submit a report and recommendation for the proper resolution of all dispositive matters presented.[2]

**REPORT**

Defendant Winter argues that Mr. Rose filed this case in the improper venue because all of the claims contained in the complaint occurred while Rose was employed at the Miramar

[1] Federal Defendant's Motion to Dismiss or, Alternatively, to Transfer, docket no. 22, filed May 19, 2008.

[2] Order of Reference, docket no. 5, filed October 13, 2006.

Naval Air Station, in San Diego, California.[3] Rose concedes that the actions giving rise to the complaint occurred while stationed in San Diego.[4] Yet he contends that granting either motion would create a financial hardship for him.[5]

This case is based upon federal question jurisdiction with Rose alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e Shepardize , *et seq*. The Civil Rights Act venue provisions provide:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.[6]

Considering the venue provisions in the order listed in the statute, it is apparent that venue is not proper in this district. California, not Utah, is the "State in which the unlawful employment practice is alleged to have been committed."[7] Additionally, the relevant employment records are not maintained or administered in Utah. The relevant records were

---

[3]Memorandum in Support of Federal Defendant's Motion to Dismiss or, Alternatively, to Transfer (Memo in Support) at 1-2, docket no. 21, filed May 19, 2008.

[4]Plaintiff's Response to Motion to Dismiss or Alternatively, to Transfer (Response) at 2, docket no. 27, filed July 9, 2008.

[5]*Id.*

[6]42 U.S.C. § 2000e-5(f)(3) Shepardize .

[7]*Id.*

maintained in the Southern District of California until February 2004, "when they were transferred to St. Louis, Missouri, which is located in the Eastern District of Missouri."[8] Finally, Rose worked for the Department of the Navy in San Diego, California until he retired in 1997. He then "relocated to South Weber, Utah to be with family that had also relocated to Utah years before."[9] The complaint contains no allegations that Rose would have - or could have - worked in Utah while employed by the Navy. Consequently, none of the allegations raised in the complaint support venue in Utah. Under 42 U.S.C. § 2000e-5(f)(3) Shepardize , the proper venue for this case is in the Eastern District of Missouri or any judicial district in California.

Under 28 U.S.C. § 1406(a) Shepardize ,[10] once the court determines that venue is improper, it has two options: (1) dismiss the case, or (2) transfer the case to the district in which it could have been brought. In this case, dismissal would be a drastic remedy. Therefore, the court recommends that, in the interest of justice, the case be transferred to the Southern District of California.

## RECOMMENDATION

All allegations contained in this civil rights complaint took place while Rose was employed by the Department of Navy in San Diego, California. Therefore, venue in the District of Utah is improper. In the interest of justice, the magistrate judge recommends that the case be transferred to the Southern District of California.

---

[8]Memo in Support at 3.

[9]Response at 2.

[10]"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) Shepardize .

## NOTICE TO THE PARTIES

Within 10 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

July 17, 2008.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

FILED
U.S. DISTRICT COURT
2008 AUG -7 A 10: 37
DISTRICT OF UTAH
BY: ________
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR G. ROSE,<br>Plaintiff,<br><br>vs.<br><br>DONALD WINTER, Secretary, Department of the Navy,<br>Defendant. | ORDER ADOPTING REPORT AND RECOMMENDATION<br><br>Case No. 1:06 CV 129 TC |

Before the court is Defendant's motion to dismiss this action for improper venue or alternatively, transfer this case to the proper judicial district.. The court referred this case to Magistrate Judge David O. Nuffer pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). On July 17, 2008, Judge Nuffer issued his report and recommendation recommending transfer of the case to the Southern District of California on the basis that all allegations contained in the Plaintiff's complaint took place while Plaintiff was employed by the Department of the Navy in San Diego, California.

The parties were given ten days to file objections to the Report and Recommendation and were cautioned that failure to file an objection could constitute waiver thereof upon subsequent review. No objections were filed.

The court, after thorough review of the Report and Recommendation, agrees that Judge

Nuffer's conclusions are correct in all respects, and hereby adopts the United States Magistrate Judge's Report and Recommendation as the order of the court. The clerk of the court is ordered to transfer this case to the Southern District of California.

DATED this 7th day of August, 2008.

BY THE COURT:

Tena Campbell

TENA CAMPBELL
Chief Judge

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
AUG 12 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**I. (a) PLAINTIFFS**
Arthur Rose

**DEFENDANTS**
Donald C. Winter

(b) County of Residence of First Listed Plaintiff **Utah**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pro Se
1884 E 7700 S
S Weber, UT 84405

Attorneys (If Known)
**08 CV 1471 BTM BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- X 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☒ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
**42:1983**
Brief description of cause:
**Civil Rights (Employment Discrimination)**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

# UNITED STATES DISTRICT COURT

Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

August 14, 2008

Plaintiff: Arthur Rose
Pro Se
1884 E 7700 S
S Weber, UT 84405

and

Defendant: Donald C. Winter
Secretary, Department of Navy
U S Attorney CV
U S Attorneys Office Southern District of California
Civil Division
880 Front Street; Suite 6253
San Diego, CA 92101

RE: Rose v. Winter

You are hereby notified that the above entitled case was on 8/07/08 transferred from the United States District Court - Utah to the U.S. District Court, Southern District of California. The case will now contain the case number of the Southern District, and the initial of the assigned Judge. The case has been assigned to Judge Barry Ted Moskowitz, and on all future filings please show the case number as 08cv1471-BTM-BLM.

W. Samuel Hamrick, Jr.
Clerk of Court

By: s/J. Hinkle
Deputy Clerk