# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR G. ROSE,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>RAYMOND E. MABUS, Secretary,<br>Department of the Navy,<br><br>　　　　　　　　　　Defendant. | Case No. 08cv1471 BTM(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE** |

Plaintiff has filed a motion in limine seeking to exclude evidence pertaining to whether Plaintiff timely initiated contact with an EEO counselor as required by 29 C.F.R. § 1614.105(a). For the reasons discussed below, Plaintiff's motion is **DENIED**.

29 C.F.R. § 1614.105(a) provides that an aggrieved person who believes he or she is the victim of discrimination must consult with an EEO counselor prior to filing a complaint in order to try to informally resolve the matter, and must initiate contact with the counselor within 45 days of the matter alleged to be discriminatory. Plaintiff did not initiate contact with an EEO counselor within the 45-day period.

However, Plaintiff contends that Defendant is barred from raising an untimeliness argument now. Plaintiff argues that the EEOC decision on his retaliation claims was a decision on the merits, which implicitly found that Plaintiff's claims were timely. Plaintiff also argues that Defendant waived its untimeliness argument by failing to raise it during the

investigation of his claims. The Court is not persuaded by either argument.

Here, the EEOC decision, which concluded that there was no discrimination or retaliation, did not make any finding regarding whether Plaintiff had complied with 29 C.F.R. § 1614.105(a). In Girard v. Rubin, 62 F.3d 1244, 1247 (9th Cir. 1995), in contrast, the IRS initially dismissed Girard's complaint for untimeliness, and the EEOC Office of Review and Appeals explicitly found that the complaint was timely and remanded the proceedings for an investigation. The IRS did not appeal the decision and began an investigation. Id. The Ninth Circuit held that the EEOC made a *final decision* that Girard's claims were timely and that the effect of the decision was to waive the time requirement for initiating contact with an EEO counselor, and to require a determination of Girard's complaint on the merits. Id.

In this case, there was no final decision with respect to the timeliness of Plaintiff's claims. The EEOC did not address the time requirements of 29 C.F.R. § 1614.105(a) at all. (EEOC Decision, attached to Plaintiff's Motion in limine.) The fact that the EEOC reached the merits of the claims does not mean that the EEOC concluded that the claims were timely. The EEOC may have concluded that it was easier and cleaner to reject all of Plaintiff's retaliation claims on the merits than to determine whether each of the claims was timely. (The Court notes that Plaintiff's retaliation claims were based on various events, which took place at different times.)

As for Defendant's failure to raise the timeliness argument during the investigation of Plaintiff's claims, case law indicates that such a failure is not enough in and of itself to constitute a waiver. In Boyd v. United States Postal Service, 752 F.2d 410, 413 (9th Cir. 1985), the Ninth Circuit conlcuded, "The mere receipt and investigation of a complaint does not waive objection to a complainant's failure to comply with the original filing time limit when the later investigation does not result in an administrative finding of discrimination." The Second Circuit has similarly held that "agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint." Belgrave v. Pena, 254 F.3d 384, 387 (2d Cir. 2001) (internal quotation marks and citation omitted). The Second Circuit explains, "An agency waives a timeliness objection by making *an express*

*finding that the complaint was timely* or *failing to appeal an EEOC determination of timeliness.*" Bruce v. United States Dept. of Justice, 314 F.3d 71, 74 (2d Cir. 2002).

There is no evidence that Defendant made any express finding that Plaintiff's claims were timely.  Furthermore, there was no EEOC determination of timeliness.  Accordingly, there is no basis for finding a waiver of the time requirements of 29 C.F.R. § 1614.105(a), and Plaintiff's motion in limine is **DENIED**.

**IT IS SO ORDERED.**

DATED:  November 29, 2010

*/s/ Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge