# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR G. ROSE,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>RAYMOND E. MABUS, Secretary, Department of the Navy,<br><br>　　　　　　Defendant. | Case No. 08cv1471 BTM(BLM)<br><br>**ORDER REAFFIRMING DENIAL OF PLAINTIFF'S MOTION IN LIMINE** |

On the morning of November 29, 2010, the Court filed an Order Denying Plaintiff's Motion in Limine. Shortly after the Order was filed, Plaintiff submitted to the Court a new document bearing upon the issue – a 1995 EEOC decision. The Court has reconsidered Plaintiff's motion in light of the document and reaffirms its denial of the motion.

**A. The 1995 EEOC Decision**

According to the 1995 EEOC decision, on May 2, 1994, the Navy issued a Final Agency Decision ("FAD") defining the Complaint as alleging that: (1) Plaintiff was harassed by management's delay in timely processing Plaintiff's promotion action to Fuel Distribution System Worker Supervisor; (2) Plaintiff was harassed when someone moved Plaintiff's soda cans from one shelf to another shelf in the office refrigerator; and (3) Plaintiff was harassed when his scheduled leave request for April 1993 was initially granted and then denied two

days before his scheduled absence from work. The Navy accepted allegation 1, dismissed allegation 2 for failure to state a claim, and dismissed allegation 3 on the ground that Plaintiff had failed to timely raise the issue with an EEO counselor.

On appeal to the EEOC, Plaintiff listed various incidents of alleged harassment and discrimination dating from March 1992 until December 1993 and argued that allegation 2 was an example of this pattern of harassment. The Navy responded that Plaintiff had failed to articulate the issues with respect to these other various incidents of harassment and had not identified them clearly enough to be understood during the counseling process. The Navy also indicated that it did not have all the information it needed to adequately address whether Plaintiff's issues should be accepted or dismissed based on the continuing violation theory, and requested a decision by the EEOC on the matter.

Upon review of the record, the EEOC concluded that it could not determine "with the necessary precision" what appellant is alleging. It was unclear to the EEOC what allegations constituted background information and what constituted "live allegations."

Because the Plaintiff's issues were not clearly defined, the EEOC reversed the Navy's dismissal of allegations 2 and 3 and remanded with instructions that the Navy schedule a meeting between Plaintiff and an EEO counselor to define the complaint. The EEOC decision provided: "The agency shall notify appellant in writing of all allegations, if any, it is accepting for investigation. If the agency wishes to dismiss any allegations, then it must issue a FAD doing so. Such a FAD must list all allegations being dismissed and provide the grounds for dismissal."

Counsel for Defendant concedes that upon remand, the allegation regarding the denial of leave was accepted for investigation. Based on the 2003 EEOC decision attached to Plaintiff's motion, it appears that upon remand, Plaintiff's complaint was defined as including claims that Plaintiff was subjected to retaliation for his prior EEO activity when: (1) for the period from February 1993 through January 1994, the Agency delayed the processing of Plaintiff's promotion; (2) for the period from January 1993 through May 1993, the Agency placed Plaintiff on night and Saturday work shifts; (3) in March 1993, the Agency counseled

Plaintiff; (4) for the period from March 1993 through June 1993, Plaintiff was supervised by James Smith, a person identified as a discriminating official in Plaintiff's prior EEO complaint; (5) for the period from March 1993 through June 1993, the Agency directed Plaintiff to work as a dispatcher; (6) and in November 1993, the Agency moved Plaintiff's soda cans from the office refrigerator. It appears that the complaint was also defined to include a claim for hostile work environment on the basis of race or color for the period from March 1993 through May 1993, when the Agency disapproved Plaintiff's requests for leave.

**B. Analysis**

Plaintiff argues that the 1995 EEOC decision establishes that the Navy knowingly waived the 45-day time requirement set forth in 29 C.F.R. § 1614.105(a) with respect to Plaintiff's claim for retaliation based on the denial of his leave requests. The Court disagrees.

Unlike Girard v. Rubin, 62 F.3d 1244, 1247 (9th Cir. 1995), in this case there was no final decision by the EEOC regarding timeliness. In 1995, the EEOC remanded for clarification of the complaint but made no findings regarding whether Plaintiff had complied with the 45-day time requirement. Furthermore, the EEOC did not instruct the agency to dismiss any untimely claims on remand. The EEOC merely instructed, "If the Agency wishes to dismiss any allegations, then it must issue a FAD doing so."

As discussed in the Court's prior order, "The mere receipt and investigation of a complaint does not waive objection to a complainant's failure to comply with the original filing time limit when the later investigation does not result in an administrative finding of discrimination." Boyd v. United States Postal Service, 752 F.2d 410, 413 (9th Cir. 1985). "An agency waives a timeliness objection by making *an express finding that the complaint was timely* or *failing to appeal an EEOC determination of timeliness*." Bruce v. United States Dept. of Justice, 314 F.3d 71, 74 (2d Cir. 2002) (emphasis added). Equating the acceptance and investigation of a complaint with the waiver of any argument that the case is time-barred would "vitiate any incentive for [government] agencies to investigate and voluntarily remedy

instances of discrimination, lest the agencies risk forfeiting a valid defense to a potential suit." Belgrave v. Pena, 254 F.3d 384, 387 (2d Cir. 2001) (internal quotation marks omitted).

Based on the record before the Court (which is minimal with respect to the administrative proceedings), the Court cannot say that the Navy waived the 45-day requirement. Although the Navy had raised the 45-day requirement initially, the Navy may have chosen to refrain from dismissing the claim on remand because of issues relating to the continuing violation theory. The Court notes that the allegation of retaliation based on the processing of Plaintiff's promotion is for the time period from February 1993 through January 1994. There is no evidence regarding the Navy's reasoning for not dismissing the claim, nor is there any evidence establishing that the Navy intended to forego any defense of untimely exhaustion. The Court declines to infer waiver from the mere fact of the Navy's acceptance and investigation of the claim.

**C. Conclusion**

For the reasons discussed above, the Court rejects Plaintiff's argument that the Navy waived the time requirements of 29 C.F.R. § 1614.105(a), and reaffirms the denial of Plaintiff's motion in limine.

**IT IS SO ORDERED.**

DATED: December 13, 2010

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge